IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CENTRAL PROGRESSIVE BANK | PLAINTIFF/COUNTER-DEFENDANT |
| vs. | CAUSE NO. 1:10cv00559-HSO-JMR |
| WILLIAM MICHAEL ADKINSON and ROBERT T. WINDHAM | DEFENDANTS/COUNTER-PLAINTIFFS |
| AND | |
| DAVID E. FLEISHER and LEE F. KENNEDY | DEFENDANTS |

## AMENDED COMPLAINT

COMES NOW Plaintiff/Counter-Defendant, Central Progressive Bank ("CPB" or "Plaintiff"), by and through its undersigned counsel, and files this Amended Complaint against William Michael Adkinson, Robert T. Windham, David E. Fleisher, and Lee F. Kennedy (collectively, "Defendants") and, in support thereof, would show unto the Court as follows:

1. Plaintiff is a lending institution organized and existing pursuant to the laws of the State of Louisiana, having its principal place of business in the State of Louisiana, Parish of St. Tammany.

2. Defendant William Michael Adkinson ("Adkinson") is an adult resident citizen of the State of Florida and may be served with process of this Court in accordance with Federal Rules of Civil Procedure.

3. Defendant Robert T. Windham ("Windham") is an adult resident citizen of the State of Florida and may be served with process of this Court in accordance with Federal Rules of Civil Procedure.

4. Defendant David E. Fleisher ("Fleisher") is an adult resident citizen of the State of Florida and may be served with process of this Court in accordance with Federal Rules of Civil Procedure.

5. Defendant Lee F. Kennedy ("Kennedy") is an adult resident citizen of the State of Florida and may be served with process of this Court in accordance with Federal Rules of Civil Procedure.

6. Mississippi Investors VI, LLC ("Mississippi Investors"), not named as a defendant herein, is a limited liability company organized and existing pursuant to the laws of the State of Mississippi, with its principal place of business in the State of Florida.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship between CPB, on the one hand, and Defendants, on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over all Defendants. Defendants have each entered into a loan transaction the subject of which involved real property in Stone County, Mississippi.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2). As set forth below, a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property which was the subject of the loan transaction is situated in this district.

10. On or about September 29, 2006, Mississippi Investors, for good and valuable consideration, delivered and executed a Promissory Note ("Note") in favor of and to Double A Firewood, Inc., in the original principal sum of Seven Million Four Hundred Thirty Eight

Thousand Four Hundred and 00/100 Dollars ($7,438,400.00). For good and valuable consideration and by virtue of that certain Endorsement Allonge, dated April 9, 2010, the Note was endorsed to CPB. Plaintiff is the current holder and owner for value of the Note. True and correct copies of said Note and Endorsement Allonge are attached hereto as Exhibit "A" and incorporated by reference fully herein.

    11.    As security for the loan, Mississippi Investors executed and delivered to Thomas M. Matthews, Jr., as Trustee for the benefit of Double A Firewood, Inc. that certain Purchase Money Land Deed of Trust ("Deed of Trust") dated September 29, 2006, filed for record on September 29, 2006, and recorded on October 5, 2006 in Book 270 at Page 606 in the Office of the Chancery Clerk of Stone County, Mississippi. The Deed of Trust covered property in Stone County, Mississippi, as more particularly described therein, as modified pursuant to that certain Partial Release dated February 4, 2009, filed for record on February 4, 2009 and recorded on February 6, 2009, in Book 310 at Page 392, in the office of the Chancery Clerk of Stone County, Mississippi (the "Real Property Collateral"). The Deed of Trust was assigned to Plaintiff by virtue of that Assignment of Purchase Money Land Deed of Trust ("Assignment"), dated April 9, 2010, filed for record on April 12, 2010, and recorded on April 13, 2010 in Book 327 at Page 220 in the Office of the Chancery Clerk of Stone County, Mississippi. True and correct copies of said Deed of Trust and Assignment are attached hereto as Exhibit "B" and incorporated by reference fully herein.

    12.    Each Defendant executed a Continuing Personal Guaranty (collectively, the "Guaranty Agreements") wherein Defendants did absolutely and unconditionally guarantee full and punctual payment and satisfaction of the Indebtedness (as defined therein) of Mississippi Investors to Double A. Firewood, Inc., and the performance and discharge of all Mississippi

Investor's obligations under the Note including, without limitation, principal, interest, attorneys' fees, and all costs of these proceedings. For good and valuable consideration, the Guaranty Agreements were assigned by Double A. Firewood, Inc., to Plaintiff by virtue of that certain Assignment of Personal Guaranties dated April 9, 2010. True and correct copies of the Guaranty Agreements and Assignment of Personal Guaranties are attached hereto as Exhibit "C" and incorporated by reference fully herein.

13. By signing the Guaranty Agreements, Defendants waived, among other things, all notices, including but not limited to notice of default, presentments, protests and demands. The Guaranties further provide that they are continuing under which Defendants agreed to guarantee the full and punctual payment, performance and satisfaction of the Indebtedness of Mississippi Investors, whether now existing or hereafter arising or acquired, on an open and continuing basis.

14. The loan is, and has been, in default for, among other things, failure to make payments as and when due.

15. After such defaults were not cured, and after proper notice, advertisement and posting, the Real Property Collateral was foreclosed on, pursuant to said Deed of Trust, all in accordance with applicable law. CPB was the highest and best bidder for cash and Thomas M. Matthews, Jr., as Trustee, executed a Trustee's Deed, dated April 16, 2010, filed for record on April 16, 2010, and recorded on April 19, 2010, in Book 265 at Page 460 in the Office of the Chancery Clerk of Stone County, Mississippi, conveying the Real Property Collateral unto CPB. A true and correct copy of the Trustee's Deed is attached hereto as Exhibit "D" and incorporated by reference fully herein.

16.     As of December 1, 2010, there remained a deficiency balance of $1,890,684.49, exclusive of attorneys' fees and other costs, with per diem interest continuing to accrue.

17.     Pursuant to the terms of the Note, Plaintiff is entitled to recover reasonable attorneys' fees, costs and expenses associating with collecting this debt.

WHEREFORE, PREMISES CONSIDERED, Central Progressive Bank prays for judgment in its favor and against Defendants William Michael Adkinson, Robert T. Windham, David E. Fleisher, and Lee F. Kennedy, jointly and severally, in the amount of $1,890,684.49, together with interest, costs and expenses, including reasonable attorney's fees, with interest to accrue on said judgment until satisfied and paid, and for such other relief as Central Progressive Bank may be entitled to and as this Court deems just and proper.

RESPECTFULLY SUBMITTED this the 14th day of April, 2011.

**CENTRAL PROGRESSIVE BANK**

By: s/ James J. McNamara, IV
    *One of Its Attorneys*

OF COUNSEL:

James J. McNamara IV (MSB No. 100690)
Laura Ford Rose (MSB No. 102256)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:    (601) 353-3234
Facsimile:    (601) 355-9708
Jim.mcnamara@arlaw.com
Laura.rose@arlaw.com