# COMPOSITE EXHIBIT C

# GUARANTY AGREEMENTS AND ASSIGNMENT TO CPB

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SECOND JUDICIAL DISTRICT

## CONTINUING PERSONAL GUARANTY

In consideration of and inducement to the secured party, Double A. Firewood, Inc., a Mississippi Corporation, hereinafter called "Beneficiary", to give, and continue to give, from time to time, as it sees fit, financial accommodations and credit and to lend money to Mississippi Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter called "Debtor", the undersigned Lee F. Kennedy, hereinafter called "Guarantor" unconditionally guarantees prompt payment to Beneficiary, as the same respectively mature, of all liabilities, direct and contingent, incurred to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, arising or evidenced, including but not limited to, all loans made, or which may be made by Beneficiary to Debtor, all monies paid for the use or for the account of Debtor, and all notes, acceptances, checks and other paper which have been or may be taken, discounted, or issued, for, or at the request of Debtor, whether made, drawn, accepted, endorsed with or without recourse, or not endorsed by Debtor, and all overdrafts of Debtor, and any and all other obligations, of every kind and character, now due, or which may hereafter become due, to Beneficiary from Debtor, regardless of whether other collateral is now held or hereafter acquired with respect thereto, and in the event of default in the payment of any such liability, or any part thereof, or of any and all renewals, changes in or extensions thereof as the same respectively mature, or on the making by Debtor or me of any assignments for the benefit of creditors, or on the filing of any voluntary or involuntary petition in bankruptcy by or against Debtor or me, or on the application for the appointment of a receiver of any of Debtor's or our property, or on any act of bankruptcy or state of insolvency of Debtor or me, all of such obligations and liabilities shall become and be immediately due and payable without demand or notice, and I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.

While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of <u>Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100</u> Dollars (<u>$7,438,400.00)</u> plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.

Notice of any transactions or liabilities of Debtor with or to Beneficiary, whether heretofore, now, or hereafter contracted or incurred with Debtor, if any, and of all other things, demands or notices (except for notices of default) necessary to bind me hereunder, either jointly or severally, are hereby expressly waived. Without limiting the foregoing, notice of the making, renewing or extending of time of payment of any overdrafts, loans, discounts, or other paper or obligation,

and demand, presentment, protest and notice of protest and of non-payment thereof, and notice of acceptance hereof, are expressly waived.

This is a continuing agreement of guaranty and indemnity; Debtor may from time to time pay in full and discharge its liabilities or indebtedness to the Beneficiary, and Beneficiary may at any time after such payment or discharge in full make new and further loans, financial accommodations or credit, to the debtor in reliance upon this agreement, and this agreement shall cover and apply to all such future liabilities or indebtedness until the undersigned have withdrawn from or terminated this agreement by written notice to the Beneficiary as above provided.

The guaranty and indemnity herein made shall inure to the benefit of and be enforceable by any transferee or assignee of the indebtedness, or any part thereof due, or hereafter becoming due, whether heretofore or hereafter contracted, to Beneficiary by Debtor, as fully and completely as to such debt transferred and assigned, as if this agreement had been given directly to such assignee or transferee.

Beneficiary may at any time and from time to time (before or after any default by Debtor, or notice of withdrawal from this guaranty) without the consent of, or notice to, the undersigned, and without incurring responsibility to the undersigned, and without impairing or releasing the obligations of any of the undersigned or discharging any of the undersigned, upon any terms or conditions and in whole or in part:

(1) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of Debtor or any liability incurred directly or indirectly in respect hereof, and this guaranty shall apply to the liabilities of Debtor as so changed, renewed or altered;

(2) sell, exchange, release, surrender, alter, renew, waive any default with respect thereto or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged, assigned, conveyed or mortgaged to secure, or howsoever securing, the liabilities hereby guaranteed or any liabilities (including any liabilities created hereunder) incurred directly or indirectly in respect thereof or hereof; and waive its right to set off in whole or in part;

(3) exercise or refrain from exercising any rights against the Debtor or others and irrespective of whether claim has been filed by Beneficiary against the estate, personal representative, trustee in Bankruptcy, or receiver of Debtor of the undersigned, or otherwise act or refrain from acting;

(4) settle or compromise any liability hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Debtor to creditors of the Debtor other than the Beneficiary and the undersigned; and

(5) apply any sums available to Beneficiary by whomsoever paid or howsoever realized to any liability or liabilities of Debtor to Beneficiary regardless of what liability or liabilities of the Debtor remain unpaid, in such manner and in such amounts and at such times as Beneficiary may elect. Notwithstanding the foregoing all payments received shall be applied first to interest and then to principal.

(6) release in whole or in part, liens and deeds of trust on lands pledged as security by the Debtor without prior approval of Guarantor and without prior notice to Guarantor.

This is a guaranty of payment and not of collection (the intent of this instrument being to make each of the undersigned liable as if a maker of Debtor's obligation) and the undersigned further waives any right to require that any action be brought against the Debtor or any other person or the require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of any other person. The undersigned hereby expressly binds himself unconditionally as original promisor and maker of Debtor's obligations and liabilities to the same extent and with the same effect as if he signed the instrument evidencing the same as original maker.

No delay on the part of the Beneficiary in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of the Beneficiary to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty by effective unless in writing nor shall such waiver be applicable except in the specific instance for which given.

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation, and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

This Guaranty Agreement shall be construed according to the laws of the State of Mississippi.

Given under the hand of any undersigned individual on this the ____ day of September, 2006.

_____
Lee F. Kennedy

STATE OF __Texas__

COUNTY OF __Travis__

    PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the __28th__ day of September, 2006 within my jurisdiction, the within named Lee F. Kennedy who acknowledged that he executed the above and foregoing instrument.



NOTARY PUBLIC

My Commission Expires:
__01/17/10__

AARON D. DISHMAN
MY COMMISSION EXPIRES
January 17, 2010

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SECOND JUDICIAL DISTRICT

## CONTINUING PERSONAL GUARANTY

In consideration of and inducement to the secured party, Double A. Firewood, Inc., a Mississippi Corporation, hereinafter called "Beneficiary", to give, and continue to give, from time to time, as it sees fit, financial accommodations and credit and to lend money to Mississippi Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter called "Debtor", the undersigned Robert T. Windham, hereinafter called "Guarantor" unconditionally guarantees prompt payment to Beneficiary, as the same respectively mature, of all liabilities, direct and contingent, incurred to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, arising or evidenced, including but not limited to, all loans made, or which may be made by Beneficiary to Debtor, all monies paid for the use or for the account of Debtor, and all notes, acceptances, checks and other paper which have been or may be taken, discounted, or issued, for, or at the request of Debtor, whether made, drawn, accepted, endorsed with or without recourse, or not endorsed by Debtor, and all overdrafts of Debtor, and any and all other obligations, of every kind and character, now due, or which may hereafter become due, to Beneficiary from Debtor, regardless of whether other collateral is now held or hereafter acquired with respect thereto, and in the event of default in the payment of any such liability, or any part thereof, or of any and all renewals, changes in or extensions thereof as the same respectively mature, or on the making by Debtor or me of any assignments for the benefit of creditors, or on the filing of any voluntary or involuntary petition in bankruptcy by or against Debtor or me, or on the application for the appointment of a receiver of any of Debtor's or our property, or on any act of bankruptcy or state of insolvency of Debtor or me, all of such obligations and liabilities shall become and be immediately due and payable without demand or notice, and I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.

While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of <u>Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100</u> Dollars (<u>$7,438,400.00</u>) plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.

Notice of any transactions or liabilities of Debtor with or to Beneficiary, whether heretofore, now, or hereafter contracted or incurred with Debtor, if any, and of all other things, demands or notices (except for notices of default) necessary to bind me hereunder, either jointly or severally, are hereby expressly waived. Without limiting the foregoing, notice of the making, renewing or extending of time of payment of any overdrafts, loans, discounts, or other paper or obligation,

and demand, presentment, protest and notice of protest and of non-payment thereof, and notice of acceptance hereof, are expressly waived.

This is a continuing agreement of guaranty and indemnity; Debtor may from time to time pay in full and discharge its liabilities or indebtedness to the Beneficiary, and Beneficiary may at any time after such payment or discharge in full make new and further loans, financial accommodations or credit, to the debtor in reliance upon this agreement, and this agreement shall cover and apply to all such future liabilities or indebtedness until the undersigned have withdrawn from or terminated this agreement by written notice to the Beneficiary as above provided.

The guaranty and indemnity herein made shall inure to the benefit of and be enforceable by any transferee or assignee of the indebtedness, or any part thereof due, or hereafter becoming due, whether heretofore or hereafter contracted, to Beneficiary by Debtor, as fully and completely as to such debt transferred and assigned, as if this agreement had been given directly to such assignee or transferee.

Beneficiary may at any time and from time to time (before or after any default by Debtor, or notice of withdrawal from this guaranty) without the consent of, or notice to, the undersigned, and without incurring responsibility to the undersigned, and without impairing or releasing the obligations of any of the undersigned or discharging any of the undersigned, upon any terms or conditions and in whole or in part:

(1) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of Debtor or any liability incurred directly or indirectly in respect hereof, and this guaranty shall apply to the liabilities of Debtor as so changed, renewed or altered;

(2) sell, exchange, release, surrender, alter, renew, waive any default with respect thereto or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged, assigned, conveyed or mortgaged to secure, or howsoever securing, the liabilities hereby guaranteed or any liabilities (including any liabilities created hereunder) incurred directly or indirectly in respect thereof or hereof; and waive its right to set off in whole or in part;

(3) exercise or refrain from exercising any rights against the Debtor or others and irrespective of whether claim has been filed by Beneficiary against the estate, personal representative, trustee in Bankruptcy, or receiver of Debtor of the undersigned, or otherwise act or refrain from acting;

(4) settle or compromise any liability hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Debtor to creditors of the Debtor other than the Beneficiary and the undersigned; and

(5) apply any sums available to Beneficiary by whomsoever paid or howsoever realized to any liability or liabilities of Debtor to Beneficiary regardless of what liability or liabilities of the Debtor remain unpaid, in such manner and in such amounts and at such times as Beneficiary may elect. Notwithstanding the foregoing all payments received shall be applied first to interest and then to principal.

(6) release in whole or in part, liens and deeds of trust on lands pledged as security by the Debtor without prior approval of Guarantor and without prior notice to Guarantor.

This is a guaranty of payment and not of collection (the intent of this instrument being to make each of the undersigned liable as if a maker of Debtor's obligation) and the undersigned further waives any right to require that any action be brought against the Debtor or any other person or the require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of any other person. The undersigned hereby expressly binds himself unconditionally as original promisor and maker of Debtor's obligations and liabilities to the same extent and with the same effect as if he signed the instrument evidencing the same as original maker.

No delay on the part of the Beneficiary in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of the Beneficiary to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty by effective unless in writing nor shall such waiver be applicable except in the specific instance for which given.

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation, and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

This Guaranty Agreement shall be construed according to the laws of the State of Mississippi.

Given under the hand of any undersigned individual on this the 20th day of September, 2006.

Robert T. Windham

STATE OF MISSISSIPPI
COUNTY OF HARRISON

    PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the 29th day of September, 2006 within my jurisdiction, the within named Robert T. Windham who acknowledged that he executed the above and foregoing instrument.

                                      NOTARY PUBLIC

My Commission Expires:
2/27/07

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SECOND JUDICIAL DISTRICT

## CONTINUING PERSONAL GUARANTY

In consideration of and inducement to the secured party, Double A. Firewood, Inc., a Mississippi Corporation, hereinafter called "Beneficiary", to give, and continue to give, from time to time, as it sees fit, financial accommodations and credit and to lend money to Mississippi Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter called "Debtor", the undersigned David E. Fleisher, hereinafter called "Guarantor" unconditionally guarantees prompt payment to Beneficiary, as the same respectively mature, of all liabilities, direct and contingent, incurred to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, arising or evidenced, including but not limited to, all loans made, or which may be made by Beneficiary to Debtor, all monies paid for the use or for the account of Debtor, and all notes, acceptances, checks and other paper which have been or may be taken, discounted, or issued, for, or at the request of Debtor, whether made, drawn, accepted, endorsed with or without recourse, or not endorsed by Debtor, and all overdrafts of Debtor, and any and all other obligations, of every kind and character, now due, or which may hereafter become due, to Beneficiary from Debtor, regardless of whether other collateral is now held or hereafter acquired with respect thereto, and in the event of default in the payment of any such liability, or any part thereof, or of any and all renewals, changes in or extensions thereof as the same respectively mature, or on the making by Debtor or me of any assignments for the benefit of creditors, or on the filing of any voluntary or involuntary petition in bankruptcy by or against Debtor or me, or on the application for the appointment of a receiver of any of Debtor's or our property, or on any act of bankruptcy or state of insolvency of Debtor or me, all of such obligations and liabilities shall become and be immediately due and payable without demand or notice, and I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.

While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100 Dollars ($7,438,400.00) plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.

Notice of any transactions or liabilities of Debtor with or to Beneficiary, whether heretofore, now, or hereafter contracted or incurred with Debtor, if any, and of all other things, demands or notices (except for notices of default) necessary to bind me hereunder, either jointly or severally, are hereby expressly waived. Without limiting the foregoing, notice of the making, renewing or extending of time of payment of any overdrafts, loans, discounts, or other paper or obligation,

and demand, presentment, protest and notice of protest and of non-payment thereof, and notice of acceptance hereof, are expressly waived.

This is a continuing agreement of guaranty and indemnity; Debtor may from time to time pay in full and discharge its liabilities or indebtedness to the Beneficiary, and Beneficiary may at any time after such payment or discharge in full make new and further loans, financial accommodations or credit, to the debtor in reliance upon this agreement, and this agreement shall cover and apply to all such future liabilities or indebtedness until the undersigned have withdrawn from or terminated this agreement by written notice to the Beneficiary as above provided.

The guaranty and indemnity herein made shall inure to the benefit of and be enforceable by any transferee or assignee of the indebtedness, or any part thereof due, or hereafter becoming due, whether heretofore or hereafter contracted, to Beneficiary by Debtor, as fully and completely as to such debt transferred and assigned, as if this agreement had been given directly to such assignee or transferee.

Beneficiary may at any time and from time to time (before or after any default by Debtor, or notice of withdrawal from this guaranty) without the consent of, or notice to, the undersigned, and without incurring responsibility to the undersigned, and without impairing or releasing the obligations of any of the undersigned or discharging any of the undersigned, upon any terms or conditions and in whole or in part:

(1) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of Debtor or any liability incurred directly or indirectly in respect hereof, and this guaranty shall apply to the liabilities of Debtor as so changed, renewed or altered;

(2) sell, exchange, release, surrender, alter, renew, waive any default with respect thereto or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged, assigned, conveyed or mortgaged to secure, or howsoever securing, the liabilities hereby guaranteed or any liabilities (including any liabilities created hereunder) incurred directly or indirectly in respect thereof or hereof; and waive its right to set off in whole or in part;

(3) exercise or refrain from exercising any rights against the Debtor or others and irrespective of whether claim has been filed by Beneficiary against the estate, personal representative, trustee in Bankruptcy, or receiver of Debtor of the undersigned, or otherwise act or refrain from acting;

(4) settle or compromise any liability hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Debtor to creditors of the Debtor other than the Beneficiary and the undersigned; and

(5) apply any sums available to Beneficiary by whomsoever paid or howsoever realized to any liability or liabilities of Debtor to Beneficiary regardless of what liability or liabilities of the Debtor remain unpaid, in such manner and in such amounts and at such times as Beneficiary may elect. Notwithstanding the foregoing all payments received shall be applied first to interest and then to principal.

(6) release in whole or in part, liens and deeds of trust on lands pledged as security by the Debtor without prior approval of Guarantor and without prior notice to Guarantor.

This is a guaranty of payment and not of collection (the intent of this instrument being to make each of the undersigned liable as if a maker of Debtor's obligation) and the undersigned further waives any right to require that any action be brought against the Debtor or any other person or the require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of any other person. The undersigned hereby expressly binds himself unconditionally as original promisor and maker of Debtor's obligations and liabilities to the same extent and with the same effect as if he signed the instrument evidencing the same as original maker.

No delay on the part of the Beneficiary in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of the Beneficiary to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty by effective unless in writing nor shall such waiver be applicable except in the specific instance for which given.

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation, and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

This Guaranty Agreement shall be construed according to the laws of the State of Mississippi.

Given under the hand of any undersigned individual on this the 28th day of September, 2006.

David E. Fleisher

STATE OF ~~Florida~~

COUNTY OF ~~Okaloosa~~

    PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the 20th day of September, 2006 within my jurisdiction, the within named David E. Fleisher who acknowledged that he executed the above and foregoing instrument.



NOTARY PUBLIC

My Commission Expires: _____

DAWN E. NORRIS
MY COMMISSION # DD 572393
EXPIRES: May 19, 2010
Bonded Thru Notary Public Underwriters

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SECOND JUDICIAL DISTRICT

## CONTINUING PERSONAL GUARANTY

In consideration of and inducement to the secured party, Double A. Firewood, Inc., a Mississippi Corporation, hereinafter called "Beneficiary", to give, and continue to give, from time to time, as it sees fit, financial accommodations and credit and to lend money to Mississippi Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter called "Debtor", the undersigned Mike Adkinson, hereinafter called "Guarantor" unconditionally guarantees prompt payment to Beneficiary, as the same respectively mature, of all liabilities, direct and contingent, incurred to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, arising or evidenced, including but not limited to, all loans made, or which may be made by Beneficiary to Debtor, all monies paid for the use or for the account of Debtor, and all notes, acceptances, checks and other paper which have been or may be taken, discounted, or issued, for, or at the request of Debtor, whether made, drawn, accepted, endorsed with or without recourse, or not endorsed by Debtor, and all overdrafts of Debtor, and any and all other obligations, of every kind and character, now due, or which may hereafter become due, to Beneficiary from Debtor, regardless of whether other collateral is now held or hereafter acquired with respect thereto, and in the event of default in the payment of any such liability, or any part thereof, or of any and all renewals, changes in or extensions thereof as the same respectively mature, or on the making by Debtor or me of any assignments for the benefit of creditors, or on the filing of any voluntary or involuntary petition in bankruptcy by or against Debtor or me, or on the application for the appointment of a receiver of any of Debtor's or our property, or on any act of bankruptcy or state of insolvency of Debtor or me, all of such obligations and liabilities shall become and be immediately due and payable without demand or notice, and I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.

While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of <u>Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100</u> Dollars (<u>$7,438,400.00)</u> plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.

Notice of any transactions or liabilities of Debtor with or to Beneficiary, whether heretofore, now, or hereafter contracted or incurred with Debtor, if any, and of all other things, demands or notices (except for notices of default) necessary to bind me hereunder, either jointly or severally, are hereby expressly waived. Without limiting the foregoing, notice of the making, renewing or extending of time of payment of any overdrafts, loans, discounts, or other paper or obligation,

and demand, presentment, protest and notice of protest and of non-payment thereof, and notice of acceptance hereof, are expressly waived.

This is a continuing agreement of guaranty and indemnity; Debtor may from time to time pay in full and discharge its liabilities or indebtedness to the Beneficiary, and Beneficiary may at any time after such payment or discharge in full make new and further loans, financial accommodations or credit, to the debtor in reliance upon this agreement, and this agreement shall cover and apply to all such future liabilities or indebtedness until the undersigned have withdrawn from or terminated this agreement by written notice to the Beneficiary as above provided.

The guaranty and indemnity herein made shall inure to the benefit of and be enforceable by any transferee or assignee of the indebtedness, or any part thereof due, or hereafter becoming due, whether heretofore or hereafter contracted, to Beneficiary by Debtor, as fully and completely as to such debt transferred and assigned, as if this agreement had been given directly to such assignee or transferee.

Beneficiary may at any time and from time to time (before or after any default by Debtor, or notice of withdrawal from this guaranty) without the consent of, or notice to, the undersigned, and without incurring responsibility to the undersigned, and without impairing or releasing the obligations of any of the undersigned or discharging any of the undersigned, upon any terms or conditions and in whole or in part:

(1) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of Debtor or any liability incurred directly or indirectly in respect hereof, and this guaranty shall apply to the liabilities of Debtor as so changed, renewed or altered;

(2) sell, exchange, release, surrender, alter, renew, waive any default with respect thereto or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged, assigned, conveyed or mortgaged to secure, or howsoever securing, the liabilities hereby guaranteed or any liabilities (including any liabilities created hereunder) incurred directly or indirectly in respect thereof or hereof; and waive its right to set off in whole or in part;

(3) exercise or refrain from exercising any rights against the Debtor or others and irrespective of whether claim has been filed by Beneficiary against the estate, personal representative, trustee in Bankruptcy, or receiver of Debtor of the undersigned, or otherwise act or refrain from acting;

(4) settle or compromise any liability hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Debtor to creditors of the Debtor other than the Beneficiary and the undersigned; and

(5) apply any sums available to Beneficiary by whomsoever paid or howsoever realized to any

liability or liabilities of Debtor to Beneficiary regardless of what liability or liabilities of the Debtor remain unpaid, in such manner and in such amounts and at such times as Beneficiary may elect. Notwithstanding the foregoing all payments received shall be applied first to interest and then to principal.

(6) release in whole or in part, liens and deeds of trust on lands pledged as security by the Debtor without prior approval of Guarantor and without prior notice to Guarantor.

This is a guaranty of payment and not of collection (the intent of this instrument being to make each of the undersigned liable as if a maker of Debtor's obligation) and the undersigned further waives any right to require that any action be brought against the Debtor or any other person or the require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of any other person. The undersigned hereby expressly binds himself unconditionally as original promisor and maker of Debtor's obligations and liabilities to the same extent and with the same effect as if he signed the instrument evidencing the same as original maker.

No delay on the part of the Beneficiary in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of the Beneficiary to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty by effective unless in writing nor shall such waiver be applicable except in the specific instance for which given.

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation, and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

This Guaranty Agreement shall be construed according to the laws of the State of Mississippi.

Given under the hand of any undersigned individual on this the 29th day of September, 2006.

_/s/ Mike Adkinson_
Mike Adkinson

STATE OF MISSISSIPPI
COUNTY OF HARRISON

PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the 29th day of September, 2006 within my jurisdiction, the within named Mike Adkinson who acknowledged that he executed the above and foregoing instrument.

_____
NOTARY PUBLIC

My Commission Expires:
 2-7-07

## ASSIGNMENT OF PERSONAL GUARANTIES

Double A. Firewood, Inc., a Mississippi corporation ("Assignor") does hereby assign to Central Progressive Bank, a Louisiana lending institution ("Assignee") the attached four personal guaranties received by Assignor arising out of Assignor's receipt of that certain promissory note dated September 29, 2006, in the original principal sum of Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and No/100 Dollars ($7,438,400.00) ("Note") made by Mississippi Investors VI, LLC, a Mississippi limited liability company, payable to the order of Double A. Firewood, Inc. The consideration for this assignment is the same as that paid by Assignee to Assignor for the note and assignment of deed of trust securing the note. Assignor represents and warrants that the four guaranties attached hereto have not been amended, cancelled, released or terminated.

EXECUTED, this the 9th day of April, 2010.

DOUBLE A. FIREWOOD, INC.
a Mississippi corporation

By: _____
Name: A. Wynn Alexander, Its President

4708477-1