**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HCB FINANCIAL CORP.** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:10cv559HSO-JMR** |
| | § | |
| **LEE F. KENNEDY** | § | **DEFENDANT** |

<u>**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT is a Motion for Summary Judgment [93] filed by Plaintiff HCB Financial Corporation ["HCB"] pursuant to FED. R. CIV. P. 56, on October 10, 2012.  Defendant Lee F. Kennedy ["Kennedy"], filed a Response [100] on October 24, 2012, and HCB has filed a Reply [110].  After due consideration of the Motion, Response, Reply, the pleadings on file, the record, and relevant legal authorities, the Court finds that HCB's Motion for Summary Judgment should be granted.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

The pertinent facts of this case involve certain property situated in Stone County, Mississippi, and a loan assignment between  Central Progressive Bank ["CPB"] and Double A Firewood, Inc. ["Double A"].   On September 26, 2009, Mississippi Investors ["MI"] executed a Promissory Note in the amount of $7,438,400.00, in favor of Double A.  The Note was secured by a Deed of Trust executed in favor of Double A. In consideration for the loan, certain Guarantors, including Defendant Kennedy, signed personal unconditional guaranty agreements for all liabilities and obligations MI owed to Double A.  Continuing Personal Guaranty [10-3], att. as Ex. "3" to Amended Compl., at pp. 2-4. MI and Kennedy subsequently defaulted

on the Double A loan.  Double A initiated foreclosure proceedings and the Stone County property securing the Promissory Note was sold.  In order to protect its interest CPB, as a junior lienholder, purchased the Double A loan.[1]  On April 9, 2010, the Double A Note was endorsed to CPB.

On April 14, 2011, CPB filed an Amended Complaint in this Court against William Michael Adkinson, Robert Windham, David Fleisher, and Kennedy seeking the sum of $1,890,684.49, the deficiency balance  due on the Note, exclusive of costs, interest, and attorneys' fees. Am. Compl. [10], at p. 5.  Of relevance here, CPB sought to hold Kennedy liable for the deficiency based upon the personal Guaranty.  Amended Compl. [10].  On October 13, 2011, Kennedy filed her Answer and asserted a Counterclaim against CPB for breach of contract, tortious interference with business relationships, fraud, and unjust enrichment. Answer [48], at pp. 7-20.

In a separate proceeding, the 22nd Judicial District Court of St. Tammany Parish, Louisiana, closed CPB and ordered its liquidation.  Order, dated November 18, 2011 [93-1], att. as Ex. "1" to Mot. for Summ. J.  The Federal Deposit Insurance Corporation ["FDIC"] was appointed as receiver.  *Id.*  First NBC bank ["FNBC"] was the initial assuming institution from the FDIC. On May 4, 2012, FNBC Bank assigned Plaintiff HCB the Double A Note and Kennedy Guaranty via a Bill of Sale and Assignment.  Assignment, att. as Ex. "3" to Pl.'s Mot. for Summ.  J.

---

[1]The remaining Promissory Notes originated and executed between CPB and the Defendant Guarantors, including Kennedy, were not assigned to HCB and are the subject of separate litigation that is currently pending in Louisiana.

HCB has filed the instant Motion seeking to recover the deficiency owed under the Double A loan against Kennedy based upon her Guaranty, and to dismiss Kennedy's Counterclaim.[2]  HCB also seeks costs, attorneys' fees, and post-judgment interest incurred in connection with recovering the deficiency.

## II. DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson*

---

[2]All of the other claims asserted by and amongst the parties have been resolved and dismissed by the Court.

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.   <u>HCB's Motion for Summary Judgment</u>

   1.   <u>Kennedy's Rule 56(d) Argument</u>

   In her Response, Kennedy claims that due to "significant outstanding discovery, . . . certain facts are unavailable . . . and she is therefore unable to fully respond to each element of the Motion for Summary Judgment filed herein."  Resp. to Mot. for Summ. J. [100], at p. 4.  HCB contends that despite Kennedy propounding discovery requests on the deadline discovery was ordered to be completed, and notwithstanding the fact that Kennedy did not file for an extension of the discovery deadline, HCB served responses to Kennedy's discovery requests on October 30, 2012.  HCB further points out that, to date, Kennedy's responses to HCB's interrogatories and request for

production remain outstanding.    Finally, HCB submits that Kennedy has neither

identified  "a single certain fact" that would allegedly affect any claim made, nor has

she shown good cause for failing to conduct discovery.  Reply [110], at pp. 3-5.

> Rule 56(d) provides that:
>
> [i]f a nonmovant shows by affidavit or declaration that, for specified
> reasons, it cannot present facts essential to justify its opposition, the
> court may: (1) defer considering the motion or deny it; (2) allow time to
> obtain affidavits or declarations or to take discovery; or (3) issue any
> other appropriate order.

FED. R. CIV. P. 56(d).

Rule 56(d) discovery motions are "broadly favored and should be liberally

granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).[3]  The Rule

"allows for further discovery to safeguard non-moving parties from summary judgment

motions that they cannot adequately oppose." *Id.*  Rule 56 "presupposes that a party

opposing a motion for summary judgment has had an adequate time for discovery of

evidence of contradictory facts." *Isaacson v. Waste Management, Inc.*, No. 1:08cv438,

2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009) (quoting *Lewis v. Federal Reserve

Bank of Atlanta-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10,

2004)).

Pursuant to the Amended Case Management Order [66] entered in this case,

discovery was due by October 1, 2012.  Kennedy's Notice of Service of Interrogatories

---

[3]*Culwell* refers to Rule 56(f), which was recodified "without substantial change" in
the 2010 amendments as FED. R. CIV. P. 56(d).  *Sapp v. Memorial Hermann Healthcare
System*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing FED. R. CIV. P. 56(d), 2010 amend. cmt.
(2010)).

and Notice of Service for Requests for Production, while dated October 5, 2012, were filed on October 2, 2012 [82, 83].   Kennedy's Notice of Service of Requests for Admission was filed October 8, 2012 [89] and an Amended Notice was filed on October 9, 2012 [90].   Rule 26 (b) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI states in pertinent part:

> **Setting Discovery Deadlines.**   The Case Management Order will establish a firm discovery deadline.
>
> The discovery deadline is that date by which all responses to written discovery, including supplementation of responses, required by the Federal Rules of Civil Procedure must be made and by which all depositions must be concluded.   Supplementation of disclosures must be concluded by the discovery deadline.
>
> Counsel must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown.

L.U. Civ. R. 26(b)(1) and (2).

The record reveals that Kennedy did not conduct discovery within the prescribed time period and never requested an extension of the deadline.   Notwithstanding the fact that Kennedy propounded her discovery requests outside the prescribed time frame, HCB served responses on October 30, 2012 [108, 109].   HCB filed the instant Motion for Summary Judgment on October 10, 2012, and Kennedy's Response was in fact due prior to the date she received HCB's discovery responses.   However, Kennedy neither filed a motion for extension of time to file her Response to the Motion for

Summary Judgment, citing as grounds any outstanding discovery, nor did she request or receive leave of Court to supplement her Response after receiving HCB's discovery responses.

After considering Kennedy's arguments in support of her request for Rule 56(d) relief, the record and related pleadings in this case, and relevant law, Kennedy has not shown that the Rule 56(d) standard is satisfied here. Kennedy has had ample time to conduct discovery. Kennedy has not made a sufficient showing of what discovery she needs or how any such discovery would be utilized. Finally, Kennedy is now in the possession of HCB's discovery responses, but she has not filed any form of supplementation regarding her Rule 56(d) request or argument. The Court finds that, based upon what has been submitted in connection with this request, reopening discovery at this point would unfairly prejudice HCB and is otherwise not justified under Rule 56(d). Kennedy's Rule 56(d) request that the Court allow additional discovery is denied.

    2.   <u>Kennedy's Counterclaim Against HCB</u>

HCB moves for summary judgment on the Counterclaim asserted by Kennedy. It argues the assignment of the Double A Note and Guaranty from FNBC included only assets and not liabilities and that the FDIC, as the appointed receiver for CPB, retains the liabilities upon which Kennedy's Counterclaim is premised. The record demonstrates that on November 18, 2011, an Order was entered by the 22nd Judicial District Court, Parish of St. Tammany, Louisiana, wherein the FDIC became "vested with title of all assets . . . and with full and exclusive management and control. . . ."of

- 7 -

CPB upon its closure.  Order [93-1], att. as Ex. "1" to Mot. for Summ. J.   The Bill of Sale and Assignment reflects that FNBC assigned, transferred, and conveyed "purchased assets" to HCB.   Exhibit A to the agreement lists "N/A" beside the $7,438,400.00 loan at issue in this case.  Itemization of Loans [93-3] att. as Ex. "3" to Mot. for Summ. J., at p. 3.  The grounds upon which HCB seeks recovery is Kennedy's personal Guaranty.  The record evidence indicates that the liabilities associated with the relevant Note in this case remain with the FDIC as the receiver of CPB.  Moreover, 12 U.S.C. § 1821 (d) provides an administrative claims procedure for filing claims where the FDIC serves or is serving as a receiver:

> (4) Rulemaking authority relating to determination of claims
>
> (A) In general
>
> The Corporation may prescribe regulations regarding the allowance or disallowance of claims by the receiver and providing for administrative determination of claims and review of such determination.

12 U.S.C.A. § 1821(d)(4)(A).

The record reveals that there is litigation pending in the State of Louisiana wherein Kennedy can submit her administrative claims against CPB.   *See* Proof of Claim [93-22], att. as Ex. "16" to Mot. for Summ. J., at p. 1.   Based upon the record evidence HCB, as a third-party purchaser solely of the assets of CPB, cannot be liable to Kennedy in this case. [4]

---

[4]HCB also requests that this Court decline jurisdiction over Kennedy's Counterclaim on the theory that the relevant private and public factors weigh in favor of dismissal and it being heard in the proper state court.  Mem. in Supp. of Mot. for Summ. J. [94], at pp. 15-16.  The record indicates that there is parallel litigation in Louisiana and Florida which

Finally, HCB has carried its initial summary judgment burden of establishing that the *D'Oench, Duhme*[5] doctrine and 12 U.S.C. 1823(e), operate to bar Kennedy's claims against HCB.  Kennedy has failed to submit evidence creating a material fact question on the issues of the fair market value of the underlying property, the amount of the deficiency owed, or the existence of any written agreement which would support the allegations raised in her Counterclaim.  Based upon all of the foregoing, the Court concludes that summary judgment is appropriate on Kennedy's Counterclaim asserted against HCB.

3.   HCB'S Claim Against Kennedy

HCB contends that Kennedy has neither asserted any valid defenses nor demonstrated that factual issues remain for trial on the deficiency claim.  Mot. [93], at p. 7; Reply [110], at p. 6.  According to HCB, the evidence conclusively shows that Kennedy breached the personal Guaranty agreement, was in default, and that a deficiency judgment remained after the sale of the underlying property.  Kennedy responds that she "disassociated herself from any and all MI's business interests . . . by contacting CPB directly . . . and conveying her entire interest . . . ."  Resp. [100] at

---

remains pending and involves the same parties and issues.  *Id.*; *see also Central Progressive Bank v. Long Point Cove, LLC, et al.,* Answer filed August 1, 2011 [93-22] in the Circuit Court of Bay County Florida, Fourteenth Judicial Circuit, att. as Ex. "16" to Mot. for Summ. J., at pp. 5-50; *Central Progressive Bank v. Lee F. Kennedy, et al.,* Amended Petition filed June 7, 2010 [93-22] in the 22nd Judicial Dist. Court St. Tammany Parish, Louisiana, att. as Ex. "16" to Mot. for Summ. J., at pp. 72-80.

[5]*D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942); *see also Bowen v. FDIC,* 925 F.2d 1015 (5th Cir. 1990); *Porras v. Petroplex Sav. Ass'n*, 903 F.2d 379 (5th Cir. 1990); *Bell & Murphy & Assoc., Inc. v. Interfirst Bank Gateway, N.A.*, 894 F.2d 750 (5th Cir. 1990).

p. 2.   Kennedy relies on her Affidavit attached to her Response as Exhibit "B".
However, Kennedy's Affidavit is unsigned and not notarized and is not competent
summary judgment evidence. *Nissho–Iwai American Corp. v. Kline,* 845 F.2d 1300,
1305–06 n.9 (5th Cir. 1988) (unsigned affidavit which failed to state that it was made
under penalty of perjury was properly stricken from consideration of summary
judgment motion).   Because the Court could permit Kennedy to refile a properly
executed affidavit, *see United States v. Filson,* 347 F. App'x  987, 991 (5th Cir. 2009)
(permitting refiling of affidavit which properly authenticated records),  the Court has
nevertheless considered the content of Kennedy's Affidavit, and finds it insufficient to
create a material fact question for trial.  In short, Kennedy has tendered an
unexecuted Affidavit and no other documentary evidence in support of her argument
that summary judgment in favor of HCB would be inappropriate.  By contrast, the
record contains over 700 pages of exhibits tendered by HCB in support of the present
Motion.

The record reflects that Kennedy executed the Guaranty agreement on
September 28, 2006, in her individual capacity and that it was not contingent upon her
status with and relationship to MI:

> In consideration of and inducement to the secured party, Double A.
> Firewood, Inc., a Mississippi Corporation, hereinafter called
> "Beneficiary", to give, and continue to give, from time to time, as it sees
> fit, financial accommodations and credit and to lend money to Mississippi
> Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter
> called "Debtor," the undersigned  Lee F. Kennedy, hereinafter called
> "Guarantor" unconditionally guarantees prompt payment to Beneficiary,
> as the same respectively mature, of all liabilities, direct and contingent,

incurred  to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, . . . .

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation,  and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

Continuing Personal Guaranty [10-3], att. as Ex. "3" to Amended Compl., at pp. 2-4. There is no dispute that Kennedy executed the Guaranty, or that there has been a default.  The record as a whole supports the conclusion that Kennedy is liable to HCB on the Guaranty.

As for the amount of deficiency, the Amended Complaint and the record evidence reflect that HCB seeks to recover the sum of $1,890,684.49, from the named Defendants, jointly and severally.  Kennedy has not submitted any competent summary judgment evidence to dispute this amount.  Because Kennedy has not proffered sufficient summary judgment evidence to establish that genuine disputes of material fact remain as to the amount of the deficiency, HCB is entitled to summary judgment on its claim against Kennedy.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that HCB is entitled to judgment as a matter of law on Kennedy's Counterclaim and on its deficiency claim asserted against Kennedy. The Motion for Summary Judgment filed by Plaintiff HCB Financial Corporation should be granted.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Summary Judgment [93] filed October 12, 2012, is **GRANTED.**   The Counterclaim asserted by Kennedy against HCB is **DISMISSED**, and the Court will enter Judgment in favor of HCB on its claims in the Amended Complaint.

**SO ORDERED AND ADJUDGED**, this the 14th day of March, 2013.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE