IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HCB FINANCIAL CORP. | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv559HSO-JMR |
| | § | |
| LEE F. KENNEDY | § | DEFENDANT |

## ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND DENYING DEFENDANT'S MOTION FOR NEW TRIAL, OR TO ALTER OR AMEND FINAL JUDGMENT

BEFORE THE COURT is Plaintiff HCB Financial Corporation's Motion [140] to Alter or Amend Judgment filed April 11, 2013, pursuant to FED. R. CIV. P. 59(e). Plaintiff moves the Court to alter the Final Judgment [139], entered on March 14, 2013, against Defendant Lee Kennedy to reflect a judgment in the sum of $2,019,495.82, which includes the unpaid principal on the Note, accrued interest through the date of the Final Judgment, and attorneys' fees and expenses incurred. Also before the Court is Defendant Lee Kennedy's Motion [142] for a New Trial, or alternatively, to Alter or Amend Judgment filed April 11, 2013, pursuant to FED. R. CIV. P. 59(a) and (e). Defendant moves the Court to grant a New Trial or to Amend the Final Judgment [139] on the grounds that the potential judgment is excessive. Having considered the submissions, the record in this case, and relevant legal authorities, the Court finds that Plaintiff's Motion should be granted and Defendant's Motion should be denied.

-1-

I. BACKGROUND

The pertinent facts of this case involve certain property situated in Stone County, Mississippi, and a loan assignment between Central Progressive Bank ["CPB"] and Double A Firewood, Inc. ["Double A"]. On September 26, 2009, Mississippi Investors ["MI"] executed a Promissory Note in the amount of $7,438,400.00, in favor of Double A. The Note was secured by a Deed of Trust executed in favor of Double A. In consideration for the loan, certain Guarantors, including Defendant Kennedy, signed personal unconditional guaranty agreements for all liabilities and obligations MI owed to Double A. Continuing Personal Guaranty [10-3], att. as Ex. "3" to Amended Compl., at pp. 2-4. Double A subsequently initiated foreclosure proceedings and the Stone County property securing the Promissory Note was sold. In order to protect its interest CPB, as a junior lienholder, purchased the Double A loan.[1] On April 9, 2010, the Double A Note was endorsed to CPB.

On April 14, 2011, CPB filed an Amended Complaint in this Court against William Michael Adkinson, Robert Windham, David Fleisher, and Kennedy seeking the deficiency balance due on the Note, exclusive of costs, interest, and attorneys' fees. Am. Compl. [10], at p. 5. Of relevance here, CPB sought to hold Kennedy liable for the deficiency based upon the personal Guaranty. Amended Compl. [10].

---

[1] The remaining Promissory Notes originated and executed between CPB and the Defendant Guarantors, including Kennedy, were not assigned to HCB and are the subject of separate litigation that is currently pending in Louisiana.

On October 13, 2011, Kennedy filed her Answer and asserted a Counterclaim against CPB for breach of contract, tortious interference with business relationships, fraud, and unjust enrichment. Answer [48], at pp. 7-20.

HCB filed a Motion for Summary Judgment seeking to recover the deficiency owed under the Double A loan against Kennedy based upon her Guaranty, and to dismiss Kennedy's Counterclaim. On March 14, 2013, the Court issued a Memorandum Opinion and Order granting HCB's Motion and issued Final Judgment [139]. The instant Motions followed.

## II. DISCUSSION

A.   Rule 59 Standard

Rule 59(a) states in part that: "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a)(1). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (citing *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). If allegations of prejudice are the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking a new trial." *Sibley v. Lemarie,* 184 F.3d 481, 487 (5th Cir. 1999)

(quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

A Motion filed under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127–128 (2d ed. 1995)). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (quotation omitted). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration and Production Inc v. Smackco*, 1999 WL 539548, at *1 (E.D. La. 1999); *see also Joe v. Minnesota Life Ins. Co.*, 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003).

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling

law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

B.  Analysis

    1.  Plaintiff's Motion

Plaintiff moves to amend the Final Judgment to reflect a judgment in the amount of $2,019,495.82, which includes an outstanding principal balance of $1,625,211.66, prejudgment interest of $331,320.52, attorneys' fees incurred to collect the outstanding balance owed under the Guaranty of $87,305.00, expenses incurred in this litigation to collect the outstanding balance owed under the Guaranty of $658.64, and a $25,000.00 credit due to Defendant Kennedy for settlement proceeds received by HCB from the named co-defendants.

Plaintiff's Motion does not seek to alter the Final Judgment, but to amend it in order to include a specific figure based upon financial information that was not previously available. After consideration of the record and relevant law, the Court finds that because this financial information was not available at the time the Judgment was entered, Plaintiff's Motion to Alter the Final Judgment should be granted.

    2.  Defendant's Motion

Defendant's Motion to Alter or Amend the Final Judgment pursuant to Rule

59(e) is properly before the Court and will be discussed hereinafter.  However, because the Court granted Plaintiff's Motion for Summary Judgment and entered a Final Judgment in favor of Plaintiff, Defendant's Motion for New Trial is not well taken and should be denied.

Defendant argues that the judgment rendered should be stayed because ongoing litigation and administrative proceedings are taking place in other jurisdictions, resolution of which "could mitigate (or eliminate) the sums owed . . . Judgment with these pending issues should not be enrolled until such time that the litigation in Louisiana and Florida has concluded."  Def.'s Mot. [142] at p. 2.

> Litigation exists against Kennedy in three (3) states. She has contribution rights against the co-guarantors. Under this analysis, should she prevail in the litigation in either of the other states, her exposure in the instant cause could be eliminated.

Def.'s Mem. in Supp. of Mot. [143] at p. 4.

Defendant bases this reasoning on a theory that manifest injustice will result if this Court does not afford relief.

> This Court has now entered a Summary Judgment against Lee Kennedy in excess of $1.8 million. Kennedy asserts that this verdict is excessive and that she was negotiating in good faith immediately prior to this Court's granting of the Summary Judgment. To render a judgment from and against Kennedy of $1.8 million is excessive and warrants a new trial under the confines of Rule 59.

*Id.*

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Summary judgment was properly granted in favor of Plaintiff.  Based

upon the record evidence before the Court there were no material fact questions as to whether Kennedy executed the Guaranty, or that she was in default.  Defendant has neither presented evidence of a manifest error of law or fact nor presented newly discovered evidence.  *See Hernandez v. Univ. of Houston*, 2013 WL 1390737 (S.D. Tex. Feb. 1, 2013) (quoting *Rozenweig v. Azurix*, 332 F.3d 854, 863–64 (5th Cir. 2003)).  Under the circumstances, the Court cannot say that its grant of summary judgment and entry of the Final Judgment constituted manifest injustice and Defendant has not offered any persuasive basis under Rule 59(e) for this Court to alter its previous decision.

### III.  CONCLUSION

After careful consideration of the instant Motions, the pleadings on file, and relevant legal authorities, the Court concludes that Defendant has not established a manifest error of law or fact, or presented any change in controlling law, sufficient for the Court to reconsider its grant of summary judgment in this case.  Defendant's Motion for New Trial or, in the Alternative, to Alter or Amend Final Judgment should be denied.   The Court further finds that Plaintiff's Motion to Alter or Amend the Final Judgment to include the specific deficiency amount should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion [140] to Alter or Amend Judgment filed April 11, 2013, pursuant to FED. R. CIV. P. 59(e) is **GRANTED.**  The Court will enter an Amended Final Judgment accordingly.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant's

Motion [142] for a New Trial, or alternatively, to Alter or Amend Judgment filed April 11, 2013, pursuant to FED. R. CIV. P. 59(a) and (e) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of July, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE