IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HCB FINANCIAL CORP.**                                                                **PLAINTIFF**

**V.**                                                      **Civil Action No.: 1:10cv559-HSO-JCG**

**LEE F. KENNEDY**                                                                     **DEFENDANT**

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REVISED MOTION TO COMPEL AND FOR CONTEMPT

BEFORE THE COURT is the Revised Motion to Compel and For Contempt [193], filed by Plaintiff HCB Financial Corp. ("HCB"). Defendant Lee F. Kennedy ("Kennedy") has filed a Response [199, 200] and HCB a Rebuttal [241]. A hearing on this Motion was held on March 11, 2016. Having considered the written submissions of the parties, their positions at the motions hearing, and applicable law, the Court finds that HCB's Motion should be granted in part and denied in part as follows:

I. Facts and Procedural History

On July 11, 2013, the Court entered an amended final judgment awarding HCB a $2,019,495.82 judgment against Kennedy. Am. Final J., ECF No. 148. The Fifth Circuit affirmed the judgment. *See HCB Fin. Corp. v. Kennedy*, 570 F. App'x 396, 400-01 (5th Cir. 2014). HCB has been conducting post-judgment discovery to determine Kennedy's financial condition in order to collect on its judgment. HCB served its first set of post-judgment interrogatories, requests for production, and requests for admission on July 22, 2013. *See* Not. Service Interrogs., ECF No. 149; Not. Service Req. Produc., ECF No. 150; Not. Service Req. Admis., ECF No. 151.

HCB also noticed its first deposition of Kennedy on that same date. Not. Take Dep., ECF No. 152. When Kennedy did not respond to HCB's discovery requests, HCB filed its first motion to compel. *See* Mot. Compel, ECF No. 159. The Court ruled on the motion in a text only order and ordered Kennedy to fully respond to all post-judgment discovery by no later than January 31, 2014.

Kennedy provided her first set of responses on December 17, 2013, but did not notice these responses on the docket. *See* Mem. Supp. 2-3, ECF No. 194. Kennedy noticed her second set of responses to HCB's discovery requests on February 5, 2014. *See* Not. Service Resp. Interrogs., ECF No. 163; Not. Service Resp. Req. Admis., ECF No. 164; Not. Service Resp. Req. Produc., ECF No. 165. HCB noticed a second deposition of Kennedy on April 17, 2014. Not. Take Dep., ECF No. 166. In August of 2014, HCB served subpoenas for the production of documents on Lachman & Lachman LLP ("Lachman") and Neil Edward McPherson ("McPherson").[1] *See* Not. Intent Serve Subpoena Produc. Docs., ECF No. 169; Not. Intent Serve Subpoena Produc. Docs., ECF No. 171. In November 2014, HCB served a subpoena for production of documents on the Leighton Law Firm ("Leighton").[2] Not. Intent Serve Subpoena Produc. Docs., ECF No. 180.

---

[1] Lachman is an accounting firm, and McPherson is Kennedy's husband.

[2] Leighton is a law firm specializing in tax law.

II. Discussion

A.  Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).  "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor-- as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  Discovery in federal court is "designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding." *U.S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967).  "[T]he scope of post-judgment discovery is broad, and a judgment creditor is entitled to a very thorough examination of a judgment debtor with respect to its assets." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (internal quotation marks omitted).

Rule 33 contemplates the use of broad interrogatories. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."). But courts have held that unnecessarily broad interrogatories, or "blockbuster" interrogatories, which require a party to state every fact supporting all of its allegations, as well as identify each person with knowledge of each fact and all documents supporting each count, are impermissible. *See Nieman v. Hale*, No.

3:12-cv-2433-L-BN, 2013 WL 6814789, at *11 (N.D. Tex. Dec. 26, 2013) (denying motion to compel response to "blockbuster" interrogatory); *Brassell v. Turner*, No. 3:05-cv-476-TSL-JCS, 2006 WL 1806465, at *2 (S.D. Miss. June 29, 2006) (finding interrogatories overly broad an unduly burdensome where they sought an open-ended narrative that was not tailored in any way); *Grynberg v. Total S.A.*, No. 3-cv-01280-WYD-BNB, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) (denying motion to compel answer to "blockbuster" interrogatory); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997)(finding interrogatories unduly burdensome that required the party to identify all facts supporting its position, all witnesses with knowledge of those facts, and all documents supporting the position). But, "the fact that the information could also be sought by way of a deposition is not grounds for refusing to answer an interrogatory, so long as the answer can be made without imposing an undue burden on the responsive party." *Brassell*, 2006 WL 1806465, at *2.

B. Findings

At the hearing, the Court and the parties discussed each contested interrogatory and request for production to determine the sufficiency of Kennedy's responses. HCB withdrew its objections to the responses already given by Kennedy to Interrogatory 12 and Requests for Production 4, 5, 9, 12, 14, 15, and 17. The remaining disputed discovery requests and the Court's orders related to them are detailed below. The Court notes that, where applicable, the information Kennedy is ordered to provide is limited to after the date of the judgment. Kennedy must verify and sign her answers to interrogatories as required by Federal Rule of Civil

Procedure 33. Further, following each interrogatory response, Kennedy must make an affirmative statement that she has provided all information within her knowledge. Following each response to a request for production, Kennedy must make an affirmative statement that she has provided all documents, electronically stored information, and tangible things in her possession, custody, or control.

      1. Interrogatory 3

HCB is seeking information related to any business or entity of which Kennedy is an owner or part owner. Kennedy is ordered to answer this interrogatory to the best of her ability. If the information has already been given in a deposition, Kennedy may specifically identify where in her testimony the information is located.

      2. Interrogatory 4

HCB originally sought in this interrogatory information related to any individual that might have discoverable information. While in its original form, this interrogatory qualifies as a prohibited blockbuster interrogatory, HCB refined its request at the hearing. Kennedy is ordered to provide all contact information, i.e. names, addresses, and phone numbers of her accountants, business partners, and co-members of any limited liability companies of which she is a member from the date of the judgment forward. Acknowledging that Kennedy may not have complete information for the co-members, she may satisfy this discovery request by identifying the limited liability company and its members, and providing the best information available to her.

3. Interrogatory 5

HCB is seeking the identification of all real property owned by Kennedy or owned by her business interests, meaning entities in which Kennedy has had an ownership interest since the date of the judgment. Kennedy is ordered to provide the street address or legal description of all real property that she or her business interests currently have an interest in or have had an interest in since the date of the judgment. As discussed at the hearing, this answer shall include property that Kennedy has or has had an interest in under any other name.

4. Interrogatory 6

HCB originally sought the identification of all structures and improvements, as well as all liens and encumbrances against her real property, and the identity of the lienholders. HCB also sought the value of each piece of real property. At the hearing, HCB modified its request to eliminate the structures and improvements. Kennedy is ordered to identify any liens or encumbrances on the property identified in response to Interrogatory 5 and provide the value for any such property. The value may be given either by an appraisal of the property, or Kennedy may provide her own estimation of its worth.

5. Interrogatory 7

HCB is seeking the identity of any other individual or entity that also has an interest in any property identified in response to Interrogatory 5. Kennedy is ordered to provide contact information for any other interest holders. In responding

to this discovery request, Kennedy is not required to perform a title search on the property but only to provide the information she knows.

      6. Interrogatory 9

HCB originally sought identification of all personal property owned by Kennedy valued at $50.00 or above. HCB previously modified its request to any personal property valued at over $5,000.00. At the hearing, HCB further modified its request to any money market accounts, brokerage accounts, savings accounts, or checking accounts valued at over $5,000.00 in which Kennedy or her business interests have ownership. Kennedy is ordered to produce the information in the modified request.

      7. Interrogatory 10

HCB is seeking identification of all vehicles and other means of transport owned by Kennedy. Kennedy has already identified a 2010 Mercedes Benz. Kennedy is ordered to supplement this answer with any other vehicles she owns and to provide the VIN number or a copy of the titles to HCB.

      8. Interrogatory 11

HCB is seeking identification of any safety deposit boxes maintained by Kennedy for herself or for someone else. Kennedy has already identified a safety deposit box she maintains for the benefit of her children. Kennedy is ordered to identify the contents of that box and any other boxes.

9. Interrogatory 18

HCB originally sought information related to any transfer or disposition of Kennedy's real or personal property valued at over $50.00. HCB has already modified its request to any property valued at over $5,000.00. Kennedy is ordered to provide information and any documentation in her possession related to the transfer of any real or personal property identified in Interrogatories 5 or 9 since the date of the judgment. Kennedy shall include any accounts that have been closed.

10. Request for Production 2

HCB originally sought all records, memoranda, bank statements, checks, stock or bond inventories, financial statements, profit and loss statement, salary stubs, W2 or 1099 forms, employment contracts, tax returns (state and federal), deeds or titles to real or personal property, or any other items to prove Kennedy's personal wealth. HCB admitted at the hearing that it has received Kennedy's individual federal tax returns and all supporting documents for the years 2009, 2010, 2011, 2012, and 2013 through subpoenas of her accountants. HCB is still seeking Kennedy's individual 2014 tax return and supporting documents and her 2015 tax return, if it has been filed. Kennedy is ordered to produce her returns for 2014 and 2015 (when it is filed). HCB is also still seeking statements for the accounts identified in Interrogatory 9. Kennedy is ordered to produce the twelve most recent monthly statements for the accounts that remain open and the final twelve monthly statements for the accounts that have been closed. Kennedy is also

ordered to produce copies of whatever deeds and titles she has in her possession; Kennedy is not ordered to perform any title searches on her property to obtain these records.

### 11. Request for Production 3

HCB is seeking any loan applications, financial statements, or resumes created by Kennedy since the date of the judgment. The Court notes that Kennedy has already produced her resume to HCB. At the hearing, Kennedy argued that she does not have any loan applications in her possession. Kennedy is ordered to produce any financial statements or loan applications in her possession, custody, or control, and to identify any lenders to whom she has submitted a loan application since the date of the judgment.

### 12. Request for Production 7

HCB originally sought copies of all the pleadings for all lawsuits in which Kennedy has been involved. HCB modified its request to only the style of all cases pending or closed since the date of the judgment. Kennedy is ordered to provide this information. *See Kormos v. Sportstuff, Inc.*, No. 06cv15391, 2007 WL 2571969, at *3 (E.D. Mich. Sept. 4, 2007) (denying "request for copies of legal complaints because they are a matter of public record").

### 13. Request for Production 8

HCB originally sought copies of all notes or leases receivable by Kennedy or her family. HCB modified its request at the hearing to copies of all notes or leases

receivable by Kennedy and Kennedy's business interests from the date of the judgment. Kennedy is ordered to provide these items.

### 14. Request for Production 10

HCB is seeking copies of papers related to any trust or escrow account that Kennedy has been involved with since the date of judgment. Kennedy is ordered to provide these items.

### 15. Request for Production 11

HCB originally sought copies of any papers that would indicate an interest in an intangible right to receive money or property. Prior to the hearing, HCB clarified that intangible right is a right to receive money or property from any source other than real property and physical personal property, including rights to receive money or property from stocks, bonds, loans, security interests, copyrights, patents, trademarks, judgments, leases, accounts receivable, and/or causes of action including any pending, potential, or contingent claims. At the hearing, HCB conceded that the information related to accounts receivable, stocks, bonds, causes of action, judgments, and leases were already contained in other discovery requests. In response to this request for production , Kennedy is ordered to produce any items related to her rights to receive money or property in excess of $5,000.00 from any security interests, copyrights, patents, or trademarks owned by her or any of her business interests.

16. Request for Production 13

HCB is seeking copies of any disbursement of proceeds from any sale of Kennedy's assets. Kennedy is ordered to provide all items in her possession, custody, or control concerning any transfer of assets identified in Interrogatory 18, such as closing documents, sale contracts, assignments, etc.

C. Attorney Fees and Contempt

HCB seeks attorney fees under Federal Rule of Civil Procedure 37(a)(5). When a court grants in part and denies in part a motion compelling disclosure or discovery, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because the Court grants in part and denies in part the motion, the Court finds that the parties shall bear their own expenses. At this time, the Court will not issue sanctions against Kennedy.

III. Conclusion

**IT IS HEREBY ORDERED** that HCB's Revised Motion to Compel and For Contempt [193] is **GRANTED IN PART AND DENIED IN PART**. Kennedy's deadline for supplementing her responses to HCB's discovery requests, as ordered herein, is **May 13, 2016**.

**SO ORDERED**, this the 28th day of March, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE