IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HCB FINANCIAL CORP.**                                                              **PLAINTIFF**

V.                                                              Civil Action No.: 1:10-cv-559-HSO-JCG

**LEE F. KENNEDY**                                                              **DEFENDANT**

**ORDER DENYING MOTION TO QUASH OR ALTERNATIVELY FOR
PROTECTIVE ORDER – LEIGHTON LAW FIRM, PLLC SUBPOENA**

BEFORE THE COURT is the Motion to Quash or Alternatively for Protective Order, filed by nonparty Leighton Law Firm, PLLC. (ECF No. 285). Plaintiff HCB Financial Corp. (HCB) has filed a Response, and Leighton Law Firm has not filed a Reply. Having considered the written submissions, the record, and relevant law, the Court finds that the Motion to Quash or Alternatively for Protective Order should be DENIED.

I. Facts and Procedural History

On July 11, 2013, the Court entered an amended final judgment awarding HCB a $2,019,495.82 judgment against Defendant Lee F. Kennedy n/k/a Lee McPherson (Kennedy). (ECF No. 148). The Fifth Circuit affirmed the judgment. *See HCB Fin. Corp. v. Kennedy*, 570 F. App'x 396, 400-01 (5th Cir. 2014). HCB has been conducting post-judgment discovery to determine Kennedy's financial condition in order to collect on its judgment.

Movant Leighton Law Firm is located in Austin, Texas, and has represented Kennedy in various matters over the past few years. (ECF No. 285, at 1). In November 2014, HCB served a subpoena for production of documents on the Leighton Law Firm.

1

(ECF No. 180). Leighton Law Firm made no objections to the 2014 subpoena and responded by producing tax returns for Kennedy and certain of her entities for the 2013 tax year and earlier tax years, in addition to documents related to those tax returns. (ECF No. 285, at 1; ECF No. 295, at 2).

HCB served a second subpoena for production of documents on the Leighton Law Firm on March 30, 2016. (ECF No. 261). Although the 2016 subpoena is nearly identical to the 2014 subpoena, Leighton Law Firm filed the instant Motion to Quash the 2016 subpoena on May 2, 2016. (ECF No. 294). HCB has limited its 2016 subpoena requests to the time period of January 1, 2014, to the present. (ECF No. 295, at 2).

## II. Discussion

### A. Standard of Review

"In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Discovery in federal court is "designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in a pre-trial or in a post-judgment discovery proceeding." *U.S. v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967).

Under Federal Rule of Civil Procedure 45, a court is required to quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires

disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A court may quash or modify a subpoena that requires disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B).

B. Findings

1. 100- mile Rule

The subpoena will not be quashed on the basis of the 100-mile rule found at Federal Rule of Civil Procedure 45(c)(2). HCB has provided an address within 100 miles of the Leighton Law Firm as the place for production. (ECF No. 295, at 3).

2. Privilege/Work Product

Leighton Law Firm maintains that the documents sought are privileged or work product. Rule 45 provides that

> [a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing the information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A).

Leighton Law Firm has made a blanket assertion of privilege and work product. The Motion to Quash makes no attempt to "describe the nature of the withheld documents." The parties and the Court therefore cannot assess the claim of

3

privilege or protection. The Motion to Quash the 2016 subpoena on these bases is denied.

### 3. Undue Burden

HCB has limited its 2016 subpoena requests to the time period of January 1, 2014, to the present. (ECF No. 295, at 2). Leighton Law Firm is not required to produce documents that have already been produced pursuant to the 2014 subpoena. The Court rejects Leighton Law Firm's general objections based on the "any and all" language in the requests. The Court rejects Leighton Law Firm's objections to requests in Paragraphs 15, 16, 20, 22, 24, 25, 28, 29, 30, 31, and 34 of the 2016 subpoena. Over three and a half years have passed since the amended final judgment awarding HCB a $2,019,495.82 judgment against Kennedy, and, as of the last hearing date before the Court, Kennedy had paid no portion of the judgment. HCB will be allowed a thorough examination to determine Kennedy's financial condition and to aid in collection of the judgment. HCB will not be required to reimburse the Leighton Law Firm for its expenses in responding to the 2016 subpoena. Those expenses should be borne by Kennedy.

Regarding the term "intangible right to receive money or property" in Paragraph 22, HCB clarified prior to the March 2016 motion hearing that "[i]ntangible right is a right to receive money or property from any source other than real property and physical personal property, including rights to receive money or property from stocks, bonds, loans, security interests, copyrights, patents, trademarks, judgments, leases, accounts receivable, and/or causes of action including

4

any pending, potential, or contingent claims." *Id.* Leighton Law Firm is ordered to produce documents related to Kennedy's rights to receive money or property in excess of $5,000.00 from stocks, bonds, loans, security interests, copyrights, patents, trademarks, judgments, leases, accounts receivable, and/or causes of action including any pending, potential, or contingent claims

### III. Conclusion

**IT IS HEREBY ORDERED** that Leighton Law Firm's [285] Motion to Quash or Alternatively for Protective Order is **DENIED**. Leighton Law Firm is to promptly respond to the 2016 subpoena.

**SO ORDERED**, this the 24th day of February, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE