IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HCB FINANCIAL CORP.                                    PLAINTIFF

V.                                    Civil Action No.: 1:10-cv-559-HSO-JCG

LEE F. KENNEDY                                         DEFENDANT

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

BEFORE THE COURT is the Motion for Protective Order, filed by Plaintiff Lee F. Kennedy n/k/a Lee McPherson (Kennedy). (ECF No. 286). Plaintiff HCB Financial Corp. (HCB) has filed a Response (ECF No. 297), and Kennedy has not filed a Reply. Having considered the written submissions, the record, and relevant law, the Court finds that Kennedy's Motion for Protective Order should be DENIED because Kennedy has not met her burden of demonstrating good cause.

Post-judgment discovery has been ongoing for over three years. Kennedy first produced responses to post-judgment discovery on December 17, 2013. She did not raise the issue of confidentiality until the instant Motion was filed on May 13, 2016. HCB has responded to Kennedy's belated Motion and raised concerns regarding how a protective order governing confidentiality would practically work at this point, given that HCB has been engaging in collection efforts since 2013. HCB submits that some dissemination of information to third parties is inevitable in order for HCB to execute the judgment. HCB also maintains that it would cause undue burden to require it to obtain retroactive confidentiality agreements. Kennedy has not responded to either argument. Kennedy has not been cooperative in post-judgment

discovery and, as of the last motion hearing, had not paid any portion of the $2,019,495.82 judgment. The Fifth Circuit Court of Appeals affirmed the judgment in 2014. *See HCB Fin. Corp. v. Kennedy,* 570 F. App'x 396, 400-01 (5th Cir. 2014).

HCB submits that it was due to Kennedy's evasive and obstructive tactics in answering HCB's discovery that HCB was required to issue subpoenas to numerous third parties, including Kennedy's former and current accountants. The subpoenas, according to Kennedy, resulted in "over six thousand pages of financial documents pertaining to Kennedy from third parties." (ECF No. 286, at 1). Kennedy seeks a confidentiality order to govern, not only the discovery that she produced to HCB, but also the documents that HCB has obtained by subpoena from third parties. Kennedy has not specifically identified the documents she seeks to protect beyond referring to them as financial documents. Kennedy has not responded to HCB's argument that portions of the discovery are public record.

The Court "may, for good cause," issue a protective order. Fed. R. Civ. P. 26(c)(1). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). It is not enough to assert that the law authorizes or prohibits a certain action; a party has to explain why and provide citations to relevant authorities. *See de la O v. Hous. Auth. of City of El Paso, Tex.,* 417 F.3d 495, 501 (5th Cir. 2005). Kennedy has presented a bare Motion for Protective Order with no memorandum containing supporting authorities or specific demonstrations of fact as

required by L.U.Civ.R. 7(b)(4). Kennedy has not addressed any of the arguments or concerns raised in HCB's response regarding how a confidentiality order can practically work in this post-judgment setting and at this late date. Kennedy has not met her burden of demonstrating good cause.

**IT IS, THEREFORE, ORDERD** that Kennedy's Motion for Protective Order (ECF No. 286) is **DENIED**.

**SO ORDERED**, this the 27th day of February, 2017.

s/ *John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE