IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| HCB FINANCIAL CORP., et al. | § | PLAINTIFFS |
|---|---|---|
| | § | |
| v. | § | Civil No. 1:10cv559-HSO-JCG |
| | § | |
| LEE F. KENNEDY, et al. | § | DEFENDANTS |

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT LEE F. KENNEDY'S MOTION [425] FOR LEAVE TO DEPOSIT FUNDS WITH THE COURT AND FOR AN ORDER DECLARING THE JUDGMENT SATISFIED**

BEFORE THE COURT is Defendant Lee F. Kennedy's Motion [425] for Leave to Deposit Funds with the Court and for an Order Declaring the Judgment Satisfied. After due consideration of the record, relevant legal authority, and Defendant Lee F. Kennedy's Motion [425], the Court is of the opinion that the Motion [425] should be granted in part and denied without prejudice in part, allowing Kennedy to deposit the funds into the registry of the Court, but denying any declaratory relief that the judgment in this case is satisfied. The Court will allow Plaintiff HCB Financial Corporation to file any motion to collect on post-judgment attorneys' fees or costs within thirty (30) days of the date of entry of this Order. The Court will deny Defendant Lee F. Kennedy's request for a hearing.

1

I.  RELEVANT BACKGROUND

This case involves the nonpayment of a Promissory Note, which was ultimately assigned to Plaintiff HCB Financial Corporation ("HCB") and personally guaranteed by Defendant Lee F. Kennedy ("Defendant" or "Kennedy").  On March 14, 2013, this Court granted HCB's Motion for Summary Judgment and entered a Final Judgment [139] against Kennedy and in favor of HCB.  Order [138].  The Court then entered an Amended Final Judgment [148] against Defendant Kennedy for $2,019,495.82, on July 11, 2013.  On June 4, 2014, the Fifth Circuit affirmed this Court's Order [138] granting summary judgment in favor of HCB and its Amended Final Judgment awarding $2,019,495.82.  USCA Op. [167].  Since entry of the Court's Amended Final Judgment on July 11, 2013, HCB has sought discovery relating to, and has engaged in efforts to collect upon, the judgment.  *See* ECF Docket, No. 1:10cv559-HSO-JCG.

Kennedy now moves for leave of Court to deposit $2,036,293.60 into the registry of the Court and for an order declaring that she has satisfied the judgment. Mot. [425].  In her January 25, 2019, Motion [425], Kennedy argues that she should be permitted under Federal Rule of Civil Procedure 67 to deposit the full amount of the Amended Final Judgment, along with accrued post-judgment interest through the date of her Motion [425] in the amount of $16,797.78.  Mot. [425]; Mem. in Support [426].  HCB responds that: (1) the money Kennedy wishes to deposit is not in dispute; (2) Kennedy is not entitled to a declaratory judgment stating that she has satisfied the Court's Final Judgment; and (3) Kennedy cannot use Rule 67 to

moot HCB's subpoenas and other collection efforts. Kennedy replies that she has made two distinct prayers for relief, one a request to deposit and another a request for a judicial determination that the judgment has been satisfied. Reply [440] at 1. In her Reply, Kennedy requests a hearing on her Motion [425]. *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 67 permits a party to seek leave of court to "deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67. It is within a district court's sound discretion whether to grant such leave to a requesting party. *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990); *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1469 (5th Cir.), amended, 831 F.2d 557 (5th Cir. 1987).

The invocation of Rule 67 is appropriate under the unique facts of this case. After HCB's protracted efforts to collect on this judgment, Kennedy now seeks to tender funds equal to the full amount of the Amended Final Judgment, plus accrued interest. *See* Motion [425]; Mem. in Support [426]; Resp. [430]. HCB, however, now claims that it is also entitled to an unspecified amount for attorneys' fees relating to its lengthy post-judgment collection efforts. *See* Motion [425]; Mem. in Support [426]; Resp. [430].

HCB spends a significant portion of its Response [430] tracing its efforts to collect upon the judgment in this case and the majority of it opposing Kennedy's request for a declaration that the judgment is satisfied. *See* Resp. [430]. HCB also reveals that it has filed a case against Kennedy in another court alleging civil

3

claims pursuant to the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C §§ 1961-68, and indicates that continued post-judgment discovery throughout this case has and will provide a supporting basis for at least some of its claims in that case. Resp. [430] at 2.

While HCB may be entitled to post-judgment attorneys' fees related to its protracted efforts to collect from Kennedy, it is not entitled to use this case as a discovery vehicle for uncovering evidence to use against Kennedy in another case. *See* Motion [425]; Resp. [430]. HCB has, at least in part, created the present dispute over the funds Kennedy wishes to deposit. *See Cajun Elec. Power*, 901 F.2d at 445 ("If the debt had been undisputed (that is, if [the plaintiff] had been willing to join with [the defendant] in a joint motion to confirm the arbitration award when it was rendered), the controversy that gave rise to this appeal would never have arisen in the first place."). While HCB should be afforded the opportunity to seek recovery of its attorneys' fees, it would be unfair to Kennedy to allow HCB to use this case as a means to continue discovery into other claims when she now seeks to satisfy the judgment. *See id.* (considering fairness in affirming a district court's order allowing a party to deposit funds).

In light of the foregoing, the Court finds that to the extent Kennedy's Motion [425] seeks to deposit the tendered funds into the registry of the Court, it should be granted. However, because the Court cannot determine whether to award, nor is there any present motion to seek, attorneys' fees relating to post-judgment collection efforts, it will deny without prejudice the portion of Kennedy's Motion

4

[425] that seeks a judicial determination that the judgment is satisfied. The Court will allow HCB to move for any post-judgment attorneys' fees within thirty (30) days of the date of entry of this judgment. Once the Court has adjudicated that request and Kennedy has paid to HCB any further sums she may owe, if any, the Court can then entertain a request to deem the judgment satisfied. Finally, because a hearing is unnecessary in order to resolve this Motion [425], Kennedy's request for a hearing will be denied.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Lee F. Kennedy's Motion [425] for Leave to Deposit Funds with the Court and for an Order Declaring the Judgment Satisfied is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Defendant Lee F. Kennedy shall immediately deposit funds in the amount of $2,036,293.60, representing the amount of the Amended Final Judgment and post-judgment interest through January 25, 2019, into the registry of the Court. Pursuant to Federal Rule of Civil Procedure 67(b), the Clerk of Court is directed to deposit the funds "in accordance with 28 U.S.C. §§ 2041-42 and any like statute," and "in an interest-bearing account or invested in a court-approved, interest-bearing instrument." The Court **DENIES WITHOUT PREJUDICE** Defendant Lee F. Kennedy's request for a determination that the judgment is satisfied, and will allow Plaintiff HCB Financial Corporation to file any motion for post-judgment attorneys' fees and costs within **thirty (30) days** of the date of entry of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Lee F. Kennedy's request for a hearing is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of February, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE