IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HCB FINANCIAL CORP., et al.**                                                              **PLAINTIFFS**

**V.**                                                    **Civil Action No.: 1:10cv559-HSO-JCG**

**LEE F. KENNEDY, et al.**                                                              **DEFENDANTS**

## ORDER DENYING HCB FINANCIAL CORP.'S
## MOTION TO COMPEL (ECF NO. 399)

BEFORE THE COURT is HCB Financial Corp.'s (HCB's) Motion to Compel (ECF No. 399). HCB requests the Court to compel production of documents that are being withheld by Bryan Nelson, P.A. (Bryan Nelson) and Defendant Lee F. Kennedy (Kennedy) on the basis of the attorney client privilege and the work product doctrine. HCB maintains that these privileges do not apply because of the crime-fraud exception. Bryan Nelson has filed a Response (ECF No. 403) to HCB's Motion to Compel, Kennedy has filed a Response (ECF No. 404), and HCB has filed a Reply (ECF No. 407). Having considered the submissions of the parties, the record, and relevant law, the Court concludes that HCB's Motion to Compel (ECF No. 399) should be DENIED.

### BACKGROUND

On December 9, 2010, HCB filed this suit against Kennedy to collect on Kennedy's personal guaranty, guaranteeing payment of a promissory note that was in default. HCB filed a motion for summary judgment, which the Court granted on March 14, 2013, finding that Kennedy failed to raise an issue of material fact regarding her liability on her personal guaranty. An amended final judgment

against Kennedy for $2.019,495.82 was entered on July 11, 2013. On July 7, 2014, the Court of Appeals for the Fifth Circuit affirmed.

Throughout the years since the judgment against Kennedy was affirmed, HCB has engaged in efforts and discovery to collect upon the judgment. Recently, on December 24, 2018, HCB filed a complaint in the United States District Court for the Western District of Texas against Kennedy and numerous other defendants, alleging civil claims pursuant to the Racketeer Influence and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-68, for their alleged active undermining HCB's collection efforts. *See HCB Fin. Corp. v. McPherson et al.,* Case No. 18-1120 (W.D. Tex. Dec. 24, 2018). In the RICO action, HCB alleges that Kennedy, her family members, accountants, engineers, real estate brokers, bankers, and business partners have engaged in a criminal enterprise through a pattern of racketeering, money laundering, and engaging in monetary transactions in property derived from unlawful activity, in order to defraud banks, title insurance companies, courts, and Kennedy's legitimate creditors, including HCB.

On January 25, 2019, Kennedy filed a Motion for Leave to Deposit Funds in the amount of $2,036,293.00, into the Court's registry, imploring that this amount would fully satisfy the judgment against her. United States District Judge Sul Ozerden allowed Kennedy to deposit the funds but denied her request for a determination that the judgment against her was satisfied. HCB has until on or before March 15, 2019, to file a motion for post-judgment attorneys' fees and costs

relating to HCB's post-judgment collection efforts.

The instant Motion to Compel was filed by HCB on November 8, 2018, before HCB filed the RICO suit and before Kennedy deposited $2,036,293.60 into the Court's registry. In its Motion to Compel, HCB seeks documents that are being withheld on the basis of attorney client privilege and as attorney work product. HCB maintains that the documents are not privileged under either theory because the crime-fraud exception applies. As support for this allegation, HCB alleges that Kennedy and her associates consummated a short sale scheme to transfer beachfront property in Destin, Florida (the Pink House), beyond HCB's reach. HCB seeks an order compelling Bryan Nelson to produce documents related to the Pink House transactions.

## DISCUSSION

Pursuant to the ongoing crime-fraud exception, privilege is overcome when an attorney-client communication or work product is intended to further continuing or future criminal or fraudulent activity. *In re Grand Jury,* 419 F.3d 329, 335 (5th Cir. 2005). The party seeking discovery of privileged information bears the burden of establishing a *prima facie* case that the attorney-client relationship was intended to further criminal or fraudulent activity. *Id.* "Allegations in pleadings are not evidence and are not sufficient to make a *prima* facie showing that the crime-fraud exception applies." *Id.* at 337.

Application of the crime-fraud exception is not appropriate here. HCB does

3

not address the elements of fraud in its briefing. As for bank fraud in violation of 18 U.S.C. § 1344(1) and (2), and perjury in violation 18 U.S.C. § 1621, Kennedy has not been charged or convicted of either crime; Kennedy has deposited $2,036,293.60 into the Court's registry; and the Pink House transactions are the subject of the RICO case, which is in its infancy. Judge Ozerden has instructed HCB that it is not entitled to use this case as a discovery vehicle for uncovering evidence to use against Kennedy in another case. (ECF No. 442, at 4). Also supporting the denial of HCB's Motion to Compel is HCB's briefing on the crime-fraud exception, which consists of a recitation of its elements, with no authority offered that applies the crime-fraud exception in circumstances similar to those here.

**IT IS, THEREFORE, ORDERED** that HCB's Motion to Compel Bryan Nelson, P.A., and Lee F. Kennedy to Produce Documents Pursuant to Subpoena Duces Tecum (ECF No. 399) is **DENIED**.

**SO ORDERED,** this the 25th day of February, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE