**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HCB FINANCIAL CORP.,**

      Plaintiff,

**v.**                                        **CASE NO. 1:10-CV-00559-HSO-JCG**

**LEE F. KENNEDY,**

      Defendant.

**MEMORANDUM IN SUPPORT OF HCB FINANCIAL CORP.'S MOTION FOR POST-JUDGMENT ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 69**

      HCB Financial Corp. ("**HCB**") respectfully submits this Memorandum in Support of its Motion for Post-Judgment Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 69 as follows:

## I.      INTRODUCTION

      On July 11, 2013, the Court entered its Amended Final Judgment[1] in favor of HCB and against Lee F. Kennedy n/k/a Lee F. McPherson ("**Kennedy**") in the amount of $2,019,495.82, representing the outstanding principal balance, prejudgment interest, expenses, and attorneys' fees incurred between HCB's substitution as plaintiff, May 11, 2012, through the date of the original Final Judgment, March 14, 2013.  The Amended Final Judgment was based on the Court's Memorandum Opinion and Order granting summary judgment in favor of HCB on its claims against Kennedy, which included an adjudication that Kennedy is liable to HCB for the reasonable attorneys' fees and costs incurred by HCB in collecting, or attempting to collect, from Kennedy, pursuant to the terms of the subject Continuing Personal Guaranty and Note, defined herein.

---

[1] [Doc. 148].

As detailed below, HCB has incurred substantial attorneys' fees and costs in its attempts to collect from Kennedy since the date of the original Final Judgment, March 14, 2013. These amounts were reasonably and necessarily incurred in connection with: (i) HCB's Motion to Alter or Amend Judgment filed April 11, 2013; (ii) defending Kennedy's appeal to the United States Court of Appeals for the Fifth Circuit; and (iii) HCB's time consuming, lengthy, and extensive post-judgment discovery and collection efforts. Since March 14, 2013, HCB has incurred a total amount of $1,015,016.62, representing $975,636.41 in fees and $39,380.21 in costs.

For the reasons set forth herein, HCB requests that the Court enter an award of post-judgment attorneys' fees and costs in favor of HCB against Kennedy in the total amount of $1,015,016.62, plus interest to accrue from and after at the rate allowed by law.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Pre-Judgment History.

On September 29, 2006, Mississippi Investors VI, LLC ("**MI**") executed the promissory note that formed the basis of this action in favor of Double A Firewood in the original principal amount of $7,438,400.00 (the "**Note**"), which included the following contractual attorneys' fee provision:

> In the event default be made in the payment of this note and if the same is placed in the hands of an attorney at law for collection, **the undersigned agree(s) to pay all costs of collection including a reasonable attorney's fee.**[2]

MI simultaneously executed and delivered a Deed of Trust to Double A Firewood securing the Note with real property collateral located in Stone County, Mississippi.[3] Central Progressive Bank ("**CPB**") had a junior lien on the same real property. Kennedy and three other individuals each executed a Continuing Personal Guaranty, in which each of them absolutely and

---

[2] [Doc. 10-1], Note at 2 (emphasis added).
[3] [Doc. 10-2], Deed of Trust.

unconditionally guaranteed the full and punctual payment and satisfaction of the debt owed under the Note.   Each Continuing Personal Guaranty included the following contractual attorneys' fee provisions:

> I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and **all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith**, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.
>
> While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of <u>Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100</u> Dollars (<u>$7,438,400.00</u>) plus interest accrued and unpaid thereon, and all costs, fees and expenses, **including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.[4]**

After Double A Firewood initiated foreclosure proceedings, CPB purchased the loan from Double A Firewood, and the Note, Deed of Trust, and Continuing Guaranty Agreements were assigned to CPB.[5]   CPB subsequently foreclosed on the real property on April 16, 2010. CPB was the highest, best, and only bidder, and, with a bid of $4,590,000.00, acquired the real property.   CPB then initiated this lawsuit to recover the post-foreclosure deficiency balance.   In its Amended Complaint, CPB specifically made a claim for the outstanding deficiency balance "together with interest, cost and expenses, including reasonable attorney's fees, with interest to accrue on said judgment until satisfied and paid . . . ."[6]

On November 18, 2011, the 22nd Judicial District Court of St. Tammany Parish, State of Louisiana, closed CPB, ordered its liquidation, and appointed the FDIC as receiver.[7]   First NBC

---

[4] [Doc. 10-3], Continuing Personal Guaranty at 2 (emphasis added).
[5] [Doc. 10-1] at 4; [Doc. 10-2] at 13-15; [Doc. 10-3] at 18.
[6] [Doc. 10] at 5.
[7] [Doc. 93-1], Order Closing CPB.

Bank, the initial acquiring institution, purchased certain of CPB's assets, including the Note and Guaranties.[8]   On May 4, 2012, HCB acquired the Note and Guaranties from First NBC Bank.[9]   On May 21, 2012, this Court entered an order substituting HCB as plaintiff.[10]

**B.      The Judgment.**

On October 12, 2012, HCB filed its Motion for Summary Judgment on its claims against Kennedy.[11]   On March 14, 2013, this Court entered its Memorandum Opinion and Order granting HCB's Motion for Summary Judgment.[12]   On the same date, the Court entered a Final Judgment, ordering, *inter alia*, that "Defendant Lee Kennedy's Counterclaim against HCB Financial Corporation is DISMISSED, and that Judgment is rendered in favor of HCB Financial Corporation pursuant to Fed. R. Civ. P. 56 on its claim against Lee Kennedy asserted in the Amended Complaint."[13]   While clearly granting HCB's claim against Kennedy, which pursuant to the Guaranty included the unpaid principal balance, interest, costs, expenses and attorneys' fees, neither the Final Judgment nor the Memorandum Opinion and Order included the dollar value of the Final Judgment to be enforced and collected by HCB.

On April 11, 2013, HCB filed its Motion to Alter or Amend Final Judgment to amend the judgment to include a dollar amount of $2,019,495.82, representing the outstanding principal balance, prejudgment interest, expenses, and attorneys' fees incurred between HCB's substitution as plaintiff, May 11, 2012, through the date of the Final Judgment, March 14,

---

[8] [Doc. 93-2], Purchase and Assumption Agreement.
[9] [93-3], Bill of Sale and Assignment.
[10] [Doc. 64].
[11] [Doc. 93].
[12] [Doc. 138].
[13] [Doc. 139].

2013.[14]  On July 11, 2013, the Court granted HCB's Motion to Alter or Amend Judgment and entered an Amended Final Judgment providing:

> IT IS, ORDERED AND ADJUDGED, that Judgment is rendered in favor of Plaintiff, HCB Financial Corporation against Defendant Lee Kennedy, for the sum of $2,019,495.82.

[Docs. 147, 148].

**C.      Appeal.**

On August 8, 2013, Kennedy appealed from the Amended Final Judgment in *HCB Financial Corp. v. Lee F. Kennedy*, United States Court of Appeals for the Fifth Circuit, No. 13-60560.[15]  On June 4, 2014, the Fifth Circuit entered its Opinion affirming this Court's Order granting HCB's Motion for Summary Judgment and Order granting HCB's Motion to Alter or Amend Judgment.[16]  The Fifth Circuit entered its Judgment affirming the Amended Final Judgment on July 7, 2014.[17]

**D.      HCB's Post-Judgment Collection Efforts.**

HCB's post-judgment discovery and collection efforts have been time consuming, lengthy, and extensive.  The Amended Final Judgment has remained outstanding for nearly six years because Kennedy – a highly sophisticated businessperson – intentionally avoided payment of her lawful obligations to HCB.  Kennedy, with her extensive personal and professional connections, has actively undermined and interfered with HCB's collection efforts.  In March 2016, U.S. Magistrate Judge John Gargiulo *sua sponte* threatened Kennedy with incarceration if she failed to participate in HCB's post-judgment discovery efforts.[18]

---

[14] [Doc. 140].
[15] [Doc. 153].
[16] [Doc. 167].
[17] [Doc. 168].
[18] *See* [Doc. 299], Transcript of 3/11/16 hearing on HCB's Motion to Compel and Motion for Contempt.

Following entry of the Amended Final Judgment, HCB began post-judgment discovery to enforce the Amended Final Judgment.  On July 22, 2013, HCB served its first post-judgment interrogatories, requests for production, and requests for admissions.[19]   HCB also noticed Kennedy's post-judgment deposition in aid of execution of the Judgment.[20]   Throughout post-judgment discovery, Kennedy has been wholly uncooperative, forcing HCB to file three separate motions to compel just with respect to her responses to HCB's 2013 discovery requests.[21]  Kennedy even served HCB with post-judgment discovery despite having no right to do so.[22]  On March 30, 2016, HCB served its second set of post-judgment discovery requests to Kennedy in accordance with this Court's Order granting in part and denying in part HCB's Revised Motion to Compel and for Contempt.[23]

HCB conducted post-judgment examinations of Kennedy twice – the first time on December 19, 2013, and the second time on May 1, 2014.  Throughout both depositions, Kennedy was evasive and untruthful. For example, during her December 19, 2013, and her May 1, 2014, depositions, Kennedy answered that she did not know or did not recall information responsive to HCB's queries approximately 160 times.

Because of Kennedy's obfuscation, HCB has had no choice but to pursue detailed, laborious and time consuming post-judgment discovery through multiple subpoenas to non-party sources, such as Kennedy's accountants and bookkeepers in New York and Texas, Kennedy's business associates, several state and nationally chartered banks, title insurance companies and their agents, real estate brokers, companies in which Kennedy has invested since entry of the Judgment (despite Kennedy's representations under oath of lack of funds available to pay the

---

[19] [Docs. 149, 150, 151].
[20] [Doc. 152].
[21] *See* [Docs. 159, 191, 193].
[22] *See* [Docs. 163, 164, 165].
[23] [Doc. 250], Order.

Judgment), and even law firms that have represented Kennedy.  Since the entry of the Final Judgment, Kennedy has transferred nearly $4,000,000.00 to or through those law firms.

There are currently 448 docket entries in this matter, 300 of which came after the entry of the Amended Final Judgment.  HCB has issued more than 70 subpoenas to third parties located in at least ten (10) states in connection with its post-judgment efforts.[24]  Rather than satisfying the Judgment or engaging in efforts to resolve the Judgment, Kennedy proceeded to obstruct and thwart HCB's efforts to obtain post-judgment information to effect recovery of the Judgment. Below is a summary of the post-judgment motion practice in this Court alone:

- HCB's Motion to Compel Plaintiff's Post-Judgment Discovery Responses [Doc. 159] – 11/27/13;

- Motion to Quash Subpoena and/or for Protective Order filed by Neil McPherson [Doc. 181] – 11/17/2014;
    - HCB's Response in Opposition [Doc. 186] – 12/12/14;

- HCB's Motion to Compel Subpoena to Neil McPherson[25] [Doc. 189] – 1/22/15;

- HCB's Motion to Compel against Kennedy [Doc. 193] – 7/30/15;

- HCB's Motion for Contempt against Kennedy [Doc. 195] – 7/30/15;

- Hearing on HCB's Motion to Compel and for Contempt – 3/11/16 – [Doc. 299], Transcript;

- Order Granting in part and denying in part HCB's Motion to Compel and for Contempt [Doc. 250] – 3/28/16;

- Kennedy's Motion to Quash Subpoena to Mead Law Firm or Alternatively for Protective Order [Doc. 266] – 4/5/16;
    - HCB's Response in Opposition [Doc. 279] – 4/19/16;

---

[24] *See* [Docs. 169, 171, 180, 251, 252, 253, 254, 255, 256, 257, 310, 312, 313, 317, 319, 325, 327, 328, 329, 330, 331, 332, 334, 340, 343, 344, 353, 357, 359, 363, 366, 367, 368, 369, 370, 371, 372, 373, 374, 379, 380, 384, 386, 387, 389, 393, 394, 395, 396, 397, 408, 409, 410, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 431, 432, 433, 434, 435, 436, 437, 438]
[25] Neil McPherson is Kennedy's ex-husband.

- Kennedy's Motion to Quash Subpoena to Leighton Law Firm, PLLC, or Alternatively for Protective Order [Doc. 267] – 4/5/16;
  - HCB's Response in Opposition [Doc. 281] – 4/19/16;

- Kennedy's Motion to Quash Subpoena to Gibraltar Title Services, Inc. or Alternatively for Protective Order [Doc. 268] – 4/6/16

- Kennedy's Motion to Quash Subpoena to Old South Land Title Company or Alternatively for Protective Order [Doc. 269] – 4/6/16

- Kennedy's Motion to Quash Subpoena to Emmanuel Kniahynycky, or Alternatively for Protective Order [Doc. 270] – 4/6/16

- Kennedy's Motion to Quash Subpoena to Lachman & Lachman or Alternatively for Protective Order [Doc. 271] – 4/6/16

- Kennedy's Motion to Quash Subpoena to Cherry Hills Capital Funding, LLC, or Alternatively for Protective Order [Doc. 272] – 4/7/16

- Order denying Docs. 266, 267, 268, 269, 270, 271, and 272 due to noncompliance with Local Uniform Civil Rule 37 [Doc. 283] – 4/20/16;

- Motion to Quash and for Protective Order filed by Leighton Law Firm, PLLC [Doc. 285] – 5/2/16;
  - HCB's Response in Opposition [Doc. 294] – 5/25/16;

- Kennedy's Motion for Protective Order [Doc. 286] – 5/13/16;
  - HCB's Response in Opposition [Doc. 297] – 6/3/16;

- Order denying Doc. 285 [Doc. 308] – 2/24/17;

- Order denying Doc. 286 [Doc. 309] – 2/27/17;

- HCB's Motion to Compel Subpoena Duces Tecum to Bryan Nelson PA [Doc. 399] – 11/8/18.

In addition, HCB has litigated and continues to litigate post-judgment discovery motions in federal courts in Colorado, Michigan, Florida, Louisiana, and Texas in the following cases:

| Style of Case | Filed | Status |
|---|---|---|
| *HCB Financial Corp. v. Neil Edward McPherson*, U.S.D.C., W.D. Tex., Case No. 1:14-mc-01025-LY | 11/10/14 | Transferred |

| Style of Case | Filed | Status |
|---|---|---|
| *HCB Financial Corp. v. Cherry Hills Capital Funding, LLC*, U.S.D.C., D. Colo., Case No. 1:16-mc-00206-RBJ-MJW | 10/19/16 | Motion to Compel granted. |
| *HCB Financial Corp. v. Emmanuel Kniahynycky*, U.S.D.C., E.D. Mich., Case No. 2:17-mc-51184-LJM-APP | 08/24/17 | Resolved |
| *HCB Financial Corp. v. Mead Law Firm, PLLC*, U.S.D.C., N.D. Fla., Case No. 3:18-mc-00011-MCR-CJK | 02/20/18 | Pending |
| *Leighton, Michaux, Adkinson & Brown, PLLC v. HCB Financial Corp.*, U.S.D.C., W.D. Tex., Case No. 1:18-mc-00988-LY | 11/16/18 | Pending |
| *HCB Financial Corp. v. Beary & Oakes, LLC*, U.S.D.C., E.D. La., Case No. 2:19-mc-01040-LMA-MBN | 02/15/19 | Pending |

In *Leighton, Michaux, Adkinson & Brown, PLLC v. HCB Financial Corp.*, Leighton, Michaux, Adkinson & Brown, PLLC, filed a Motion to Quash a subpoena duces tecum after previously agreeing to produce documents without a subpoena. HCB filed its response on December 7, 2018. That motion remains pending in the Texas district court.

In *HCB Financial Corp. v. Beary & Oakes, LLC*, HCB filed a Motion to Compel Beary & Oakes, LLC, to comply with a subpoena duces tecum.  In that same proceeding, Beary & Oakes, Fat Bankers Social Aid & Please Club, LLC, and Maison Cachet of Gonzales, LLC filed a joint Motion to Quash the subpoenas duces tecum served upon them.  Those motions remain pending and are scheduled for hearing on March 20, 2019.

HCB has domesticated the Amended Final Judgment and perfected its judgment lien in numerous jurisdictions. On January 4, 2014, HCB recorded the Amended Final Judgment in Official Records Book 2940, Page 2353, of the Public Records of Walton County, State of Florida.  On January 17, 2014, HCB recorded the HCB Judgment in Official Records Book 3133, Page 1260, of the Public Records of Okaloosa County, State of Florida.  On May 9, 2014, HCB filed an Electronic Judgment Lien Certificate with the Florida's Central Judgement Lien

9

Registry, as Instrument No. J14000561984.  On September 8, 2014, HCB domesticated the HCB

Judgment in the State of Texas in that certain civil action styled *HCB Financial Corp. v. Lee F.*

*Kennedy*, District Court, Travis County, Cause No. D-1-GN-14-003506.

HCB has also registered the Judgment in multiple United States District Courts, as shown

on the following table:

| Date Filed | Style | Court | Case Number |
|---|---|---|---|
| 01/06/15 | HCB Financial Corp. v. Kennedy | U.S.D.C., S.D.N.Y. | 1:2015mc00002 |
| 08/21/15 | HCB Financial Corp. v. Kennedy | U.S.D.C., W.D. La. | 5:2015mc00024 |
| 04/06/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., N.D. Tex. | 1:2016mc00003 |
| 04/07/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., S.D. Tex. | 4:2016mc00776 |
| 04/08/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., W.D. Tex. | 1:2016mc00450 |
| 04/14/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., E.D. Tex. | 1:2016mc00003 |
| 04/19/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., D. Colo. | 1:2016rj00006 |
| 10/07/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., M.D. Ga. | 1:2016mc00002 |
| 11/03/16 | HCB Financial Corp. v. Kennedy | U.S.D.C., N.D. Ga | 1:2016mi00090 |
| 01/18/19 | HCB Financial Corp. v. Kennedy | U.S.D.C., C.D. Cal. | 2:2019mc00008 |

In addition, HCB has obtained multiple charging orders against numerous entities owned

by Kennedy in multiple jurisdictions.  On December 16, 2014, HCB obtained a charging order in

Travis County Court, Texas, against eleven (11) entities.[26]

### 1.  Louisiana Enforcement Efforts.

On August 21, 2015, HCB registered its judgment against Kennedy in the United States

District Court for the Western District of Louisiana in that certain miscellaneous action styled

*HCB Financial Corp. v. Lee F. Kennedy,* W.D. La. Case No. 5:2015-mc-0024.  On October 25,

2016, the Louisiana district court entered an Order granting HCB's ex parte motion for charging

order against LK Freyer Investments, LLC.[27]  The Louisiana Charging Order also required

Kennedy and LK Freyer Investments to provide HCB complete copies of all of Kennedy's

---

[26] *See* **Exhibit "1," Texas Charging Order**.  The Texas Charging Order was entered against Lee Kennedy Investments, LP, LFK GP, LLC, Rockcliff Holdings, LP, Rockcliff Holdings-GP, LLC, Hungry Otter Holdings, LLC, Rivercrest Lot, LLC, FH Aspen, LLC, LKF Investments-Texas, LLC, KWF Group, LLC, Chesapeake Kennedy, LLC, and BCL Kennedy, LLC.
[27] *See* **Exhibit "2," Louisiana Charging Order**.

financial statements, Schedule K-1s, and tax returns immediately upon, but in no event later than 15 days after, receipt of the same.[28]  To date, neither Kennedy nor LK Freyer Investments have fulfilled their obligations under the Louisiana Charging Order. Instead, Kennedy and the entities subject to charging orders in Texas, Florida, and Louisiana have repeatedly violated the charging orders, which HCB discovered only through its post-judgment discovery efforts.

**2.   Florida Enforcement Efforts.**

**a.   Florida State Court Action.**

On September 17, 2014, HCB filed an action to obtain charging orders in the Circuit Court of Okaloosa County, Florida (the "**Florida Court**").  There are 96 entries on the docket for the Florida Court.  Kennedy's actions in the Florida Court were a continuation of her efforts to avoid paying the Amended Final Judgment and to obstruct HCB's efforts to locate Kennedy's assets to satisfy the Amended Final Judgment.

On the eve of an October 17, 2014 hearing for issuance of the charging orders, an entity, Hyperion Gulf Coast Ventures, LP ("Hyperion"), moved to intervene in the proceedings. Although unknown at the time, Hyperion was beneficially owned and controlled by Kennedy's then husband, Neil McPherson.  Hyperion now is beneficially owned and controlled by Kennedy herself.  Hyperion sought and obtained priority in Charging Orders issued by the Florida Court.

On November 10, 2014, and December 2, 2014, the Florida Court entered charging orders (the "**Florida Charging Orders**") in favor of HCB against the following seven (7) of Kennedy's entities (the "**Florida Charged Entities**'):[29]

| Issue Date | Charged Entity | Recording Date | County, State | Book | Page |
|---|---|---|---|---|---|
| 11/10/2014 | BK Properties II, LLC | 11/14/14 | Okaloosa County, FL | 3172 | 2995 |
| 11/10/2014 | Iron Glades Slope, LLC | 11/14/14 | Okaloosa County, FL | 3172 | 3000 |
| 12/02/2014 | Lee Freyer Kennedy Crestview, LLC | 12/09/14 | Okaloosa County, FL | 3175 | 2777 |

---

[28] *Id.* at ¶ (3).
[29] *See* **Exhibit "3," Florida Charging Orders**.

| 12/02/2014 | Lee Freyer Kennedy Crestview II, LLC | 12/09/14 | Okaloosa County, FL | 3175 | 2781 |
|---|---|---|---|---|---|
| 12/02/2014 | Lagniappe Funding, LLC | 12/09/14 | Okaloosa County, FL | 3175 | 2785 |
| 12/02/2014 | Kennedy Five Acres Crestview, LLC | 12/09/14 | Okaloosa County, FL | 3175 | 2789 |
| 12/02/2014 | Holiday Isle LFK Investments, LLC | 12/09/14 | Okaloosa County, FL | 3175 | 2793 |

Although Hyperion failed to disclose that Kennedy's then-husband controlled Hyperion, Hyperion obtained priority over HCB in the Florida Charging Orders issued for BK Properties II, LLC and Iron Glades Slope, LLC.

The Florida Charging Orders required the Florida Charged Entities to file a sworn answer within thirty (30) days of service, and each year thereafter, with information regarding distributions and capital and income accounts attributable to Kennedy. A Notice of Service of the Charging Orders was filed on August 12, 2016.

On July 17, 2017, HCB filed a Motion for Contempt Order against Lee Freyer Kennedy Crestview, LLC; Lee Freyer Kennedy Crestview II, LLC; Holiday Isle LFK Investments, LLC; Kennedy Five Acres Crestview, LLC; and Lagniappe Funding, LLC, because those entities failed to fulfill their obligations under the Florida Charging Orders.

On August 18, 2017, just minutes before the hearing on HCB's Motion for Contempt Order, Kennedy filed an affidavit attesting that none of those entities made any distributions to her after December 3, 2018.  On September 7, 2017, the Florida Court granted HCB's Motion for Contempt Order (the "**Contempt Order**"), which imposed a civil fine in the amount of $5,000 on the Florida Charged Entities if they failed to comply with the Florida Charging Orders within thirty (30) days, and an additional fine of $2,500 for each 30-day period thereafter.  At the time the Florida Court entered the Contempt Order, Kennedy was the manager or managing member of each of the Florida Charged Entities.

Because Kennedy and the Florida Charged Entities still had not complied with the Florida Charging Orders or the Order granting HCB's Motion for Contempt Order, on June 12,

2018, HCB filed a Motion for Further Contempt Orders, to Foreclose Interests, to Appoint Receiver, and to Reduce Civil Fines to Judgment ("**Motion for Further Contempt**").   On September 12, 2018, the Court held a hearing on HCB's Motion for Further Contempt Orders.   At the hearing, the Court requested post-hearing briefing regarding the issue of service of the Florida Charging Orders on the Florida Charged Entities.

On September 13, 2018, HCB submitted the post-hearing briefing as requested by the court, and on September 14, 2018, Defendant Kennedy submitted her post-hearing briefing.  On September 26, 2018, the Court notified the parties via email that the Court was granting HCB's Motion for Further Contempt Orders.  Thereafter, HCB submitted a proposed Order Granting HCB's Motion for Further Contempt Orders.  Counsel for Kennedy was provided a copy of the proposed Further Contempt Orders and had no objection to the form or substance of the proposed Further Contempt Orders.

On October 25, 2018, the Florida Court entered an Order granting the Motion for Further Contempt (the "**Further Contempt Order**").  In the Further Contempt Order, the Florida Court entered judgment against each of Lee Freyer Kennedy Crestview, LLC; Lee Freyer Kennedy Crestview II, LLC; Holiday Isle LFK Investments, LLC; Kennedy Five Acres Crestview, LLC; and Lagniappe Funding, LLC, in the amount of $35,000.00 each, for a total of $175,000.00, and ordered them to pay the judgment within thirty (30) days.  As of the filing of this Motion, the Florida Charged Entities continue in their contempt of court and have failed to comply with the Contempt Order, Further Contempt Order, and Florida Charging Orders.  According to the Contempt Order and the Further Contempt Order, the Florida Charged Entities each owed $40,000 in civil fines and $200,000 in the aggregate.

On November 1, 2018, Kennedy filed Motion for Reconsideration that essentially regurgitated the arguments raised at the earlier contempt hearings.  The same day, the Florida Charged Entities entered a limited appearance for purposes of challenging alleged defects in service of the Florida Charging Orders.  Of particular relevance, at all relevant time periods, Kennedy was the Managing Member or a Member of each of the Florida Charged Entities and had full knowledge and even participated in each of the contempt proceedings.

On January 7, 2019, the Court held a hearing on the Florida Charged Entities' challenge to jurisdiction and Kennedy's Motion for Reconsideration.  On February 6, 2019, the Court entered an Order Granting In Part and Denying in Part the Challenge to Jurisdiction and Motion for Reconsideration.  The Order denied the challenge to jurisdiction regarding the entry of the Florida Charging Orders and held that the Florida Charging Orders as to each of the Florida Charged Entities were validly entered.  The Order granted the Florida Charged Entities' challenge to jurisdiction related to entry of the Initial Contempt Orders and the Further Contempt Orders.  HCB has filed a Motion for Reconsideration of the Court's ruling on the Florida Charged Entities' Challenge to Jurisdiction and the Court has scheduled a hearing on HCB's Motion for April 30, 2019.

### b. Florida State Court Garnishment Action.

The Florida Court action also involved a garnishment proceeding involving counsel for Kennedy.  On June 27, 2018, Richard Petermann of the law firm Anchors Smith Grimsley filed a Notice of Appearance as co-counsel for Kennedy.  Shortly thereafter, in July 2018, HCB learned during post-judgment discovery to enforce the Judgment that in June 2018 Kennedy had improperly directed KWF Group, LLC, one of Kennedy's many Texas LLCs, to pay her legal fees to Anchors Smith Grimsley.  Kennedy ordered the transfer of funds from KWF Group, LLC,

to Anchors Smith Grimsley in flagrant violation of the Texas Charging Order that had been issued more than three (3) years earlier.  Anchors Smith Grimsley did not assert an attorney-client relationship with KWF Group, LLC.

On July 3, 2018, HCB filed an Ex Parte Motion for Issuance of Writ of Garnishment to the law firm of Anchors Smith Grimsley, and the Writ of Garnishment was issued on the same date.  On July 5, 2018, HCB caused the Writ of Garnishment to be served on Anchors Smith Grimsley and filed the Notice of Service of the Writ on July 12, 2018.

On July 12, 2018, HCB also filed a Certificate of Service Pursuant to Fla. Stat. § 77.041(2) reflecting that copies of the (i) Writ of Garnishment directed to Anchors Smith Grimsley; (ii) Notice to Kennedy of Right Against Garnishment (attached to Writ of Garnishment); and (iii) HCB's Motion for Writ of Garnishment were mailed to Kennedy.  On July 25, 2018, Anchors Smith Grimsley filed an Answer to the Writ of Garnishment signed by Richard Petermann falsely claiming that the law firm had no other goods, money, chattels, effects, or other tangible or intangible personal property of Kennedy at the time of its Answer and at the time of the service of the Writ and any time in between those periods.

At the time of receipt of the Answer, HCB had no reason to believe that the Answer was false, but HCB later learned that the Answer was false when it was filed.  On August 10, 2018, more than 20 days after the date reflected in HCB's Certificate of Service, Kennedy filed an untimely Motion to Dissolve the Writ of Garnishment.

On September 20, 2018, HCB's counsel, by letter, advised Anchors Smith Grimsley that HCB had obtained banking records reflecting that Anchors Smith Grimsley had received $4,000 by wire transfer on June 21, 2018, from KWF Group, LLC, whose Manager is Kennedy, in violation of the Texas Charging Order.  Anchors Smith Grimsley never responded to the

September 20, 2018, letter.

On October 29, 2018, HCB sent an additional letter to Anchors Smith Grimsley demanding disgorgement of the $4,000 Anchors Smith Grimsley received from KWF Group, LLC on behalf of Kennedy in violation of the Texas Charging Order.  Counsel for Kennedy responded with intransigence and refused to disgorge the $4,000 received from KWF Group, LLC on behalf of Kennedy in violation of the Texas Charging Order.

On November 5, 2018, HCB filed a Notice of Subpoena Duces Tecum Without Deposition (the "Subpoena") to Non-Party, Anchors Smith Grimsley.  On November 19, 2018, Kennedy filed an Objection to the Subpoena Duces Tecum.  Kennedy objected to the request for all documents regarding payment of her attorney's fees and receipts and disbursements from or to her and approximately 55 entities associated with her on the basis of the attorney-client privilege.  On November 28, 2018, Anchors Smith Grimsley filed a Motion for Protective Order, even though it had not been served with the Subpoena and claimed that the documents sought by the Subpoena were "attorney/client privileged communications."

On December 3, 2018, HCB filed a Motion Seeking a Ruling on Defendant's Objections and Anchors Smith Grimsley's Motion for Protective Order.  On January 14, 2019, the court held a hearing on HCB's Motion and orally overruled Kennedy's Objections and Anchors Smith Grimsley's Motion for Protective Order.  On February 1, 2019, the court entered an Order Denying Kennedy's Objections and Anchors Smith Grimsley's Motion for Protective Order. The court ordered Anchors Smith Grimsley to produce all documents responsive to the Subpoena within seven (7) days of service of the Subpoena.

On February 4, 2019, HCB served the Subpoena on Anchors Smith Grimsley.  On February 12, 2019, Anchors Smith Grimsley produced only eight (8) pages of documents in

response to the Subpoena.  The production was grossly deficient and appeared to be an attempt to delay and potentially conceal highly relevant and responsive documents.

On February 13, 2019, HCB advised Anchors Smith Grimsley by letter of the gross deficiencies in its production.   On February 15, 2019, Anchors Smith Grimsley produced an additional 147 pages of documents responsive to the Subpoena, without explanation for why it failed to produce these responsive documents prior to the deadline for production established by the court.  Notwithstanding, the production was still deficient.

On March 8, 2019, HCB had to send a third letter to Anchors Smith Grimsley citing additional deficiencies in the production.   On March 13, 2019, Anchors Smith Grimsley produced an additional 31 pages, again without explaining why those responsive documents were not produced prior to the deadline to produce additional responsive documents.  Anchors Smith Grimsley continues to withhold responsive documents without appropriate basis.

### c.  Florida Federal Court Action.

In addition, HCB was required to file a federal Miscellaneous Action in the United States District Court for the Northern District of Florida on February 20, 2018 ("**Florida Federal Action**"), to compel compliance with a subpoena HCB issued from this Court to the Mead Law Firm ("**Mead**").  Mead had provided legal services to Kennedy, including services that involved Kennedy's disposition of assets post-Judgment from various entities.  There are 30 entries on the docket for the Florida Federal Action.

When the subpoena to Mead originally was issued on or about March 29, 2016, Kennedy, not Mead, filed an objection to the Mead subpoena, which objection was denied by this Court. Thereafter and prior to filing the Florida Federal Action, HCB made many attempts to obtain

from Mead voluntary compliance with the subpoena.  Mead repeatedly stonewalled and refused to produce any documents.

As a result of additional efforts made by HCB in 2017, on or about November 3, 2017, Mead eventually produced 548 pages of documents in seven (7) .pdfs, more than a year and a half after the subpoena had been issued.  Notwithstanding, because Mead continued to withhold from production more than 800 pages of responsive documents, had not served written objections to the subpoena, and had served a defective privilege log, HCB was forced to file the Florida Federal Action to obtain Mead's full compliance with the subpoena.

Shortly after filing the Florida Federal Action, Mead's counsel voluntarily produced an additional 369 pages of documents and also served a revised privilege log.  Mead also filed its Opposition to HCB's Motion to Compel and for Sanctions on April 4, 2018.  With leave of court, on April 30, 2018, HCB filed a Reply to Mead's Opposition, and on May 7, 2018, Mead filed a Sur-reply.  On October 26, 2018, the court set the matter for hearing.

Thereafter, with approval from the court, the parties entered into an agreement to continue the matter.  HCB was scheduled to take Mead's deposition on or about February 26, 2019, but Mead's deposition is now scheduled for May 13, 2019.

### 3.  New York Enforcement Efforts.

In 2015, HCB attempted to garnish Kennedy's accounts at JP Morgan Chase Bank N.A. ("JPMC"). Kennedy obstructed even those efforts to avoid payment of her obligations under the Amended Final Judgment. For example, Kennedy committed a fraud on the court related to HCB's garnishment efforts in New York by claiming the amounts on deposit were exempt from collection because those amounts were the proceeds of domestic support obligations/child support or were social security payments.

18

On or about January 6, 2015, HCB filed that certain miscellaneous action styled *HCB Financial Corp. v. Lee F. Kennedy*, United States District for the Southern District of New York, Case No. 15MISC00002, in which HCB registered the HCB Judgment in the Southern District of New York. In Case No. 15MISC00002, on or about August 20, 2015, HCB served on both JPMC and Kennedy a Restraining Notice to Garnishee, Exemption Notice, and Exemption Claim Form. A true and correct copy of the Exemption of Claim Form is attached as **Exhibit "4."**

The Exemption Claim Form instructed as follows:

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice.

**If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.[30]

The Exemption Claim Form included the following certification: "I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief."[31]

On or about September 14, 2015, Kennedy executed and returned the Exemption Claim Form to HCB's counsel in Case No. 15MISC00002.[32]   Kennedy claimed that her accounts at JPMC were exempt from garnishment because those accounts contained social security and child support.[33]

In the absence of post-judgment discovery through JPMC, HCB would not have been able to determine whether Kennedy's representations regarding social security and child support were true. In reality, as HCB later learned, Kennedy had several accounts at JPMC, only one of

---

[30] Ex. 4 at 1.
[31] *Id.*
[32] *Id.*
[33] *Id.*

which contained any deposits of social security or child support. Beginning in September 2014, Kennedy received monthly deposits from Social Security into her account ending in 8264 at JPMC. Kennedy's other accounts at JPMC had never received social security deposits. As of August 20, 2015, and September 14, 2015, Kennedy's personal account balances in her non-social security accounts at JPMC were as follows:

| Account Holder | Account No. | Balance as of 08/20/2015 | Balance as of 09/14/2015 |
|---|---|---|---|
| Lee Freyer Kennedy | 1065 | $2,450.00 | $3,262.42 |
| Lee Kennedy Pink House | 4358 | $17,757.84 | $69.14 |
| Lee Freyer Kennedy | 9320 | $1,239.88 | $(1,095.12) |

Kennedy's representations in Exemption Claim Form were false, but Kennedy never provided information to HCB by which it could determine whether Kennedy's representations were truthful.

**4. California Enforcement Efforts.**

Kennedy formed Canndescent JV, LLC ("**JV**") for the purpose of investing in Fiore Management d/b/a Canndescent ("**Fiore**"), an entity which grows and sells recreational cannabis in California. JV made a substantial investment in Fiore.

On March 6, 2018, JV, along with MSLTD, LLC ("**MSLTD**"), another entity which had invested in Fiore and whose sole member and manager is Christopher Beary ("**Beary**"), filed a breach of contract and other claims against Fiore in the case styled *Canndescent JV, L.L.C., et al. v. Fiore Management, L.L.C., et al.*, Case No. 18CV01128, Superior Court of the State of California, County of Santa Barbara (the "**California Court**") (the "**California Action**"). Fiore answered and cross-complained against JV, MSLTD, Kennedy, and Beary.

On January 18, 2019, the parties to the California Action agreed to settle the matter, in which Fiore would pay considerable sums to JV and MSLTD. On January 18, 2019, HCB

domesticated the Amended Final Judgment in the Central District of California and sought leave to intervene in the California Action to assert a claim for fraudulent transfer, contending that Kennedy created JV and used a substantial amount of her funds which could have been used to pay the Amended Final Judgment to instead make the investment in Fiore, for the purpose of interfering with HCB's attempts to collect on its judgment.  The California Court granted HCB's motion for leave to intervene on February 4, 2019.  On March 15, 2019, the California Count entered its tentative ruling denying JV, MSLTD, Kennedy and Beary's motion for reconsideration of the court's order allowing intervention.

Kennedy made no effort to satisfy the Amended Final Judgment until **<u>after</u>** HCB filed its lien in the California Action.

**E.     Kennedy's Attempt to Satisfy the Judgment.**

On January 25, 2019, Kennedy filed a Motion for Leave to Deposit Funds with Court and For Order Declaring Judgment Satisfied ("**Motion to Deposit**").[34]  In the Motion to Deposit, Kennedy requested that this Court allow her to deposit $2,036,293.60 into the registry of the court, representing the principal amount of the Amended Final Judgment and post-judgment interest in the amount of $16,797.78 as of January 25, 2019.  *Id.*  Further, Kennedy sought a ruling that this amount would fully satisfy the judgment, disputing any claim for post-judgment attorneys' fees and costs.  *Id.*  HCB filed its Response in Opposition to the Motion to Deposit on January 31, 2019.[35]

On January 30, 2019, Kennedy filed a Motion to Quash Subpoenas Duces Tecum and/or For Protective Order ("**Motion to Quash**").[36]  In the Motion to Quash, Kennedy argued that the court should quash numerous subpoenas duces tecum HCB issued to non-parties based on her

---

[34] [Doc. 425], Motion to Deposit.
[35] [Doc. 430].
[36] [Doc. 428].

filing the Motion to Deposit.  *Id.*  HCB filed its Response in Opposition to the Motion to Quash on February 13, 2019.[37]  The Motion to Quash is still pending.

On February 13, 2019, this Court entered an Order Granting in Part and Denying Without Prejudice in Part Kennedy's Motion to Deposit.[38]  In that Order, this Court: (i) ordered Kennedy to immediately deposit funds in the amount of $2,036,293.60, representing the amount of the Amended Final Judgment and post-judgment interest through January 25, 2019, into the registry of the court; (ii) denied without prejudice Kennedy's request for a determination that the judgment is satisfied; and (iii) allowed HCB to file a motion for post-judgment attorneys' fees and costs within thirty (30) days of the date of the order.  *Id.*

### III.    LAW AND ARGUMENT

"It is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  "[The Supreme] Court has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.'"  *Id.* (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)).  "Thus, even 'years after the entry of a judgment on the merits' a federal court c[an] consider an award of counsel fees."  *Id.* at 395-96 (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 451, n. 13 (1992)); *see also Wright v. Blue*, 2018 U.S. Dist. LEXIS 11880, *6-7 (E.D. La. Jan. 25, 2018) (district court granted motion for attorneys' fees incurred post-judgment nearly a year after entering its original judgment awarding attorneys' fees and costs); *Greyhound Fin. Corp. v. TSM Fin. Group*, 1995 U.S. Dist. LEXIS 13807, *7 (N.D. Ill. Sept. 20,

---

[37] [Doc. 443].
[38] [Doc. 442].

1995) ("where a plaintiff must move for additional relief to enforce a judgment, an award of costs and reasonable attorneys' fees is proper") (citations omitted).

A post-judgment motion for fees incurred in enforcing a judgment is considered a "proceeding supplementary to and in aid of a judgment" governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a); *see also Carnes v. Zamini*, 488 F.3d 1057, 1059-61 (9th Cir. 2007) (holding a motion for fees incurred in enforcing a judgment is a supplemental proceeding governed by Rule 69(a)). "The Supreme Court "has indicated that motions for costs or attorney's fees are 'independent proceeding[s] supplemental to the original proceeding.'"  *Id.* at 1060 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)); *see also* 13 MOORE'S FEDERAL PRACTICE – CIVIL § 69.03 (2018).  Thus, Rule 69(a) governs the award of post-judgment fees and costs.

Rule 69(a) requires the court to apply state law to "proceedings supplementary to and in aid of a judgment" unless there is a federal statute that would apply.  Fed. R. Civ. P. 69(a).  "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."  *Carnes*, 488 F.3d at 1060 (citing *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837-38 (9th Cir. 2001)).  Because this is a diversity action, Mississippi substantive law applies to HCB's Motion.  *Id.*

In Mississippi, attorneys' fees may only be awarded if there is statutory authority or a contractual provision that authorizes the award of attorneys' fees, or if an award of punitive

damages is proper.  *Fulton v. Miss. Farm Bureau Cas. Ins. Co.*, 105 So. 3d 284, 287-88 (Miss. 2012).  If a statute or contractual provision creates the right to attorneys' fees, the trial court has the authority to award attorneys' fees as a collateral matter post-judgment.  *See Fulton*, 105 So. 3d at 288 ("If independent grounds for attorney's fees exist, a trial judge may award such fees collaterally").  In such a case, "motions for reassessment of attorneys' fees lie outside Rule 59(e), because they are 'collateral' and do not seek a change in the judgment but 'merely what is due because of the judgment.'"  *Id.* (citing *Bruce v. Bruce*, 587 So. 2d 898, 903 (Miss. 1991) (citing *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68, 99 L. Ed.2d 289, 293-94 (1988); *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451, 71 L. Ed.2d 325, 331 (1982))).

Kennedy's Continuing Personal Guaranty, and the Note she guaranteed, contain contractual provisions entitling HCB to recover all reasonable attorneys' fees and costs incurred in collecting or attempting to collect from Kennedy.  The Court has ruled in its Memorandum Opinion and Order dated March 14, 2013, and its Amended Final Judgment, that HCB is entitled to all attorneys' fees and costs incurred in collecting and attempting to collect from Kennedy.

For all of the foregoing reasons, HCB is entitled to an award against Kennedy for all attorneys' fees it has incurred since March 15, 2013.[39]  As set forth below, since March 15, 2013, HCB has incurred $975,636.41 in fees and $39,380.21 in costs in connection with its efforts to collect from Kennedy.

---

[39] The Court's Order granting HCB's Motion to Alter or Amend Judgment dated July 11, 2013, awarded HCB all pre-judgment fees and costs incurred up to and including March 14, 2013.  [Doc. 147].

**A.**     **Reasonableness of Post-Judgment Fees and Costs.**

In diversity cases, state law controls the award and reasonableness of fees where state law supplies the rule of decision.  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Thus, Mississippi law controls the reasonableness of the requested attorneys' fees.

To determine reasonableness, Mississippi courts use the "lodestar" method.  *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 520-22 (Miss. 2007).  First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.  *Id.* at 521-22.  The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case.  *Id.*  In making his assessment, the Mississippi Supreme Court has instructed that courts should look to the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct and the similar factors discussed in *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982).  *Id.* at 521.  These factors are nearly identical to those set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  *See Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 2012 U.S. Dist. LEXIS 62088, *14 (S.D. Miss. May 3, 2012).

The factors set forth in Rule 1.5(a) of the Mississippi Rules of Professional Conduct are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6)  the nature and length of the professional relationship with the client;

(7)  the experience, reputation and ability of the lawyer or lawyers performing the services; and

(8)  whether the fee is fixed or contingent.

Miss. R. Prof. Conduct 1.5(a).  The similar *McKee* factors are:

> The relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*McKee*, 418 So. 2d at 767.  In addition, Miss. Code Ann. § 9-1-41 gives additional guidance to courts in determining the reasonableness of attorneys' fees:

> In any action in which a court is authorized to award reasonable attorneys' fees, the court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation; provided however, a party may, in its discretion, place before the court other evidence as to the reasonableness of the amount of the award, and the court may consider such evidence in making the award.

Miss. Code Ann. § 9-1-41; *see also Miss. Power & Light Co. v. Cook*, 832 So. 2d 474, 486 (Miss. 2002).

**1.  Fees**

From March 15, 2013, through the filing of this motion, HCB has incurred attorneys' fees in the total amount of $975,636.41, in connection with: (i) the Motion to Alter or Amend Judgment filed on April 11, 2013; (ii) defending Kennedy's appeal to the Fifth Circuit; and (iii) its significant post-judgment discovery and collection efforts.

A detailed itemization of the fees by firm and attorney is attached hereto as **Exhibit "5."** In addition, the fees for the law firms Adams and Reese LLP and Clark, Partington, Hart, Larry,

Bond & Stackhouse, P.A. are further supported by the affidavits attached hereto as Exhibits 6 and 7.  *See* **Exhibit "6," Affidavit of Robin B. Cheatham (Adams and Reese LLP)**; **Exhibit "7," Affidavit of Douglas A. Bates (Clark, Partington, Hart, Larry, Bond & Stackhouse, P.A.).**[40]  With respect to the factors set forth in Miss. R. Prof. Conduct 1.5(a) and *McKee*, HCB makes reference to the affidavits of Robin B. Cheatham and Douglas A. Bates.  *See* Exs. 6 and 7.

### 2.  Costs

As with attorneys' fees, Mississippi law directs that the Court determine which expenses were reasonably incurred when taxing another litigant with those expenses.  *Penthouse Owners Assoc. v. Certain Underwriters at Lloyd's*, 2011 U.S. Dist. LEXIS 147331, *36 (S.D. Miss. Dec. 21, 2011) (citing *BellSouth Pers. Commc'ns, LLC v. Bd. of Supervisors of Hinds County, Miss.*, 912 So. 2d 436, 448 (Miss. 2005)).  "[A]ll reasonable expenses which would be billed to a fee-paying client should be allowed."  *Id.* at *37 (quoting *Miss. State Chapter Operation Push v. Mabus*, 788 F. Supp. 1406, 1423 (N.D. Miss. 1992)).

From March 15, 2013, through the filing of this Motion, HCB has incurred total costs in the amount of $39,380.21 in connection with this matter.  A detailed itemization of these costs by firm is included in Exhibit 5.

**CONCLUSION**

For the foregoing reasons, the Court should enter an award of post-judgment attorneys' fees and costs in favor of HCB against Lee F. McPherson f/k/a Lee F. Kennedy in the total amount of $1,015,016.62, plus interest to accrue from and after at the rate allowed by law.

RESPECTFULLY SUBMITTED, this the 15th day of March, 2019.

---

[40] Upon the Court's request, HCB will file redacted and/or unredacted invoices under seal for the Court's *in camera* review.

**HCB FINANCIAL CORP.**

By:    /s/ Robert Parrott
        *One of its attorneys*

OF COUNSEL:

Jason Michael Osborn (ASB4122A58O)[41]
OSBORN GROUP, LLC
61 St. Joseph St., Suite 1301
Mobile, Alabama 36602
Telephone: (251) 929-5050
Email: josborn@osborngroupllc.com

G. Robert Parrott II (MSB #103970)
ADAMS AND REESE, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone No. (504) 581-3234
Facsimile No. (504) 553-9776
robert.parrott@arlaw.com
*Counsel for HCB Financial Corp.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, and notification of such filing was sent via the ECF system or by some other means authorized by the Federal Rules of Civil Procedure to the following:

Jeffrey M. Williams (MBN 100410)
Sage E. Harless (MBN 102260)
Hubbard Mitchell Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, Mississippi 39157
Williams@hubbardmitchell.com
harless@hubbardmitchell.com
*Counsel for Lee F. Kennedy n/k/a Lee F. McPherson*

This the 15th day of March, 2019.

        /s/  Robert Parrott

---

[41] Admitted *pro hac vice.*