**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HCB FINANCIAL CORP.**                                                                **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 1:10CV559-HSO-JCG**

**LEE F. KENNEDY**                                                     **DEFENDANT**

**KENNEDY'S MEMORANDUM IN SUPPORT OF MOTION
TO CLARIFY OR RECONSIDER ORDER GRANTING HCB'S MOTION
FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

COMES NOW, Lee F. Kennedy n/k/a Lee McPherson ("Kennedy"), by and through counsel and files this Memorandum in Support of her Motion to Clarify or Reconsider Order Granting HCB's Motion for Leave to File Documents Under Seal [Text Only Order (Apr. 23, 2019) granting ECF #456], and would show unto the Court as follows:

Kennedy has been granted leave to file a surreply to HCB's Rebuttal Memorandum in support of its Motion for Post-Judgment Attorneys' Fees and Costs [ECF #449]. Kennedy requested leave for additional briefing based on HCB's newly disclosed invoices, and Kennedy's Texas counsel has offered to assist with reviewing the 559-page Exhibit as they are more familiar with the foreign litigation. However, this Court's April 23, 2019 Order states that "[t]he Clerk of Court shall file the partially redacted invoices of Exhibit 8 to Plaintiff's Reply [456] as restricted access *to case participants* and Court users only." (Emphasis added). Kennedy had not opposed sealing Exhibit 8, understanding that only the public would be prohibited from viewing the documents. Therefore, out of an abundance of caution, Kennedy respectfully requests that this Court clarify its April 23, 2019 order to state any of Kennedy's attorneys may view the partially redacted invoices. In the alternative, Kennedy asks that this Court reconsider HCB's Motion for leave to file redacted invoices under seal [ECF #459], and deny the Motion.

1

### 1. "Litigants' Counsel" includes Kennedy's Texas attorneys.

Local Rule 79(e)(3)(B) allows a party to request one of three specific characters of sealing: (1) "from any access by the public and the litigants' counsel"; (2) "from public access only, with CM/ECF access permitted to the litigants' counsel"; or (3) from public access in CM/ECF, but available for public viewing" in the Clerk's office. L.U.Civ.R. 79(e)(3)(B). "Litigants' counsel" is somewhat ambiguous as it could include *any* attorney for the litigant or only counsel of record in the matter in which the sealed documents are filed. Kennedy did not object to HCB filing partially redacted documents under seal, believing that "litigants' counsel" included any of her attorneys. HCB's Motion and accompanying Memorandum also used the phrase "litigants' counsel, but this Court's Order limits access to "case participants."

Counsel for HCB has informed the undersigned that HCB does not object to Kennedy's Texas counsel viewing the partially redacted exhibit to assist with preparing a surreply, but has requested certain conditions. Accordingly, Kennedy requests that this Court clarify its April 23, 2019 order to state that any of Kennedy's attorneys may view the partially redacted invoices.

### 2. In the alternative, HCB's Motion to Seal should be denied.

Should this Court decline to clarify its Order, Kennedy requests that the Court reconsider the Motion and deny the requested relief as the need for secrecy does not outweigh the public's right to access. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). The Memorandum in Support of HCB's Motion cited the attorney-client privilege as its reason for sealing the document from public view. [ECF #462]. Yet, the attorney-client privilege would also deny access to Kennedy's attorneys of record in the present matter. HCB has already redacted the privileged information, thus, there is no need to restrict public access.

## CONCLUSION

For the foregoing reasons, Kennedy respectfully prays that this Court will clarify its April 23, 2019 order to state that any of Kennedy's attorneys may view the partially redacted invoices, or, alternatively, that this Court reconsider HCB's Motion for leave to file redacted invoices under seal [ECF #459], and deny the Motion, granting HCB time to file unrestricted, redacted invoices or move to strike the invoices from the docket.

This the 1st day of May, 2019.

Respectfully Submitted,

By: */s/ Sage E. Harless*
SAGE E. HARLESS (MBN 102260)

OF COUNSEL:

JEFFREY M. WILLIAMS (MBN 100410)
SAGE E. HARLESS (MBN 102260)
Hubbard Mitchell Williams & Strain, PLLC
1062 Highland Colony Parkway, Suite 222
Ridgeland, MS 39157
P.O. Box 13309
Jackson, MS 39236
Telephone:  (601) 707-3440
Facsimile:  (601) 898-2726
williams@hubbardmitchell.com
harless@hubbardmitchell.com

## CERTIFICATE OF SERVICE

I, Sage E. Harless, as attorney for Lee Kennedy, do hereby certify that I have this day served a true and correct copy of the above and foregoing by ECF Procedures upon all counsel of record.

This the 1st day of May, 2019.

*/s/ Sage E. Harless*
SAGE E. HARLESS