IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HCB FINANCIAL CORP., et al.** § | | **PLAINTIFFS** |
| § | | |
| v. § | | Civil No. 1:10cv559-HSO-JCG |
| § | | |
| **LEE F. KENNEDY, et al.** § | | **DEFENDANTS** |

**ORDER DENYING DEFENDANT LEE F. KENNEDY'S MOTION [468] TO CLARIFY OR RECONSIDER THE COURT'S ORDER GRANTING PLAINTIFF HCB FINANCIAL CORP.'S MOTIONS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

BEFORE THE COURT is Defendant Lee F. Kennedy's Motion [468] to Clarify or Reconsider the Court's Order Granting Plaintiff HCB Financial Corp.'s Motions for Leave to File Documents Under Seal. After due consideration of the record, relevant legal authority, and Defendant Lee F. Kennedy's Motion [468], the Court is of the opinion that the Motion [468] should be denied.

On July 11, 2013, the Court entered an Amended Final Judgement [148] in this case against Defendant Lee F. Kennedy ("Kennedy") and in favor of Plaintiff HCB Financial Corp. ("HCB"). Since entry of the Court's Amended Final Judgment, HCB has engaged in efforts to collect upon the judgment. *See* ECF Docket, No. 1:10cv559-HSO-JCG. In January 2019, Kennedy sought leave to deposit into the registry of the Court an amount equal to the judgment plus interest. Mot. [425].

1

The Court granted her request to deposit funds and permitted HCB to seek attorneys' fees within thirty days of entry of its Order.  Order [442].

In connection with its Reply [456] in support of its Motion [449] for Attorney Fees and Costs, HCB filed Motions [457] [459] to Seal, asking this Court to permit it to file two versions of its attorneys' billing records—a redacted version restricted only to the litigants' counsel and an unredacted version under seal for only the Court's view.  The Court granted these Motions [457] [459], having found that HCB's request was supported by clear and compelling reasons and was narrowly tailored to serve those reasons.  Text Only Order, Apr. 23, 2019.  Subsequently, Defendant Kennedy requested that the Court grant her leave to File a Surreply to respond to HCB's newly produced attorneys' billing records.[1]  Kennedy then filed the instant Motion [468], in which she asks the Court to: (1) clarify its April 23, 2019, Text Order, which granted HCB's Motion [457] [459], to state that "any of Kennedy's attorneys may view the partially redacted invoices," or (2)  in the alternative, reconsider HCB's Motions [457] [459] to Seal.  Mot. [468]; Mem. in Support [469] at 1.

In support of Kennedy's first argument that the Court should permit any attorney Kennedy may employ to view the invoices, she cites Local Uniform Civil Rule 79.  Mem. in Support [469] at 2.  Local Rule 79 requires that parties who seek to file documents under seal request a specifically enumerated level of access.  L.U.

---

[1] Although HCB emailed the Court on May 2, 2019, stating that it opposed this Motion [468] and intended to file a response, the time for doing so has passed and HCB has not filed any such response.

2

Civ. R. 79(e)(3)(B). HCB sought to file, and the Court permitted her to file, the redacted billing records sealed "from public access only, with CM/ECF access permitted to the litigants' counsel." *Id.*; Mot. [458]. Kennedy argues that "litigants' counsel" must include "any counsel." Mem. in Support [459] at 2. She states that she is asking the Court to amend its Order to enable her "Texas counsel" to review the redacted billing records to assist in preparation of her surreply. Mot. [468] at 2. Having already filed a Surreply [470], the Court finds that this request is moot and should be denied as such.

Kennedy alternatively asks the Court to reconsider its Order granting leave to file the billing records under seal and argues that the Court should instead deny HCB's Motions [457] [459] to Seal. Mem. in Support [469] at 2. Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994); *see Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (finding that Rule 54(b) is applicable to interlocutory orders).

Kennedy summarily argues only that "the need for secrecy does not outweigh the public's right to access," and that at present, her attorneys of record are denied access to these documents. Mem. in Support [469] at 2 (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.3d 845, 849 (5th Cir. 1993)). First, Kennedy's attorneys of

record in this case do in fact have access to these records and have reviewed them in preparing her Surrpely [470].  Moreover, the Court is of the opinion that Kennedy's stated reason for seeking reconsideration of the Order is insufficient and lacks merit.  In light of the foregoing, Kennedy's Motion [468] for Reconsideration is not well taken and will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Lee F. Kennedy's Motion [468] to Clarify or Reconsider the Court's Order Granting Plaintiff HCB Financial Corp.'s Motions for Leave to File Documents Under Seal is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of May, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE