1  James A. Anton (144999)
   Law Office of James A. Anton
2  7700 Irvine Center Drive, Suite 800
   Irvine, CA 92618
3  949-753-2818

4  Attorney for Plaintiff & Intervenor, HCB Financial Corp.

5

6                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                           **COUNTY OF SANTA BARBARA**

8

9

10
    CANNDESCENT JV, L.L.C and MSLTD,          )   Case No. **18CV01128**
11  L.L.C,                                     )   (Assigned to Hon. Colleen K. Sterne)
                                               )
12                 Plaintiff,                  )   **COMPLAINT IN INTERVENTION:**
                                               )   **1. Violation of California Uniform**
13            v.                               )   **Fraudulent Transfer Act for Damages**
                                               )   **and Injunctive Relief**
14  FIORE MANAGEMENT L.L.C. dba                )   **2. Declaratory Relief**
    CANNDESCENT and ADRIEN Z. SEDLIN           )
15  and DOES 1 - 100                           )
                                               )
16            Defendants.                      )
                                               )
17  HCB FINANCIAL CORP.                        )
                                               )
18            Plaintiff & Intervenor,          )
                                               )
19            v.                               )
                                               )
20  LEE K. MCPHERSON, A/K/A LEE                )
    KENNEDY, A/K/A LEE F. KENNEDY, A/K/A       )
21  LEE KAREN FREYER, A/K/A LEE K.             )
    FREYER; CANNDESCENT JV, LLC;               )
22  MSLTD, L.L.C.; CHRISTOPHER BEARY;          )
    FIORE MANAGEMENT L.L.C. dba                )
23  CANNDESCENT and DOES 1 – 100.              )
                                               )
24            Defendants.                      )
                                               )
25                                             )
                                               )
26                                             )

27

28

EXHIBIT

**D**

COMES NOW Plaintiff & Intervener, HCB Financial Corp. (hereinafter, "Plaintiff" or "HCB") seeks to intervene in this action, and alleges against Lee K. McPherson, a/k/a Lee Kennedy, a/k/a Lee F. Kennedy, a/k/a Lee Karen Freyer, a/k/a Lee K. Freyer ("Kennedy"), an individual, and each of the other named Defendants and each of them as follows:

*Code of Civil Procedure Section 387(d)(2)* permits intervention "if the person has an interest in the matter in litigation." Intervenor HCB alleges in this complaint in intervention that Kennedy's and Canndescent JV's monetary investment in <u>Fiore Management, LLC a/k/a Canndescent ("Fiore"),</u> <u>which Fiore received</u> forming the basis of the complaint and cross-complaint in the pending action, <u>are truly assets subject to collection by HCB</u> pursuant to its amended judgment from the United States District Court in Mississippi. This falls squarely within the express language permitting intervention pursuant to *Code of Civil Procedure Section 387(d)(2)*.

*Code of Civil Procedure Section 387(d)(2)* further permits intervention "if the person has an interest ... in the success of either of the parties, or an interest against both." As stated in this complaint in Intervention, HCB also has an "interest against both" Plaintiff Canndescent JV and Defendant Fiore Management, LLC for fraudulent transfer. HCB sues Fiore for any money Fiore may owe to Canndescent JV or Kennedy, or other entities she controls. These also fall squarely within the express language permitting intervention under *Code of Civil Procedure Section 387(d)(2)*.

If intervention is not permitted, then Plaintiff Canndescent JV and Kennedy and/or Defendant Fiore can easily transfer these assets in violation of the Fraudulent Transfer Act.

1. Plaintiff HCB is, and at all times herein mentioned was, is in good standing as a corporation and whom has a judgment against Lee Kennedy in Mississippi Federal Court in excess of $2,000,000.00.

2. Kennedy owes Plaintiff HCB more than $2,000,000.00, exclusive of attorney's fees and costs, pursuant to the Amended Final Judgment (the "HCB Judgment" or the "Amended Final Judgment")

2

entered in *HCB Financial Corp. v. Mississippi Investors VI, LLC, et al.*, United States District Court for the Southern District of Mississippi, Case No. 1:10cv559 (the "*District Court Case*"), on July 11, 2013. A true and correct copy of the Amended Final Judgment in the *District Court Case* is attached to this Complaint as Exhibit 1. A basis of the Amended Final Judgment was a personal guarantee attached to this complaint in intervention as Exhibit 2.

3.  The HCB Judgment remains outstanding and unpaid because Kennedy, a highly sophisticated businessperson, has intentionally avoided payment of her lawful obligations to HCB.

4.  HCB is informed and believes and based thereon alleges that utilizing her business acumen and her extensive personal and professional connections, Kennedy has actively undermined HCB's collection efforts under the Amended Final Judgment.

5.  HCB is informed and believes and based thereon alleges that Kennedy and others associated with her have interfered with HCB's post-judgment discovery efforts, as well. Kennedy's discovery abuses have been so extensive that United States Magistrate Judge John Gargiulo *sua sponte* threatened Kennedy with incarceration if she failed to participate in HCB's post-judgment discovery efforts.

6.  HCB is informed and believes and based thereon alleges that the Kennedy through the assistance of third parties associated with her, including her various attorneys, devised a scheme to transfer Kennedy's assets and in fact assisted in transferring assets, which were rightfully owed to third parties such as HCB pursuant to the Amended Court Judgment in the *District Court Case*, to Kennedy's insiders and affiliates and to fund ownership in entities, to avoid collection efforts by her creditors, including HCB. In that way, Kennedy could continue to control her substantial wealth, collect hundreds of thousands of dollars of revenues annually, and preserve Kennedy's investment and equity cushion in her assets, to the detriment of HCB.

3

7.      HCB is informed and believes and based thereon alleges that Kennedy, through the assistance of third parties associated with her, including various attorneys, conspired, acted, and engaged in ongoing and systematic efforts to transfer Kennedy's assets with the actual intent to hinder, delay, and defraud her creditors, including HCB, in violation of the *California Uniform Fraudulent Transfer Act*.

8.      HCB is informed and believes and based thereon alleges that in the action before this court, *Canndescent JV. L.L.C v. Fiore Management, L.L.C, Santa Barbara Case Number 18CV01128*, Kennedy transferred her financial assets to Canndescent JV, LLC ("Canndescent JV") that in turn invested in Fiore as alleged in the Complaint and Cross-Complaint in the California legal action now pending before this court titled *Canndescent JV. L.L.C v. Fiore Management, L.L.C, Santa Barbara Case Number 18CV01128* (the "*California Action*").

9.      HCB is informed and believes and based thereon alleges that the money used by Kennedy to fund Canndescent JV, which in turn was invested in Fiore is an asset subject to collection by HCB in the *District Court Case* and is comprised of funds Kennedy has endeavored to hide from creditors, including HCB, and transfer to third parties, to the detriment of HCB.

10.     Plaintiff is informed and believes and based thereon alleges that defendants, including Canndescent JV; MSLTD, L.L.C. ("MSLTD"); W. Christopher Beary ("Beary") and Does 1 - 100 are either individual, corporate, partnership, limited liability company, or individual conducting business or are alter egos (excluding Fiore) of the other defendants or who are co-conspirators (excluding Fiore) of Kennedy or entities she controls within this state or other states and within this judicial district. Fiore was a victim in the transactions alleged herein.

11.     Plaintiff is informed and believes and based thereon alleges that Kennedy is an individual that utilizes various names and various legal entities to defraud creditors and to engage in fraudulent transfers in this judicial district, an example of which is the pending *California Action*.

4

1   12.   Plaintiff is informed and believes and based thereon alleges that the true names and capacities,

2 whether individual, corporate, co-conspirator (excluding Fiore), limited liability company,

3 partnership, associate, alter ego (excluding Fiore), attorneys, law firms, or otherwise of defendants

4 identified as Does 1-100, are unknown to Plaintiff who sues said defendants by such fictitious names.

5 Plaintiff will seek leave of court to amend this complaint to show the true names and capacities when

6 the same have been ascertained. Plaintiff believes that each fictitiously named defendant is indebted

7 to Plaintiff as alleged in this complaint, and that Plaintiff's rights against the fictitiously named

8 defendants arise from this indebtedness.

9   13.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned,

10 each of the defendants (excluding Fiore) were agents, servants, co-owners, co-conspirators,

11 shareholders, officers, partners, members, directors and/or employees, attorneys, law firms, and/or

12 alter egos of each of the defendants and each of them (excluding Fiore), and was acting at all times

13 within the course and scope of said agency, conspiracy, partnership, joint venture, alter-ego, service

14 and/or employment, and with knowledge and consent of the defendants, and each defendant is

15 responsible in some manner for the alleged conduct in each cause of action and for the damages

16 alleged herein below, with Fiore receiving the money as alleged above.

### 1st CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1 – 100 FOR FRAUDULENT TRANSFERS IN VIOLATION OF THE CALIFORNIA UNIFORM FRAUDULENT TRANSFER ACT

14.   Plaintiff realleges, repleads and incorporates by reference herein each and every allegation set

forth in paragraphs 1 through 13 above as though set forth in entirety herein.

15.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned,

Kennedy has invested in marijuana cultivation businesses in California.

5

16.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that in or about 2016, Kennedy through entities she controls and others associated with her, such as Canndescent JV and with the assistance of Beary and/or MSLTD, began investing in marijuana cultivation in violation of federal law.

### *Kennedy formed Canndescent JV to convert its liquid assets under her control into equity interests in a California limited liability company.*

17.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Canndescent JV is a Texas limited liability company. Brenda Adkinson and her law firm, Leighton, Michaux, Adkinson & Brown, PLLC, as Kennedy's Texas counsel, formed Canndescent JV on February 8, 2016, by the filing of a Certificate of Formation of Limited Liability Company with the Secretary of the State of Texas, Filing No. 802386681, Document No. 654655140002. According to Canndescent JV's Certificate of Formation, Kennedy is the manager and registered agent of Canndescent JV.

18.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that on or about February 8, 2016, the members of Canndescent JV entered into that certain Company Agreement of Canndescent JV, LLC. Kennedy signed Canndescent JV's Company Agreement on behalf of Rockcliff Holdings, L.P. and Lee Kennedy Investments, L.P., entities under Kennedy's exclusive control.

### *Kennedy invested more than $1,500,000.00 in Fiore's marijuana cultivation operation through entities she controlled by or affiliated with Kennedy.*

19.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Canndescent JV owned membership interests in Fiore.

20.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Fiore's "agribusiness professionals are dedicated to offering clients the highest quality consulting in the agriculture industry." Fiore describes its mission as "assisting small to medium companies in

California establish and operate controlled environment agriculture operations, typically running small to mid-size organic controlled environment farms." Moreover, Fiore "provide[s] services to optimize yield, productivity, labor costs and energy."

21. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Fiore exists to provide consulting services to Canndescent MBC, which grows recreational marijuana in Desert Hot Springs, California, for resale in more than 150 marijuana dispensaries in California.

22. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy through her controlled entities acquired her interests in Fiore between March 2016 and June 2017.

### In 2016, Canndescent JV invested more than $1,000,000 in Fiore.

23. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy executed Fiore's Limited Liability Company Agreement. Kennedy signed the Limited Liability Company Agreement on behalf of Canndescent JV, as its Manager, as of March 1, 2016.

24. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that during 2016, Kennedy through entities she controls invested $1,000,000.00 in Fiore, as follows:

7

| DATE | ACCOUNT | ACCOUNT NO. | AMOUNT |
|---|---|---|---|
| 03/02/2016 | LK FREYER INVESTMENTS, LLC | X0057 | $300,000.00 |
| 03/02/2016 | HIDDEN HOLLOW TOWNHOMES | 3145 | $100,000.00 |
| 03/02/2016 | FOUNTAIN SQUARE FWB HOLDINGS, LLC | 0082 | $200,000.00 |
| 03/10/2016 | LK FREYER INVESTMENTS, LLC | X0057 | $50,000.00 |
| 03/10/2016 | TRUST U/W/O BABETTE L. WIENER F/B/O LEE KAREN FREYER | X3592 | $350,000.00 |
| TOTAL | | | $1,000,000.00 |

25.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy, through entities she controls, including without limitation, Canndescent JV and with the assistance from Beary and MSLTD, invested other money in Fiore.

26.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that on or about March 6, 2018, Kennedy through entities she controls, sued Fiore in the *California Action*. In their Complaint in the *California Action*, Canndescent JV and MSLTD alleged that Fiore breached certain contractual terms (a) among Kennedy, Canndescent JV, and Fiore, and (b) among Beary, MSLTD, and Fiore. Moreover, and more importantly, in both the Complaint and the Amended Complaint in the *California Action*, Kennedy and Canndescent JV admitted that Kennedy "is the managing member of [Canndescent] JV."

27.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that in the underlying First Amended Complaint ("FAC") of the *California Action*, plaintiffs' Breach

8

of Contract cause of action against the Fiore is based on the alleged formation of contracts summarized in paragraph 15 of their FAC that contracts were formed for not only Preferred Shares in Fiore, but also Common Shares, in Fiore ("Contracts for Common Shares").

28.  Plaintiff is informed and believes, and on that basis alleges that at the time Fiore proposed that Kennedy and Beary could potentially serve as "special advisers," as described in the FAC at paragraph 10, which is incorporated by reference as though fully set forth herein, the full meaning of such roles was undefined and ambiguous, but at a minimum, contemplated and implied the need to be able to fully trust and place confidence in Kennedy and Beary, individually and as Managers and agents of their respective legal entities. Plaintiff is further informed and believes, and on that basis alleges that Fiore, believed and understood, that as "special advisers," Kennedy and Beary, individually and as agents of each of the legal entities they served as Managers, would become partners with Fiore, and as such, would put the Fiore's interest above Defendant's interests and refrain from using any knowledge, strategy, and/or expertise regarding the cannabis market and business obtained through their relationship with Fiore to pursue other business opportunities related to the cannabis market, but unrelated to the development and furtherance of Fiore.

29.  Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that, if the Contracts for Common Shares were, in fact, valid agreements, the role of "special advisers", which contemplated and created a thought partnership, effectively enlarged Defendants Kennedy's and Beary's duties to Fiore, taking them outside the role of an ordinary "Member" of Fiore, and necessarily created an individual relationship in their individual capacities, creating an individual confidential relationship and fiduciary duty in each of them, binding them to act with the utmost good faith and loyalty for the benefit of Fiore.

30.  Plaintiff is informed and believes, and on that basis alleges that the "special advisor" arrangement is a personal services contract and Kennedy's effort to obtain the additional shares in Fiore through Canndescent JV for her personal services is an effort to defraud creditors, including Plaintiff HCB.

9

31.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that, if the Contracts for Common Shares were, in fact, valid agreements, the role of "special advisers", which contemplated and created a thought partnership, effectively enlarged Defendant's duties to the company, taking them outside the role of an ordinary "Member" of Fiore, and necessarily created a confidential relationship and fiduciary duty in each of them, binding them to act with the utmost good faith and loyalty for the benefit of Fiore.

32.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that in addition to her misrepresentations regarding the ownership of Canndescent JV, Kennedy represented in her Supplemental Responses to discovery – again, under oath – that Canndescent JV owned only 1% of Fiore.

33.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy's representations regarding Canndescent JV's ownership in Fiore were false, and Kennedy knew they were false.

34.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Canndescent JV's 2016 Schedule K-1, reflects that as of December 31, 2016, Canndescent JV owned 6.9047% of Fiore's profit interests and 18.622% of Fiore's loss and capital interests, as shown in the following table:

| SHARE | BEG. YEAR | END YEAR |
|--------|-----------|----------|
| PROFIT | 0.0000% | 6.9047% |
| LOSS | 0.0000% | 18.622% |
| CAPITAL | 0.0000% | 18.622% |

35.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that furthermore, Canndescent JV's 2016 Schedule K-1 from Fiore reflected Canndescent JV's total investment in Fiore in 2016:

| | |
|---|---|
| **BEGINNING BALANCE** | **$0.** |
| **CAPITAL CONTRIBUTED DURING 2016** | **$1,000,000.** |
| **2016 INCREASE (DECREASE)** | **$(418,045.)** |
| **ENDING BALANCE** | **$581,955.** |

36.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Canndescent JV's beginning capital account in Fiore in 2016 was $0, but it contributed $1,000,000 during tax year 2016. Canndescent JV's ending capital account in 2016 was $581,955 or 18.622%.

37.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that as of December 31, 2017, Canndescent JV's interest in Fiore had decreased to 11.33%. because Fiore issued new membership interests.

38.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy through her alter ego entities that she controls such as Canndescent JV, transferred money to invest in Fiore as alleged in the complaint and cross-complaint in the *California Action* and that such money was the asset of Kennedy that she has used to hide her assets in other entities, such as Fiore, in violation of the *California Uniform Fraudulent Transfer Act*.

39.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that Kennedy through entities she controls and is associated with, such as Canndescent JV, made the transfers of money as noted above in violation of *California Uniform Fraudulent Transfer Act*, such as *Civil Code Section 3439.04*, including but not limited to with the actual intent to hinder, delay, or defraud Plaintiff as a judgment creditor of debtor Kennedy.

40. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, that the transfers of money referenced above arose after Kennedy's financial obligations owed to Plaintiff forming the basis of the HCB Judgment.

41. Unless Plaintiff is permitted to intervene in the *California Action*, Plaintiff will be impaired or impeded from the ability to protect its interest in the assets held by the parties in this *California Action*.

42. Plaintiff seeks damages in the amount of Canndescent JV's and Kennedy's investment in Fiore. Alternatively, Plaintiff requests a charging order be issued against Kennedy's and Canndescent's ownership interest in Fiore and/or exemplary damages against Kennedy' and entities she controls such as Canndescent JV for the willful and malicious conduct noted above, according to proof at the time of trial and for attorney's fees and costs pursuant to the attached Exhibit 2.

43. As alleged above, the HCB judgment against Kennedy is unsatisfied after extensive efforts to enforce the judgment against Kennedy and her assets. As alleged above, Kennedy was threatened with contempt of court for failing to fully cooperate in post judgment discovery. Moreover, as alleged in this complaint, Kennedy has engaged in conduct to interfere with the ability to collect the HCB Judgment through fraudulent transfers by her and entities she controls. Therefore, there is an inadequate remedy at law to collect upon the HCB Judgment. Granting injunctive relief will protect the assets of her ownership through Canndescent JV. If injunctive relief is not granted, irreparable harm will occur to HCB, that Kennedy through entities she controls will further transfer and dissipate the asset of her investment in Fiore through Canndescent JV.

44. The facts alleged in this complaint can be proven with documentary evidence, rendering that Plaintiff has a high likelihood of prevailing on the merits of proving fraudulent transfers by Kennedy and entities she controls.

45. Plaintiff avers that preliminary and permanent injunction should issue preventing the further transfer by Fiore of any money owed to Kennedy and/or Canndescent JV and that the same shall be held in trust, and not transferred to any third party.

## 2nd CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1 – 100 FOR

## DECLARATORY RELIEF

46.     Plaintiff realleges, repleads and incorporates by reference herein each and every allegation set forth in paragraphs 1 through 49 above as though set forth in entirety herein.

47.     A actual controversy exists as to who is the party lawfully entitled to the money Kennedy, through Canndescent JV, and other entities invested in Fiore as a result of fraudulent transfers of money by Kennedy through persons and entities she controls that was transferred to avoid creditor collection by HCB as alleged in detail above.

48.     HCB seeks declarations of the court as follows:

a.     For a declaration by the court that Kennedy's transfer of money through entities she controls that ultimately went to or through Canndescent JV to invest in Fiore is a fraudulent transfer in violation of the *California Uniform Fraudulent Transfer Act*;

b.     For a declaration by the court that Fiore shall pay to HCB all money owed to Kennedy and/or Canndescent JV;

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

First Cause of Action:

1.     That Fiore turn over of all money owed to Kennedy and/or Canndescent JV and/or MSLTD and that such money of Fiore be attached;

2.     For a charging order against Kennedy's and Canndescent JV's monetary interest in Fiore;

3.     For exemplary damages against Kennedy and entities she controls such as Canndescent JV according to proof at the time of trial;

4.     That an injunction be issued preventing the transfer by Fiore of any money owed to Kennedy or Canndescent JV;

5.     That an injunction be issued preventing the transfer or encumbrance by Kennedy and entities she controls such as Canndescent JV of any money received by Kennedy and/or Canndescent JV from Fiore;

6.     For attorney's fees pursuant to Exhibit 2 as to Kennedy and entities she controls;

13

Second Cause of Action:

1.    For a declaration by the court that Kennedy's and Canndescent JV's investment in Fiore is a fraudulent transfer in violation of the *California Uniform Fraudulent Transfer Act*;

2.    For a declaration by the court that Fiore shall turn over to HCB all money it owes to Kennedy or Canndescent JV;

3.    For a declaration by the court that Kennedy through any entity she controls or is associated with, including Canndescent JV, shall not transfer any money she is owed by Fiore;

4.    For attorney's fees pursuant to Exhibit 2 as to Kennedy and entities she controls;

All Causes of Action:

1.    For costs of suit;

2.    For such other relief as the court may deem just and proper.

DATED: ┣ 29 , 2019

                                        LAW OFFICE OF JAMES A. ANTON

                                        James A. Anton Attorney for HCB Financial Corp.

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HCB FINANCIAL CORP. | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv559HSO-JMR |
| | § | |
| LEE F. KENNEDY | § | DEFENDANT |

### AMENDED FINAL JUDGMENT

This matter came on to be heard on Plaintiff HCB Financial Corporation's
Motion [140] to Alter or Amend Judgment filed April 11, 2013, pursuant to FED. R.
CIV. P. 59(e). The Court, after a full review and consideration of HCB's Motion,
Kennedy's Response, the Reply, the pleadings on file, and relevant legal authorities,
finds that in accord with the Memorandum Opinion and Order entered herewith,
and the Court's Orders previously entered in this case,

IT IS, ORDERED AND ADJUDGED, that Judgment is rendered in favor
of Plaintiff, HCB Financial Corporation against Defendant Lee Kennedy, for the
sum of $2,019,495.82.

IT IS, FURTHER ORDERED AND ADJUDGED, that in accordance with
its Orders previously entered in this case, this civil action is DISMISSED.

SO ORDERED AND ADJUDGED, this the 11ᵗʰ day of July, 2013.

s/ Halil Suleyman Ozerden

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

**EXHIBIT 2**

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SECOND JUDICIAL DISTRICT

## CONTINUING PERSONAL GUARANTY

In consideration of and inducement to the secured party, Double A. Firewood, Inc., a Mississippi Corporation, hereinafter called "Beneficiary", to give, and continue to give, from time to time, as it sees fit, financial accommodations and credit and to lend money to Mississippi Investors, VI, LLC, a Mississippi Limited Liability Company, hereinafter called "Debtor", the undersigned Lee F. Kennedy, hereinafter called "Guarantor" unconditionally guarantees prompt payment to Beneficiary, as the same respectively mature, of all liabilities, direct and contingent, incurred to it, from time to time by Debtor, whether heretofore or hereafter incurred, and howsoever created, arising or evidenced, including but not limited to, all loans made, or which may be made by Beneficiary to Debtor, all monies paid for the use or for the account of Debtor, and all notes, acceptances, checks and other paper which have been or may be taken, discounted, or issued, for, or at the request of Debtor, whether made, drawn, accepted, endorsed with or without recourse, or not endorsed by Debtor, and all overdrafts of Debtor, and any and all other obligations, of every kind and character, now due, or which may hereafter become due, to Beneficiary from Debtor, regardless of whether other collateral is now held or hereafter acquired with respect thereto, and in the event of default in the payment of any such liability, or any part thereof, or of any and all renewals, changes in or extensions thereof as the same respectively mature, or on the making by Debtor or me of any assignments for the benefit of creditors, or on the filing of any voluntary or involuntary petition in bankruptcy by or against Debtor or me, or on the application for the appointment of a receiver of any of Debtor's or our property, or on any act of bankruptcy or state of insolvency of Debtor or me, all of such obligations and liabilities shall become and be immediately due and payable without demand or notice, and I hereby, jointly and severally, guarantee, promise and agree to promptly pay the same, including all interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in connection therewith, immediately upon written notice from the Beneficiary, and to fully indemnify and hold Beneficiary forever free and harmless from and against all loss, damage, costs, fees and expenses resulting by reason of any such liability of Debtor.

While this agreement shall not in any way limit the amount of such liability which Debtor may incur to Beneficiary, yet our liability, hereunder and therefor shall not at any one time exceed the sum of Seven Million Four Hundred Thirty-Eight Thousand Four Hundred and no/100 Dollars ($7,438,400.00) plus interest accrued and unpaid thereon, and all costs, fees and expenses, including reasonable attorney's fees, incurred by Beneficiary in collecting or attempting to collect from Debtor and/or hereunder.

Notice of any transactions or liabilities of Debtor with or to Beneficiary, whether heretofore, now, or hereafter contracted or incurred with Debtor, if any, and of all other things, demands or notices (except for notices of default) necessary to bind me hereunder, either jointly or severally, are hereby expressly waived. Without limiting the foregoing, notice of the making, renewing or extending of time of payment of any overdrafts, loans, discounts, or other paper or obligation,

and demand, presentment, protest and notice of protest and of non-payment thereof, and notice of acceptance hereof, are expressly waived.

This is a continuing agreement of guaranty and indemnity; Debtor may from time to time pay in full and discharge its liabilities or indebtedness to the Beneficiary, and Beneficiary may at any time after such payment or discharge in full make new and further loans, financial accommodations or credit, to the debtor in reliance upon this agreement, and this agreement shall cover and apply to all such future liabilities or indebtedness until the undersigned have withdrawn from or terminated this agreement by written notice to the Beneficiary as above provided.

The guaranty and indemnity herein made shall inure to the benefit of and be enforceable by any transferee or assignee of the indebtedness, or any part thereof due, or hereafter becoming due, whether heretofore or hereafter contracted, to Beneficiary by Debtor, as fully and completely as to such debt transferred and assigned, as if this agreement had been given directly to such assignee or transferee.

Beneficiary may at any time and from time to time (before or after any default by Debtor, or notice of withdrawal from this guaranty) without the consent of, or notice to, the undersigned, and without incurring responsibility to the undersigned, and without impairing or releasing the obligations of any of the undersigned or discharging any of the undersigned, upon any terms or conditions and in whole or in part:

(1) change the manner, place or terms of payment, and/or change or extend the time of payment of, renew or alter, any liability of Debtor or any liability incurred directly or indirectly in respect hereof, and this guaranty shall apply to the liabilities of Debtor as so changed, renewed or altered;

(2) sell, exchange, release, surrender, alter, renew, waive any default with respect thereto or otherwise deal with in any manner and in any order any property by whomsoever at any time pledged, assigned, conveyed or mortgaged to secure, or conveyed or howsoever securing, the liabilities hereby guaranteed or any liabilities (including any liabilities created hereunder) incurred directly or indirectly in respect thereof or hereof; and waive its right to set off in whole or in part;

(3) exercise or refrain from exercising any rights against the Debtor or others and irrespective of whether claim has been filed by Beneficiary against the estate, personal representative, trustee in Bankruptcy, or receiver of Debtor of the undersigned, or otherwise act or refrain from acting;

(4) settle or compromise any liability hereby guaranteed, any security therefor or any liability (including any of those hereunder) incurred directly or indirectly in respect thereof or hereof, and may subordinate the payment of all or any part thereof to the payment of any liability (whether due or not) of the Debtor to creditors of the Debtor other than the Beneficiary and the undersigned; and

(5) apply any sums available to Beneficiary by whomsoever paid or howsoever realized to any liability or liabilities of Debtor to Beneficiary regardless of what liability or liabilities of the Debtor remain unpaid, in such manner and in such amounts and at such times as Beneficiary may elect. Notwithstanding the foregoing all payments received shall be applied first to interest and then to principal.

(6) release in whole or in part, liens and deeds of trust on lands pledged as security by the Debtor without prior approval of Guarantor and without prior notice to Guarantor.

This is a guaranty of payment and not of collection (the intent of this instrument being to make each of the undersigned liable as if a maker of Debtor's obligation) and the undersigned further waives any right to require that any action be brought against the Debtor or any other person or the require that resort be had to any security or to any balance of any deposit account or credit on the books of the Beneficiary in favor of the Debtor of any other person. The undersigned hereby expressly binds himself unconditionally as original promisor and maker of Debtor's obligations and liabilities to the same extent and with the same effect as if he signed the instrument evidencing the same as original maker.

No delay on the part of the Beneficiary in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice to or demand on the undersigned shall be deemed to be a waiver of the obligation of the undersigned or of the right of the Beneficiary to take further action without notice or demand as provided herein; nor in any event shall any modification or waiver of the provisions of this guaranty by effective unless in writing nor shall such waiver be applicable except in the specific instance for which given.

The provisions hereof shall be binding not only on the undersigned individually but also jointly and severally with all other guarantors of the same debt with each Guarantor being fully liable for the entire indebtedness without limitation, and shall also be binding upon their respective heirs, executors, administrators, successors and assigns, all jointly and severally.

This Guaranty Agreement shall be construed according to the laws of the State of Mississippi.

Given under the hand of any undersigned individual on this the 20ᵗʰ day of September, 2006.

_____
Lee F. Kennedy

STATE OF __Texas__

COUNTY OF __Travis__

    PERSONALLY appeared before me, the undersigned authority in and for the said county and state, on this the _28th_ day of September, 2006 within my jurisdiction, the within named Lee F. Kennedy who acknowledged that he executed the above and foregoing instrument.



NOTARY PUBLIC

My Commission Expires:
__01|17|10__

AARON D. OKMAN
MY COMMISSION EXPIRES
January 17, 2010

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 7700 Irvine Center Drive, Suite 800, Irvine, CA 92618.

On Feb. __X__, 2019, I served the foregoing document described as **Complaint in Intervention** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Philip D. Dracht, Law Office of Philip Dracht, 15 West Carrillo Street, Santa Barbara, CA 93101 (805) 962 9495 (pdracht@drachtlaw.com)

Jeffrey L. Oakes, Beary & Oakes, L.L.C., 330 Carondelete Street, New Orleans, LA 70130 (504) 299-8724 (jlo@bearyinterests.com)

Jeffrey P. Walsworth, WFBM, LLP, One City Blvd. West, 5th Floor, Orange, CA 92868-3677 (714) 634-2522 (jwalsworth@wfbm.com)

____ **VIA MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Orange County, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the office of the above addressee(s) during normal business hours.

____ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to an overnight courier service for delivery to the addressee(s) shown.

____ **BY FACSIMILE TRANSMISSION:** I caused the above-referenced document(s) to be transmitted to the above-named person(s) at the above facsimile numbers.

__X__ **VIA ELECTRONIC MAIL:** The document was served electronically to the respective e-mail address(es) of the party(ies) as stated above and/or on the mailing list. *Pursuant to Feb 6, 2019 Order*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed Feb. __6__, 2019, at Orange County, California.

James A. Anton

15