```
 1  James A. Anton (144999)
    Law Office of James A. Anton
 2  7700 Irvine Center Drive, Suite 800
    Irvine, CA 92618
 3  949-753-2818

 4  Attorney for Intervenor, HCB Financial Corp.
```

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA BARBARA**

| | |
|---|---|
| CANNDESCENT JV, L.L.C. and MSLTD, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>FIORE MANAGEMENT, L.L.C. a/k/a CANNDESCENT, and ADRIAN SEDLIN DOES 1 – 100.<br><br>Defendants. | Case No. 18CV01128<br>(Assigned to Hon. Colleen K. Sterne)<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING INTERVENTION**<br><br>Date: March 18, 2019<br>Time: 9:30 am<br>Dept. 5<br><br>**[DECLARATION OF JOE DOBSON IN SUPPORT OF OPPOSITION FOR RECONSIDERATION; REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY HEREWITH]** |

**TO THE COURT:**

HCB Financial Corp. (hereinafter "HCB") respectfully opposes the Motion for Reconsideration of the court's February 6, 2019 order allowing HCB to intervene into the pending

**EXHIBIT F**

action to assert a complaint in intervention for fraudulent transfer that is set for hearing on March 18, 2019 as set forth more fully below.

The court on February 4, 2019 was presented with substantial evidence that McPherson had been for many many years hiding her assets in shell entities to avoid collection. The present investment forming the subject matter of the pending action is an investment by McPherson and entities she controls such as Candescent JV to interfere with HCB's judgment creditor collection efforts. Unless HCB was allowed to intervene in the pending action to assert a complaint for fraudulent transfer, it would have been prevented from collecting the money that McPherson owes to HCB that is the subject of the pending action. Counsel for Fiore also supported intervention.

**It was only after intervention was granted on February 4th, and the court order of February 6th that McPherson finally deposited with the Mississippi court over 2 million dollars to allow partial satisfaction of the long unsatisfied judgment. That evidence alone establishes that the court's decision to grant intervention was proper and still remains proper because the judgment is not fully satisfied when including interest, attorneys' fees and costs allowed by law and contract. HCB will be filing a motion to amend the judgment on or before March 15, 2019 to include accrued interest allowed by law along with accrued attorney's fees and costs.**

If intervention was not permitted on February 4, 2019, then Defendant Fiore Management, LLC could have easily transferred money under the settlement agreement Plaintiff Canndescent JV and McPherson, to the detriment of HCB who has been attempting for over 5 years, without success, to collect the judgment against McPherson. **The court on February 4th agreed with this analysis based upon the overwhelming evidence presented to the court and granted intervention and issued an order on February 6th granting intervention.** The complaint in intervention was filed with the court on February 6, 2019.

McPherson now seeks reconsideration based upon erroneous and false conclusions drawn from an order of the Mississippi court. If the motion for reconsideration is granted, which it should not, it will result in dismissal of HCB's complaint in intervention contrary to law because dismissal can only be sought pursuant to *Code of Civil Procedure Section 581*. The pending motion for reconsideration does not seek dismissal under *Code of Civil Procedure Section 581* because no facts could form the basis of dismissal under that section. Therefore, procedurally the motion for reconsideration must be denied.

The motion must also be denied on substantive grounds because the new alleged facts are portrayed falsely and a clear reading of the Mississippi Federal Court Order does not support reconsideration nor is it well based. Therefore the motion must be denied in whole.

1. **THE MOTION IS BASED ON FALSE STATEMENTS AND HALF TRUTHS**:

Reconsideration is sought based upon a Mississippi Federal Court order dated February 13, 2019 (hereinafter "Mississippi Federal Court Order"). Moving Party falsely portrays the Mississippi Federal Court Order (Exhibit A to Declaration of Philip Dracht in Support of Motion for Reconsideration), thereby attempting to mislead this court by omission, a grave and serious error.

**Mr. Dracht bases the motion for reconsideration upon the following false statements or half truths and he must be admonished for the following half truths and false statements in his motion for reconsideration:**

    a.    Page 2, Lines 16 – 18 of the Motion: "Therefore, since McPherson has paid the principal and interest of the HCB judgment and there is no allowed claim for attorney fees and costs, HCB has no claim against McPherson and there is therefore no legally cognizable basis for its intervention."

    b.    Page 6, Lines 1 – 3 of the Motion: "The deposit of funds into the registry of the United States District Court for the Southern District of Mississippi has satisfied the principal amount of HCB's

judgment and all accrued interest save a *de minimis* amount. At this time, given the lack of an application for attorney fees and costs, HCB's judgment has been satisfied."

    c.    <u>Page 6, Lines 9 – 13 of the Motion</u>: "HCB's intervention has also been mooted in a second way. HCB seeks to intervene in order to pursue a fraudulent transfer action against McPherson. Since the principal and interest of HCB's claim has been satisfied by McPherson's deposit, and since HCB's purported claim for attorney fees and costs has yet to be filed, at this time HCB is not a creditor of McPherson.

    d.    <u>Page 6, Lines 17 – 19 of the Motion</u>: "HCB's judgment claim against McPherson has now been satisfied, with the possible exception of a *de minimis* amount of interest. Since HCB's demand has been satisfied by the deposit of funds, there is no basis for HCB's intervention."

Page 1 of the Mississippi Federal Court Order states that the motion forming the basis of the Mississippi Federal Court Order "should be granted in part and denied without prejudice in part, allowing Kennedy (aka McPherson) to deposit the funds into the registry of the Court, **but denying any declaratory relief that the judgment in this case is satisfied.**" The Mississippi Federal Court Order allowed Kennedy to deposit money with the court to partially satisfy the HCB judgment <u>but denied her request to deem the HCB judgment fully satisfied</u>. **This language of the court makes each statement by Mr. Dracht as quoted above a false statements of fact to mislead this court**.

Page 1 of the Mississippi Federal Court Order further states that the court "will allow Plaintiff HCB Financial Corporation to file any motion to collect on post-judgment attorneys' fees or costs within 30 days of the date of entry of this order." This language means that HCB has until March 15, 2019 to file the motion for post judgment interest, attorney's fees and costs. <u>Based upon this language Mr. Dracht's statements above are false statements of fact to mislead the court</u>. The Mississippi Federal Court Order allows HCB to file a motion on or before March 15th for interest, attorneys' fees and costs that totals more than 1.9 million dollars. (See Declaration of Joe Dobson in Support of

Preliminary Injunction Filed on February 6, 2019, Page 2, Lines 5 – 11 that the court is asked to take Judicial Notice Pursuant to Evidence Code Section 452)

Mr. Dracht also falsely asserts at Page 6, Line 11 – 12 of the motion for reconsideration that "HCB is <u>not a creditor of McPherson</u>", another false statement of fact. The law of every state allows an unsatisfied judgment to accrue interest. In California a judgment accrues interest at the rate of 10% per annum. The United States Court's Website states as follows:

## 28 U.S.C. 1961 - Post Judgment Interest Rates: *Title 28. Judiciary and Judicial Procedure Part V--Procedure, Chapter 125--Pending Actions and Judgments, § 1961. Interest*

(a) <u>**Interest shall be allowed on any money judgment in a civil case recovered in a district court.**</u> Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, <u>**execution may be levied for interest on judgments recovered in the courts of the State**</u>. <u>**Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding**</u>. [FN1] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

(b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b) of title 31, and shall be compounded annually.

As a result of this code section, Mr. Dracht's statements noted above are false and made with intent to deceive the court. The Mississippi Federal Court Order attached as Exhibit A to Mr. Dracht's declaration in support of reconsideration also contradicts Mr. Dracht's false statements, as the court in Mississippi allowed HCB to file a motion for post judgment fees and costs within 30 days, on or before March 15, 2019. The uncollected judgment for more than 5 years has been accruing interest and is therefore not satisfied and McPherson's payment of $2,036,93.60 is not payment in full of all indebtedness under the HCB Judgment. Relying on Joe Dobson's statement in

his declaration to Support the Injunction filed with the court on February 6, 2019, Page 2, Lines 5 – 11 states that the total amount owed under the judgment, with accrued interest, attorneys' fees and costs as of February 6, 2019 is $3,911,654.23. His declaration on February 6, 2019 states as follows:

> "Even though the Amended Final Judgment has been in place since July 11, 2013, McPherson has never paid any money to HCB in satisfaction of the Amended Final Judgment. As of February 6, 2019, the current balance due in connection with the Amended Final Judgment is $3,911,654.23, including post-judgment interest, costs, attorneys' fees and expenses."

That means after crediting McPherson's payment of $2,036,293.60, <u>there remains unpaid as of February 6, 2019 the sum of 1,875,360.63 and that sum continues to increase each day with accrued interest, attorneys' fees and costs</u>. Therefore, the motion for reconsideration is based upon false statements of fact that the judgment has been satisfied, when it is not satisfied, and therefore the motion for reconsideration should be denied.

Joe Dobson's declaration opposing this motion for reconsideration filed concurrently with this opposition states as follows regarding the McPherson payment and the outstanding judgment at Paragraph 6 on Page 3, Lines 5 – 8:

> "As of the date of this Declaration, the amount deposited by McPherson on February 19, 2019, has not been disbursed to HCB. Therefore, as of February 19, 2019, the balance due in connection with the Amended Final Judgment was $3,920,835.61, including post-judgment interest, costs, attorneys' fees and expenses."

Joe Dobson's declaration opposing this motion for reconsideration filed concurrently with this opposition states as follows regarding the McPherson payment and the outstanding judgment at Paragraph 5 on Page 3, Lines 1 – 3:

> "Thus, the Amended Final Judgment has not been satisfied. According to the Deposit Order, HCB's motion for post-judgment attorneys' and costs is due on or before March 15, 2019. HCB will file such a motion before the due date."

**As a result, the judgment is unsatisfied by the payment of $2,036,293.60 and HCB will file its motion for post judgment attorney's fees, interest and costs before March 15, 2019.**

2. **THE ORIGINAL ORDER GRANTING INTERVENTION WAS PROPER:**

HCB sought leave of court to intervene in the pending action pursuant to *Code of Civil Procedure Section 387(d)(2)*. HCB has an interest in the subject "matter of the (pending) litigation and has an interest in the success of either party and interest against both Plaintiff Canndescent JV and Defendant Fiore Management, LLC as permitted by *Code of Civil Procedure Section 387(d)(2)*.

HCB has a judgment against Lee McPherson aka Lee Kennedy pursuant to judgment entered in the US District Court of Mississippi. (See Exhibit 1 to the Complaint in Intervention). The Judgment is not satisfied in full. **Moreover, as stated in the Declaration of Joe Dobson filed in opposition to this motion for reconsideration on Page 3, Paragraph 5, HCB will file a motion to amend the judgment on or before March 15th in the United States District Court to include all accrued interest on the judgment, all court costs and all attorney's fees allowed under contract and law**. As of February 5, 2019, The total amount of the judgment including accrued interest, costs and attorney's fees was over 3.9 million dollars as stated in the declaration of Mr. Dobson filed with the court on January 28, 2019. The court is asked to take Judicial Notice under *Evidence Code Section 452(d)* of the Declaration of Joe Dobson in Support of Injunction Filed on January 28, 2019. See Page 2, Lines 8 – 11 of that declaration.

As stated in the Motion for Intervention filed on January 28, 2019, McPherson has been hiding her assets in shell entities to avoid collection. The present investment forming the subject matter of the pending action is an investment to interfere with HCB's judgment creditor collection efforts. Unless HCB was allowed to intervene in the pending action to assert a complaint for fraudulent transfer in violation of the *Fraudulent Transfer Act*, it would have been prevented from collecting the money that McPherson owes to HCB that is the subject of the pending action. **Plaintiff Canndescent JV and Defendant Fiore Management, LLC reached a settlement, that would result in millions of dollars being transferred to McPherson and entities she controls. If money**

**was allowed to be transferred, then HCB would have been unable to obtain the money forming the subject matter of the pending action**. This fell squarely within the prevue of the express language permitting intervention pursuant to *Code of Civil Procedure Section 387(d)(2)*.

*Code of Civil Procedure Section 387(d)(2)* permits intervention "if the person has an interest in the matter in litigation." Intervenor HCB alleges in the complaint in intervention that the settlement money, is truly an asset subject to collection by HCB pursuant to its amended judgment from the United States District Court in Mississippi. This falls squarely within the express language permitting intervention pursuant to *Code of Civil Procedure Section 387(d)(2)*.

*Code of Civil Procedure Section 387(d)(2)* further permits intervention "if the person has an interest … in the success of either of the parties, or an interest against both." As stated in the complaint in intervention, HCB also has an "interest against both" Plaintiff Canndescent JV and Defendant Fiore Management, LLC for the money forming the basis of the settlement. HCB seeks recovery of the settlement money that is subject to collection by the HCB's Amended Judgment issued in the United States District Court in Mississippi. This also falls squarely within the express language permitting intervention under *Code of Civil Procedure Section 387(d)(2)*.

The new facts presented to the court do not change the propriety of the court's February 6th order granting intervention. Therefore, the motion for reconsideration should be denied.

3. **STATUTE OF LIMITATIONS IN TEXAS IS 10 YEARS FOR ALTER EGO FRAUDULENT TRANSFER:**

The moving papers falsely assert that the applicable Texas statute of limitations is 4 years, another false statement by the moving party. As stated in *In re Moore, 379 B.R. 284 (2007)*, the applicable statute of limitations on a claim for fraudulent transfer is 10 years. See highlighted on Page 10 and 11 of the attached case of *In re Moore*. (See Exhibit 1 to this Opposition) The complaint in intervention alleges alter ego liability as well as conspiracy to interfere with collection, all of which

act to go well beyond the 4 year asserted period, even if Texas law applies. For this reason and others, the assertion of statute of limitations should be rejected.

4.   **CONCLUSION**:

The motion for reconsideration is based upon false statements of fact and omission and falsely asserted arguments. Therefore it should be denied. Intervention must be maintained pursuant *Code of Civil Procedure Section 387(d)(2)*. HCB's judgment is not fully satisfied as there is almost 1.9 million dollars of unpaid interest, attorney's fees and costs. Moving Party's new facts are not new facts to support setting aside the order granting HCB intervention. Therefore, the motion for reconsideration must be denied.

DATED: 3-7, 2019

LAW OFFICE OF JAMES A. ANTON

James A. Anton, Attorney for HCB Financial Corp.

James A. Anton (144999)
Law Office of James A. Anton
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
949-753-2818

Attorney for Plaintiff & Intervenor, HCB Financial Corp.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA BARBARA

| | |
|---|---|
| CANNDESCENT JV, L.L.C and MSLTD, L.L.C, <br><br> Plaintiff, <br><br> v. <br><br> FIORE MANAGEMENT L.L.C. dba CANNDESCENT and ADRIEN Z SEDLIN and DOES 1 - 100 <br><br> Defendants. | Case No. 18CV01128 <br> (Assigned to Hon. Colleen K. Sterne) <br><br> **DECLARATION OF JOE DOBSON IN SUPPORT OF OPPOSITION TO MOTION FOR RECONSIDERATION** <br><br> Date: March 4, 2019 <br> Time: 9:30 am <br> Dept. 5 |

　　1.　　My name is Joe Dobson. I am over 18 years old and competent to make this declaration, which is based on my own personal knowledge.

　　2.　　I am the President of HCB Financial Corp. ("HCB"), an office I have held continuously since March 22, 2011. In my capacity as President of HCB, I am the custodian of records. I am familiar the records of HCB, including, without limitation, those records maintained by HCB relating to Ms. Lee McPherson, a/k/a Lee F. Kennedy, a/k/a Lee K. Freyer. The records or

1

**DECLARATION OF JOE DOBSON IN SUPPORT OF OPPOSITION TO MOTION TO RECONSIDER**

documents referenced in this Declaration are or were kept in the ordinary course of HCB's business, and making or storing such records, including, without limitation, documents produced in discovery and pleadings, papers, and orders filed or entered in cases in which HCB is party, is HCB's regular practice.

3. This declaration is made in support of HCB's Opposition to Motion for Reconsideration.

4. On March 14, 2013, HCB obtained a judgment against Ms. Lee K. McPherson, a/k/a Lee F. Kennedy ("McPherson") in the case styled *HCB Financial Corp. v. Mississippi Investors VI, LLC, et al.*, United States District Court for the Southern District of Mississippi, Case No. 1:10cv559 (the "District Court Case"). On July 11, 2013, HCB obtained an Amended Final Judgment against McPherson. True and correct copies of the Judgment and the Amended Final Judgment are attached to this Declaration as Exhibit A.

5. Even though the Amended Final Judgment had been in place since July 11, 2013, McPherson paid no money in partial or full satisfaction of the Amended Final Judgment until February 19, 2019, when she deposited $2,036,293.60 with the Clerk of the United States District Court for the Southern District of Mississippi. On February 13, 2019, the court in the District Court Case entered that certain Order Granting in Part and Denying Without Prejudice in part Defendant Lee F. Kennedy's Motion [425] for Leave to Deposit Funds with the Court and for an Order Declaring the Judgment Satisfied (the "Deposit Order"). A true and correct copy of the Deposit Order is attached to this Decalaration as Exhibit B. In the Deposit Order, the Court authorized McPherson to deposit $2,036,293.60, but the Court wrote, "The Court DENIES WITHOUT PREJUDICE Defendant Lee F. Kennedy's request for a determination that the judgment is satisfied, and will allow Plaintiff HCB Financial Corporation to file any motion for post-judgment attorneys' fees and costs within thirty (30) days of the date of entry of this Order." Thus, the Amended Final Judgment has not

2

**DECLARATION OF JOE DOBSON IN SUPPORT OF OPPOSITION TO MOTION TO RECONSIDER**

been satisfied. According to the Deposit Order, HCB's motion for post-judgment attorneys' and costs is due on or before March 15, 2019. HCB will file such a motion before the due date.

6. As of the date of this Declaration, the amount deposited by McPherson on February 19, 2019, has not been disbursed to HCB. Therefore, as of February 19, 2019, the balance due in connection with the Amended Final Judgment was $3,920,835.61, including post-judgment interest, costs, attorneys' fees and expenses.

7. Since entry of the Amended Final Judgment, HCB has conducted post-judgment discovery through McPherson and numerous other parties, including McPherson's business associates, family, and friends. HCB has subpoenaed banks including Wells Fargo, JP Morgan Chase, UBS AG, Citi Private Bank, Credit Suisse, Bank of America, Branch Banking and Trust Company, BBVA Compass, and others.

8. On July 22, 2013, HCB served on McPherson written discovery, including interrogatories, requests for production, and requests for admissions. On July 22, 2013, HCB also served on McPherson a Notice of Deposition.

9. Because McPherson failed to respond to HCB's written discovery, on November 27, 2013, HCB filed a motion to compel McPherson's post-judgment discovery responses in the District Court Case. The same day, McPherson served her first responses to HCB post-judgment discovery requests. McPherson's responses were incomplete and unsigned.

10. On December 6, 2013, HCB served on Kennedy a second Notice of Deposition seeking to depose McPherson on December 19, 2013. On December 19, 2013, HCB deposed McPherson.

11. On December 27, 2013, the court in the District Court Case entered an order requiring McPherson to provide complete responses to HCB's post-judgment discovery responses on or before January 31, 2014.

12. McPherson provided no additional responses until February 5, 2014. Again, McPherson's responses were incomplete and unsigned.

13. On April 17, 2014, HCB served on McPherson another Notice of Deposition seeking to take McPherson's testimony on May 1, 2014. HCB deposed McPherson on May 1, 2014.

14. From May 1, 2014, until July 20, 2015, HCB pursued post-judgment discovery through other parties associated with McPherson while continuing to seek proper discovery responses from McPherson. Then, on July 20, 2015, HCB filed a second Motion to Compel and for contempt against McPherson. On July 30, 2015, HCB amended its motion to compel and for contempt.

15. The District Court conducted a hearing on HCB's amended motion to compel and for contempt on March 11, 2016. The court ordered McPherson to respond to HCB's post-judgment discovery requests, as agreed between HCB and McPherson at the March 11, 2016, hearing.

16. On May 1, 2016, McPherson served Defendant's Supplemental Responses to Plaintiff's Interrogatories and Requests for Production (the "May 2016 Responses"). The May 2016 Responses are attached to this Declaration as Exhibit C.

17. With respect to Fiore Management, LLC, f/k/a Canndescent, LLC ("Fiore Management"), McPherson disclosed that an entity controlled by her, Canndescent JV, LLC ("Canndescent JV") owned 1% of Fiore. Ex. 2 at 8. McPherson disclosed in the May 2016 Responses that three other entities owned Canndescent JV. Those entities included the Trust U/W/O Babette L. Wiener (the "Babette Trust"); Rockcliff Holdings, LLC; and Lee Kennedy Investments, LLC. *Id.* at 8.

18. McPherson never disclosed to HCB the extent of her investment in Fiore Management. During HCB's post-judgment discovery efforts, HCB discovered that entities controlled by McPherson contributed $1,000,000.00 to Fiore Management in 2016. Those entities included LK Freyer Investments, LLC; Hidden Hollow Townhomes; Fountain Square FWB Holdings, LLC; and the Babette Trust.

19. In addition, through its post-judgment discovery efforts, HCB discovered that Canndescent JV actually owns nearly one fifth of the membership interests of Fiore Management, a fact never disclosed to HCB by McPherson, even though McPherson controls Canndescent JV.

20. According to the Schedule K-1 provided by Fiore Management to Canndescent JV for the 2016 tax year, Canndescent JV owned 18.622% of the membership interests of Fiore Management. A copy of Canndescent JV's 2016 Schedule K-1 from Fiore Management is attached to this Declaration as Exhibit D.

21. In addition, McPherson never disclosed to HCB her personal interests in Canndescent JV. Based on HCB's post-judgment discovery, HCB has learned that McPherson also owns 13,125 shares/units of membership interest in Fiore Management.

22. On March 6, 2018, Canndescent JV filed suit against Fiore Management in that certain civil action styled *Canndescent JV, LLC v. Fiore Management, LLC*, Superior Court of the State of California, County of Santa Barbara, Case No. 18CV01128 (the "California Case"). In the California Case, Canndescent JV admitted that McPherson is the managing member of Canndescent JV.

23. McPherson intentionally misrepresented not only her personal interest Canndescent JV, but also Canndescent JV's interest in Fiore Management in her efforts to avoid payment of the Amended Final Judgment. As a result, HCB has been unable to enforce the Amended Final Judgment with respect to McPherson's interests in Canndescent JV and/or Fiore Management.

24. On December 24, 2019, HCB filed that certain civil action styled *HCB Financial Corp. v. Lee K. McPherson*, United States District Court, Western District of Texas, Case No. 1:18-cv-01120-LY (the "RICO Case"), under the Racketeer Influence and Corrupt Organizations Act ("Civil RICO"), 18 U.S.C. §§ 1961-68. According to the Complaint in the RICO Case, McPherson has conspired with her family members, business associates, and even her lawyers, including one or more of her lawyers in the instant case, to defraud not only HCB, but also banks and others. I have

reviewed the Complaint in the RICO Case, and the allegations continued therein are true and correct to the best of my knowledge, information, and belief.

[SIGNATURE APPEARS ON FOLLOWING PAGE]

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 5, 2019.

*/s/ Joe Dobson*
JOE DOBSON

---
7
**DECLARATION OF JOE DOBSON IN SUPPORT OF OPPOSITION TO MOTION TO RECONSIDER**