IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HCB FINANCIAL CORP., et al. | § § § § § | PLAINTIFFS |
| v. | § § § § § | Civil No. 1:10cv559-HSO-JCG |
| LEE F. KENNEDY, et al. | § § § | DEFENDANTS |

**ORDER DENYING DEFENDANT LEE F. KENNEDY'S MOTION [475] TO ENJOIN STATE COURT PROCEEDINGS**

BEFORE THE COURT is Defendant Lee F. Kennedy's Motion [475] to Enjoin State Court Proceedings. After due consideration of the record, relevant legal authority, and Defendant Lee F. Kennedy's Motion [475], the Court is of the opinion that the Motion [425] should be denied.

I. FACTUAL BACKGROUND

Following lengthy efforts by Plaintiff HCB Financial Corp. ("HCB") to collect on the Amended Final Judgment [148] rendered in this case and after HCB filed a complaint in another federal court asserting claims against Defendant Lee F. Kennedy ("Kennedy" or "Defendant") arising from collection efforts, Defendant requested leave to deposit funds to satisfy the Judgment, which this Court granted. Mot. [425]; Order [442]. The Court denied Kennedy's request to declare the

1

judgment fully satisfied, and allowed HCB thirty days to file a motion to request and recover attorney fees and costs related to its post-judgment collection efforts. Order [442]. Accordingly, HCB has filed a Motion [449] for Attorney Fees and Costs, which is currently pending before the Court.

In allowing Kennedy to deposit the funds into the Court's Registry, it also found that HCB was "not entitled to use this case as a discovery vehicle for uncovering evidence to use against Kennedy in another case." Order [442]. At the time the Court entered its Order, Kennedy had previously filed a Motion [428] to Quash Subpoenas Duces Tecum. The Court granted that Motion [428], stating that: "Should [the Court] find that HCB is entitled to attorneys' fees and costs, and should Kennedy fail to timely pay any award of attorneys' fees and costs, then the issue of further discovery may be revisited." Order [452] at 2.

Kennedy now asks that this Court enjoin HCB from continuing its intervention in a case before the Santa Barbara County, California, Superior Court. Mot. [475]; Supporting Mem. [476]. Kennedy asserts that this Court directed HCB to "cease its collection efforts" and that HCB's continued intervention in the California case is designed to collect on the Amended Judgment such that it contravenes this Court's Order. Mem. in Support [476]. Kennedy takes the position that the Court must enjoin the California state court under the All Writs Act, 28 U.S.C. § 1651(a), in order "to protect its jurisdiction over the claims in this case" and to effectuate the Court's judgment. *Id.* at 2-8. HCB responds that Kennedy has failed to satisfy the substantial burden she must meet to justify the imposition

of an injunction.

## II. DISCUSSION

The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the Anti-Injunction Act provides that a court "may *not* grant an injunction to stay proceedings in a State court *except*," 28 U.S.C. § 2283 (emphasis added), "(1) when expressly authorized by federal statute; (2) when necessary to assert jurisdiction; and (3) when necessary to protect or effectuate a prior judgment by a federal court," *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009). The United States Supreme Court has cautioned that "any doubts concerning the propriety of an injunction against state proceedings should be resolved against the granting of injunctive relief." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 304 (1970).

Kennedy does not argue that this case falls under the first exception, but instead only asserts that an injunction is necessary to aid in this Court's jurisdiction and to protect or effectuate its Judgment. *See* Mem. in Support [476]. The exceptions provided by the Anti-Injunction Act are narrow, and the second exception only permits a federal court to "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co.*, 398 U.S. at 295. The last exception, allowing a federal court to enjoin a state court to protect or effectuate its judgments, should also be applied "strict[ly] and

narrow[ly]." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). Because "every benefit of the doubt goes toward the state court[, ]an injunction can issue only if preclusion is clear beyond peradventure." *Id.* at 307.

This Court lacks the authority to enjoin HCB in the California state court action on the basis of either exception. *See New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (providing circumstances when a court may protect or effectuate judgments by enjoining state court); *Texas v. United States*, 837 F.3d 184, 186, 186 n.4 (5th Cir. 1988). Further, the Court would otherwise decline to enjoin the state court action under the circumstances presented here.

After due consideration of the record, relevant legal authority, and Defendant Lee F. Kennedy's Motion [475], the Court is of the opinion that the Motion [475] should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Lee F. Kennedy's Motion [475] to Enjoin State Court Proceedings is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE