# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **HCB FINANCIAL CORPORATION** § | | **PLAINTIFF** |
| § | | |
| **v.** § | **Civil No. 1:10cv559-HSO-JCG** | |
| § | | |
| **LEE F. KENNEDY** § | | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF HCB FINANCIAL CORPORATION'S RENEWED MOTION [484] FOR ATTORNEYS' FEES

**BEFORE THE COURT** is Plaintiff HCB Financial Corporation's Renewed Motion [484] for Post-Judgment Attorneys' Fees and Costs. Having thoroughly considered the submissions, the record, and relevant legal authority, the Court is of the opinion that Plaintiff's Renewed Motion [484] for Post-Judgment Attorneys' Fees and Costs should be granted in part and denied in part. The Court will award Plaintiff a total of $890,023.34 in attorneys' fees and expenses.

## I. RELEVANT BACKGROUND

This case involves the nonpayment of a Promissory Note, personally guaranteed by Defendant Lee F. Kennedy ("Defendant" or "Kennedy"), which was ultimately assigned to Plaintiff HCB Financial Corporation ("Plaintiff" or "HCB"). On March 14, 2013, this Court granted HCB's Motion for Summary Judgment and

entered a Final Judgment [139] against Kennedy in favor of HCB.  Order [138].  The Court later entered an Amended Final Judgment [148] on July 11, 2013, in the amount of $2,019,495.82.  On June 4, 2014, the United States Court of Appeals for the Fifth Circuit affirmed this Court's Order [138] and the Amended Final Judgment [148].  USCA Op. [167].  Since the entry of the Amended Final Judgment, HCB has sought post-judgment discovery relating to, and has engaged in protracted efforts to collect upon, the judgment.  *See* ECF Docket, No. 1:10cv559-HSO-JCG.

For example, on July 22, 2013, HCB propounded post-judgment discovery requests to Kennedy.  *See* Disc. [149]; Disc. [150]; Disc. [151]; Disc. [152].  After Kennedy failed to respond, HCB moved to compel answers.  *See* Mot. to Compel [159]; Mot. to Compel & Contempt [191]; Am. Mot. to Compel [193].  On March 11, 2016, the Magistrate Judge ordered Kennedy to serve her answers to HCB's discovery requests no later than May 13, 2016.  *See* Order [250] at 11.  During the hearing held on HCB's Motion to Compel and for Contempt [193], the Magistrate Judge warned Kennedy's counsel that the Court might incarcerate Kennedy if she continued to disobey the Court's orders.  Tr. [299] at 57-59 ("[T]his Court has no problem whatsoever incarcerating your client.").  Nevertheless, HCB was forced to continue its post-judgment discovery in connection with its efforts to obtain information or documentation Kennedy failed to provide, serving more than seventy subpoenas to third parties located across a number of jurisdictions.  *See* Subpoena [169]; Subpoena [170]; Subpoena [171]; Subpoena [431], Subpoena [432].

Almost six years after the entry of the Amended Final Judgment [148], on January 25, 2019, Kennedy filed a Motion [425] for Leave to Deposit Funds with the Court and for an Order Declaring Judgment Satisfied, seeking leave to deposit $2,036,293.60 into the Court's registry and to have the Court declare that the judgment was satisfied.  *See* Mot. [425].  The Court granted the Motion [425] in part and permitted Kennedy to deposit the funds into the registry of the Court, but denied without prejudice Kennedy's request for a declaration that the judgment was satisfied.  Order [442] at 5.  The Court further allowed HCB to file a motion for recovery of any post-judgment attorneys' fees and expenses it had incurred as a result of its nearly six-year odyssey to collect the judgment from Kennedy.  *Id*. at 5.

On March 15, 2019, HCB filed its first Motion [449] seeking attorneys' fees and expenses.  The Court entered an Order [482] denying the Motion [449] without prejudice because the invoices supporting HCB's request did not clearly identify which fees were incurred in its collection efforts and which may have been incurred in other litigation with Kennedy, unrelated to its collection efforts.  Order [482] at 6.  The Court granted HCB thirty days to reassert its motion and submit invoices sufficiently detailed to permit the Court to determine which fees and expenses were reasonably incurred in HCB's collection efforts.  *Id.*

On May 26, 2020, HCB renewed its request for attorneys' fees and expenses in the amount of $925,525.16 in attorneys' fees and expenses of $30,973.88, for a total award of $956,499.04.[1]  Reply [507] at 14.  HCB asserts that this amount

---

[1] HCB had originally requested a total award amount of $965,864.34, Mot. [484] at 1, but later conceded that it had incorrectly included $9,365.30 of non-related expenses in this figure, Reply [507]

3

represents the reasonable fees and expenses it incurred in its attempt to collect the Amended Final Judgment [148] from Kennedy, and that the invoices it has supplied clearly support the request.  *Id.*  In support of its Motion [484], HCB has submitted affidavits and declarations from its attorneys, Ex. 1 [484-1]; Ex. 2 [484-2]; Ex. 3 [484-3]; Ex. 4 [491], and copies of their invoices, *see* Ex. 1-A [498-1] through Ex. 1-F [498-8] (filed restricted).  HCB's submission in support of its requested award amounts to over 700 pages of affidavits, invoices, and other materials.

In response to HCB's Motion [484], Kennedy contends that HCB is not entitled to post-judgment attorneys' fees and expenses and, even if it were, it has not carried its burden of demonstrating that the fees and expenses it incurred are related to this case, such that HCB's requested award should be reduced by at least seventy-five percent.  Resp. [501]; D. Mem. [502] at 2-5.

## II. DISCUSSION

A.  Legal standard

It is well-established that in a diversity case such as this one, state law governs the award of attorneys' fees and expenses.  *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487 (5th Cir. 1990); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (stating that "[s]tate law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision").  Mississippi law, applicable to this case, embraces the general rule that parties must bear their own attorneys' fees unless a statute or contract allows

---

at 14.

for recovery of attorneys' fees.  *Century 21 Deep S. Properties, Ltd. v. Corson*, 612 So. 2d 359, 375 (Miss. 1992).

In Mississippi, the fixing of reasonable attorneys' fees lies within the trial court's discretion.  *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 269 (Miss. 1999).  The Mississippi Supreme Court has adopted the United States Supreme Court's "lodestar" method for determining a reasonable amount of attorneys' fees.  *Webster v. Miss. Dep't of Wildlife, Fisheries and Parks*, 257 So. 3d 277, 284 n.8 (Miss. 2018) (citing *Mauck*, 741 So. 2d at 269).  Under the "lodestar" method:

> [t]he district court must determine the compensable hours from the attorneys' time records, including only hours reasonably spent. As a second step, the district court must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases. The number of compensable hours is then multiplied by the selected hourly rate to produce the "lodestar" amount.

*Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993).

This initial lodestar calculation should exclude "all time that is excessive, duplicative, or inadequately documented."  *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) (internal quotation marks omitted); *see Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission").  The resulting amount serves as an objective basis upon which to make an initial assessment of the value of a lawyer's services.  *Hensley*, 461 U.S. at 433.

In addition to utilizing the lodestar method, Mississippi courts refer to the eight factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct, *Webster*, 257 So. 3d at 284, which are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

*Collins v. Koppers, Inc.*, 59 So. 3d 582, 592-93 (Miss. 2011); *see also Mauck*, 741 So. 2d at 272 (factors warranting an enhancement of attorneys' fees "are almost identical to those set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct") (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  These factors are also known as the "*McKee* factors." *Collins*, 59 So. 3d at 593 n.9 (citing *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982)).

"An attorneys' fee award ruling should 'explain how each of the [*McKee*] factors affect its award' but 'need not be meticulously detailed to survive appellate review.'" *Gardner v. CLC of Pascagoula, LLC*, No. 1:15CV423-LG-RHW, 2020 WL 426490, at *1 (S.D. Miss. Jan. 27, 2020) (quoting *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008)).  The determination of fees "should not result in a second major litigation," and trial courts "need not, and

indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 839 (2011).

B.  Analysis

1.  Whether HCB is entitled to attorneys' fees and expenses

HCB asserts that it is entitled to attorneys' fees in the amount of $925,525.16 and expenses in the amount of $30,973.88, for a total award of $956,499.04. Reply [507] at 14. In Response [501], Kennedy argues that HCB is not entitled to the collection of post-judgment attorneys' fees and expenses because this case was a "simple" debt collection case. *See* Resp. [501]; D. Mem. [502] at 9. HCB counters that Kennedy's assertions are not justified and that it is entitled to attorneys' fees and expenses because "Kennedy, along with those assisting her, have made post-judgment discovery and collection incredibly difficult, time consuming, and expensive." Reply [507] at 2.

HCB's request for attorneys' fees and expenses is amply merited. The Promissory Note [93-9] entered by the parties provides that in the event a borrower fails to pay the amount owed, the borrower "agrees to pay [l]ender's reasonable attorneys' fees" and expenses. Promissory Note [93-9] at 2. In consideration for the loan, certain Guarantors, including Kennedy, signed personal unconditional guaranty agreements for all liabilities and obligations owed under the Note. *See* Ex. C - Continuing Personal Guaranty [10-3] at 1-18. The Continuing Personal Guaranty [10-3] stated, *inter alia*, that the debtor may be liable for "all costs, fees and expenses, including reasonable attorneys['] fees, incurred by [b]eneficiary

7

collecting or attempting to collect from the [d]ebtor[.]" *Id*. at 2.  The language in the Promissory Note [93-9] and Guaranty [10-3] is clear and unambiguous, and indicates that HCB may recover its attorneys' fees and expenses incurred in its collection efforts.  Because Kennedy personally guaranteed the Note [93-9], because both the Note [93-9] and the Guaranty [10-3] contain express provisions allowing for recovery of attorneys' fees and expenses incurred in collection efforts, and because Mississippi law provides for the recovery of attorneys' fees for claims under a written contract, HCB is entitled to recover its reasonable attorneys' fees and expenses incurred in its post-judgment collection efforts against Kennedy.

2.  <u>Whether HCB's request for attorneys' fees and expenses is reasonable under the lodestar calculation</u>

   a.  Attorneys' fees

In support of its Motion [484], HCB has submitted over 700 pages of invoices, spanning its laborious and protracted six-year post-judgment collection efforts, along with affidavits and declarations from its president and its attorneys.  These include submissions from Robin B. Cheatham of Adams and Reese, LLP, Ex. 2 [484-2], Douglas A. Bates of Clark, Partington, Hart, Larry, Bond & Stackhouse, P.A., Ex. 3 [484-3], and the Declarations of Joe Dobson as the President of HCB, Ex. 1 [484-1], and Jason Osborn of Osborn Group, LLC, Ex. 4 [491].[2]  The foregoing documents detail the respective levels of experience and expertise of HCB's counsel, the hours spent by each attorney, and the work performed during those hours.  *See*

---

[2] HCB seeks a total award of $925,525.16 in attorneys' fees and $30,973.88 in expenses related to this litigation.  They have not asked the Court to divide or allocate the recoverable fees amongst its attorneys.

*Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (noting that a reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there). The hourly rates charged by HCB's attorneys range from $125.00 to $514.20 per hour. Ex. 7 [484-6] at 1-2.

In calculating the lodestar, the Court has reviewed the affidavits, declarations, and other relevant attachments to HCB's Motion [484] and finds that the hourly rates charged by HCB's attorneys are reasonable in light of the customary rates in the relevant areas for similar services provided by attorneys with similar experience, reputation, and ability. *See, e.g., Jones v. Singing River Health Sys.*, No. 1:14CV447-LG-RHW, 2016 WL 3248449, at *4 (S.D. Miss. June 10, 2016) (approving an award equivalent to an hourly rate of $400); *Mosley v. Nordquist*, No. 3:13-CV-161-LG-JCG, 2016 WL 5794480, at *14 (S.D. Miss. Sept. 30, 2016) (upholding a rate of $425 for a partner, $275 for "of counsel," and $230 for an associate); *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *8-9 (S.D. Miss. Dec. 21, 2011) (upholding rate of $375 for a partner and $200 for an associate). Furthermore, Kennedy has not objected to the reasonableness of HCB's attorneys' hourly rates. *See Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (approving a requested hourly rate because the opposing party did not contest it).

Kennedy does argue in her Memorandum [502] in Support to her Response to the Motion that the number of hours expended by HCB's attorneys on this case "paint a picture not of efficiency and necessity, but a strategy of litigation

9

harassment intended instead to place pressure on Kennedy and her related entities to settle other litigations prosecuted by HCB across the country." D. Mem. [502] at 2. She further complains that the time spent by HCB's attorneys was unreasonable because HCB "actively litigated 4 other matters against Kennedy at the same time it pursued post-judgment discovery here," and that its lawyers billed hours "like they were camped out at an all-you-can-eat litigation buffet." *Id*. at 3. Kennedy's argument, however, ignores the record, which clearly reflects the lengthy, ongoing, and protracted litigation occasioned by Kennedy's own efforts to avoid satisfying the Amended Final Judgment [148]. Indeed, the record easily supports the conclusion that it was Kennedy who forced HCB to "camp out" over the course of six years in its post-judgment collection efforts.

With respect to the total number of hours expended, the Court finds that HCB has carried its burden of showing that the lion's share of hours were reasonable, and that they were reasonably related to HCB's laborious, lengthy, and multi-jurisdictional post-judgment collection efforts. However, HCB has not carried its burden as to some of the hours expended, and a reduction is necessary to the extent the record reflects that some of these hours do not appear reasonably related to HCB's post-judgment collection efforts.

For example, the invoices submitted by Adams & Reese reflect charges of $28,754.50 HCB accrued before the Court entered its Amended Final Judgment [148] on July 11, 2013—which could or should have been requested by HCB before the Court's entry of the Amended Final Judgment. *See* Ex. 1-A [498-1] at 12, 19, 26-

10

27. The Amended Final Judgment [148] awarded HCB the sum of $2,019,495.82, which included attorneys' fees and expenses the Court found HCB was entitled to recover as of that date. *Id.* The billing records detail tasks performed before the entry of the Amended Final Judgment [148], including drafting discovery requests, researching information about charging orders against Kennedy, and corresponding with counsel regarding a post-judgment debtor examination, *see* Ex. 1-A [498-1] at 6-27, but these tasks predate the Amended Final Judgment [148] and were not included in HCB's attorneys' fee request. As such, the Court finds that these fees should be excluded from HCB's total award of attorneys' fees. *See Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (noting that the remedy for failing to exercise billing judgment is to reduce the hours awarded). Accordingly, the Court will reduce the total award of attorneys' fees by $28,754.50.

In addition, HCB has submitted invoices for $71,008.90 in fees incurred after January 25, 2019, the date on which Kennedy filed her Motion [425] for Leave to Deposit Funds into the registry of the Court in order to pay the Amended Final Judgment [148]. *See* Mot. [425]. These invoices detail the amount of time expended by each lawyer, describe the particular tasks performed with the number of hours attributed to each task, and give the total daily hours worked and billed by each lawyer. *See* Ex. 1-A [498-1] through Ex. 1-F [498-8]. HCB asserts that this time was reasonably related to collecting on the Amended Final Judgment [148], including serving post-judgment discovery, conferring with counsel, and researching

11

and drafting a motion for preliminary injunction and for attorney fees.[3] After reviewing these invoices, the Court finds that although these charges post-date Kennedy's tender of the amount she owed under the Amended Final Judgment [148], the attorneys representing HCB exercised reasonable billing judgment with respect to roughly half of these hours, and that these hours were nevertheless reasonably related to its collection efforts. Given the extensive and lengthy nature of the collection process in this case, it would be unreasonable to assume that HCB could merely flip a switch and immediately shut off all of its various ongoing collection efforts the very day Kennedy decided to finally pay the judgment.

As stated, the Court finds that some of the fees incurred were not reasonable or necessary in light of the fact that, on January 25, 2019, Kennedy sought to deposit the entire amount of the judgment she owed with the Court. *See* Mot. [425]. For instance, these fees include drafting a motion to reconsider based on jurisdictional issues, filing a writ of garnishment, researching charging order issues, and drafting a motion to intervene in a separate RICO suit. Ex. B [505] at 147-79. Because the voluminous billing records submitted by HCB's attorneys for reimbursement include some hours which were unnecessarily incurred after

---

[3] Kennedy argues that the Court should exclude the hours HCB expended in subpoenaing third parties in its post-judgment collection efforts. D. Mem. [502] at 15. However, Rule 69(a)(2) of the Federal Rules of Civil Procedure provides, in part, that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see Federal Deposit Insurance Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (noting that "[t]he scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made"). The Court finds that HCB is entitled to claim related hours it expended subpoenaing third parties because this activity was reasonably related to its post-judgment collection efforts.

Kennedy sought to deposit the entire amount she owed, the Court will exercise its discretion to apply a percentage reduction. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (noting that "[t]he proper remedy for omitting evidence of billing judgment does not include a denial of fees but . . . a reduction of the award by a percentage intended to substitute for the exercise of billing judgment"); *see also Wiemer v. Rubino*, No. 1:16CV99-LG-RHW, 2019 WL 2461817, at *5 (S.D. Miss. June 12, 2019) (stating that "a court has the discretion to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous"). As such, the Court finds that a 50% reduction of the fees HCB's counsel billed after January 25, 2019, is the best approximation in this case. *See, e.g., Stockstill v. City of Picayune*, No. 1:16CV4-LG-RHW, 2017 WL 6327578, at *5 (S.D. Miss. Dec. 11, 2017) (utilizing a 50% reduction when counsel failed to demonstrate billing judgment); *Winborne v. Sunshine Health Care, Inc.*, No. CIV.A. 1:07CV157BD, 2009 WL 2900011, at *4 (N.D. Miss. Sept. 3, 2009) (imposing a 50% reduction when counsel failed to demonstrate billing judgment on unsuccessful state law claims). Using an appropriate 50% reduction, the Court will reduce HCB attorneys' fee award by an additional $35,504.45.

Accordingly, the Court will award HCB attorneys' fees, but will reduce the request for attorneys' fees by a total of $64,258.95, which is the sum of $28,754.50 and $35,504.45, which the Court finds were not necessary or reasonably expended.

*See Viverette v. Home Depot U.S.A., Inc.*, No. 2:05CV368 LG-JMR, 2008 WL 11344694, at *3 (S.D. Miss. May 6, 2008) (noting that "the court should exclude … hours that were not reasonably expended"). Given the time and effort reasonably expended by HCB in its post-judgment collection efforts, the Court finds that HCB's remaining attorneys' fees were reasonable and necessary. HCB's total attorneys' fees award amounts to $861,266.21.[4]

    b. Expenses

HCB seeks to recover $30,973.88 in expenses. Mot. [484] at 1. Mississippi law directs the Court to consider which expenses were reasonably incurred when taxing another litigant with those expenses. *BellSouth Pers. Commc'ns, LLC v. Bd. of Sup'rs of Hinds Cty.*, 912 So. 2d 436, 448 (Miss. 2005). The party seeking recovery of its expenses bears the burden of proving their amount and necessity. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *see also Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

With respect to its collection expenses, HCB has carried its burden of demonstrating that the vast majority of its expenses were reasonably related to its lengthy and extensive post-judgment collection efforts occasioned by Kennedy's conduct. Many of the expenses were for "subpoena fees," amounting to $6,776.84. Ex. 7 [484-6] at 3. HCB also seeks recovery of expenses incurred for its research, service of process, deposition fees, and filing fees for its motions to compel. *Id.* Having reviewed the expenses submitted by HCB, the Court finds that the vast

---

[4] The requested $925,525.16 in attorneys' fees reduced by $64,258.95 results in an award of attorneys' fee of $861,266.21.

majority of expenses were reasonably related and necessarily incurred, especially considering the nature and length of this litigation and Kennedy's continued failure to comply with HCB's discovery requests.  *See* Mot. to Compel [159]; Mot. to Compel & Contempt [191]; Am. Mot. to Compel [193].  HCB has not carried its burden, however, with respect to some of the expenses it has incurred, and the Court finds that a reduction is appropriate to the extent the records do not reflect that these particular expenses were reasonably related to HCB's post-judgment collection efforts.

The expenses HCB accrued before the Court entered its Amended Final Judgment [148] on July 11, 2013, were neither reasonable nor necessary to its post-judgment collection efforts.  HCB's attorneys seek reimbursement of expenses in the amount of $155.76 incurred before July 11, 2013.  Ex. 1-A [498-1] at 18, 22, 25.  These expenses detail items such as legal research, subpoena fees, and long-distance telephone calls.  *Id*.  Because these expenses predated the Court's entry of the Amended Final Judgment and should have been requested and included in the Amended Final Judgment, they should not be awarded as part of HCB's total expenses for its post-judgment collection efforts.  HCB's total expenses will be reduced by $155.76, lowering the award of expenses to the amount of $30,818.12.

The Court also finds that expenses incurred by HCB after January 25, 2019, were neither reasonable nor necessary, in light of the fact that Kennedy had then sought to deposit the entire amount of the judgment with the Court.  *See* Mot. [425].  HCB's expenses incurred after January 25, 2019, total $2,060.99.  *See* Ex. 1-A [498-

3] at 151; Ex. 1-D [498-6] at 47; Ex. 1-F [498-8] at 4-5, 8-9. Based upon the Court's review of the submissions, and because these expenses did not contribute in any directly demonstratable way to HCB's collection efforts, the Court finds that a reduction is warranted. HCB's expenses will be reduced by an additional $2,060.99, resulting in a total award of expenses in the amount of $28,757.13. As such, the Court concludes that HCB is entitled to recover $28,757.13 in expenses. Adding this amount to the $861,266.21 in attorneys' fees, the Court calculates the total lodestar figure to be $890,023.34.

3.   Application of the *McKee* factors.

After calculating the lodestar, the Court must next consider whether any adjustment should be made based upon the application of Mississippi Rule of Professional Conduct 1.5, also known as the *McKee* factors. *Collins*, 59 So. 3d at 592-93. The first factor, the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, was subsumed in the lodestar calculation, where the Court determined the number of hours reasonably spent by counsel on the case. The Court has also already considered the third factor, the fee customarily charged in the locality for similar legal services, and the seventh factor, the experience, reputation, and ability of the attorneys performing the services, when it determined the appropriate hourly rates. The Court finds that no adjustment is warranted based upon these factors.

The Court has considered the remaining *McKee* factors and concludes that none warrant a departure from the lodestar in this case. With respect to the second

factor, preclusion of other employment due to acceptance of the case, as well as the fifth factor, the time limitations imposed by the client or the circumstances, the Court notes that this matter involved a substantial time commitment that required the work of several law firms, spread across several jurisdictions, over the course of a six-year effort to collect the Amended Final Judgment [148] from Kennedy. However, these circumstances have been adequately accounted for in the lodestar calculation, and these factors do not warrant an adjustment to the fee.

Nor does the eighth factor, whether the fee is fixed or contingent, justify an adjustment. HCB does not allege that its attorneys' fees were on a contingent basis, but even if it did, the Mississippi Supreme Court has held that a contingent fee arrangement is not grounds for enhancing an award of attorneys' fees. *Mauck*, 741 So. 2d at 272.

The Court has also considered the fourth factor, the amount of damages involved and the results obtained, to determine whether the lodestar is excessive. *See Combs*, 829 F.3d at 394-95. As the Fifth Circuit has held, where a district court has awarded attorneys' fees that were eighty percent of the recovered amount of the judgment, "the fee [requested] is more than the traffic should bear." *Meeks v. State Farm Mutual Auto. Ins. Co.*, 460 F.2d 776, 780 (5th Cir. 1972). Though there is no requirement that an attorneys' fee award be proportional to the damages award, "the amount of damages awarded is one factor to be considered in setting the amount of attorney's fees." *Miller v. Western World Ins. Co.*, 818 F.2d 1227, 1235 (5th Cir. 1987).

HCB, as the prevailing party in this case, was awarded a total of $2,019,495.82 in damages. Amended Final J. [148]. The final lodestar figure of $890,023.34 represents approximately forty-four percent of the total award of damages. The Court finds that under the circumstances of this case, this amount reflects a reasonable fee relative to the results obtained. *See Multiplan, Inc. v. Holland*, No. 1:14cv315-LG-RHW, 2020 WL 1083154, at *3 (S.D. Miss. March 6, 2020) (reducing attorneys' fees award where it was "grossly disproportionate to the results obtained" by the prevailing party).

While the lodestar figure is somewhat less than one-half of the total award, the Court is of the opinion that Kennedy's actions in refusing to pay the judgment warrants a relatively high percentage fee award. Between July 2013 and January 2020, HCB was required to employ multiple law firms in different jurisdictions, and to pursue several suits outside of this district in order to collect the judgment. The lengths to which Kennedy has gone to avoid satisfying the judgment are perhaps best exemplified in the March 11, 2016, hearing held in this Court in connection with HCB's Motion to Compel and for Contempt against Kennedy, where the Magistrate Judge had to threaten to incarcerate Kennedy because "monetary sanctions would be insufficient to compel [Kennedy] to comply with the court order." Tr. [299] at 57.

Indeed, the record easily supports the conclusion that Kennedy devoted much of her effort to avoiding payment of the Court's Amended Final Judgment, and that it is due to her own conduct that HCB's attorneys' fees are so high. *See Meyer v.*

18

*Accredited Collection Agency Inc.*, No. 1:13CV444-LG-JCG, 2016 WL 3093968, at *2 n.1 (S.D. Miss. June 1, 2016) (noting that "[a]lthough the amount of attorney's fees exceeds the actual damages award, the fees are still reasonable considering that the attorneys were forced to expend considerable efforts to bring this matter to a conclusion").  Kennedy cannot now seek to avoid the consequences of her own behavior, and the Court finds that an award representing approximately forty-four percent of the total judgment is appropriate in this case.

The remaining factor, the nature and length of the professional relationship with the client, does not warrant adjustment of the lodestar.  Having considered all of the *McKee* factors, the Court concludes that the lodestar calculation has resulted in a fee award "that is reasonable in relation to the results obtained," and declines to make any further enhancement or reduction to the award of $890,023.34.

### III.  CONCLUSION

Based upon the foregoing, the Court will grant in part and deny in part Plaintiff HCB Financial Corporation's Renewed Motion [484] for Post-Judgment Attorneys' Fees and Costs, and Plaintiff will be awarded attorneys' fees and expenses in the total amount of $890,023.34.  To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff HCB Financial Corporation's Renewed Motion [484] for Post-Judgment Attorneys' Fees and Costs is **GRANTED IN PART AND DENIED IN PART**, and HCB is awarded the total sum of $890,023.34 in attorneys' fees and expenses.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE